1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION | Lead Case No. C08-387 MJP |
| This Document Relates to: | **OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT** |
| ALL ACTIONS | **[DD-02]** |
| | *Note for Motion:  March 30, 2009* |
| | **ORAL ARGUMENT REQUESTED** |

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................ 4

      A.    The Complaint .................................................................................... 4

      B.    The Outside Director Defendants ........................................................ 7

III.  PLAINTIFFS LACK STANDING TO BRING SECTION 11 CLAIMS
      AGAINST THE OUTSIDE DIRECTOR DEFENDANTS ................................. 9

IV.   PLAINTIFFS' SECTION 11 CLAIM AGAINST THE OUTSIDE DIRECTOR
      DEFENDANTS ARISING FROM THE OCTOBER 2007 AND DECEMBER
      2007 OFFERINGS SHOULD BE DISMISSED BECAUSE DEFENDANTS
      HAVE ESTABLISHED "NEGATIVE CAUSATION" ..................................... 9

V.    PLAINTIFFS' SECTION 11 CLAIM AGAINST THE OUTSIDE DIRECTOR
      DEFENDANTS SOUNDS IN FRAUD AND SHOULD BE DISMISSED FOR
      FAILURE TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS
      OF RULE 9(B)................................................................................................. 10

      A.    The Sounds-in-Fraud Doctrine ......................................................... 10

      B.    Plaintiffs' Section 11 Claim Sounds in Fraud ................................... 12

            1.    Alleged Fraud Relating to Deteriorating Risk Management and
                  High-Risk Loan Products......................................................... 13

            2.    Alleged Fraud Relating to Improper Appraisal Practices ........ 14

            3.    Alleged Fraud Relating to Deficient Underwriting Standards.............. 15

      C.    The Complaint Fails to Satisfy the Pleading Requirements of Rule 9(b) As
            to the Outside Director Defendants....................................................... 16

      D.    Plaintiffs Fail to Plead with Particularity Any Material False Statements or
            Omissions in the Offering Documents................................................. 20

VI.   PLAINTIFFS' CONTROL PERSON CLAIMS AGAINST THE OUTSIDE
      DIRECTOR DEFENDANTS SHOULD BE DISMISSED............................. 20

VII.  CONCLUSION.............................................................................................. 23

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] -i

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx),
    2008 WL 2676364 (C.D. Cal. July 1, 2008) ................................................................ 19, 21, 22

*Glazer Capital Mgmt. v. Magistri*, No. 06-16899,
    2008 WL 5003306 (9th Cir. Nov. 26, 2008) ........................................................................ 17

*Guenther v. Cooper Life Sciences, Inc.*, 759 F. Supp. 1437 (N.D. Cal. 1990) ............................... 9

*Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437 (M.D. Fla. 1998) ............................... 17

*Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971 (9th Cir. 1999) ................................. 21

*Howard v. Everex Sys., Inc.*, 228 F.3d 1057 (9th Cir. 2000) ....................................................... 21

*In re Anchor Gaming Sec. Litig.*, 33 F. Supp. 2d 889 (D. Nev. 1999) ................................... 11, 12

*In re Daou Sys., Inc.*, 411 F.3d 1006 (9th Cir. 2005) ............................................................. 11, 20

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) ...................................................... 17

*In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591 (9th Cir. 1995) .................................................. 18, 22

*In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217 (N.D. Cal. 1994) ....................................... 18, 22

*In re Metawave Commc'ns. Corp. Sec. Litig.*, 298 F. Supp. 2d 1056
    (W.D. Wash. 2003) ........................................................................................................... 23

*In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260 (E.D. Wash. 2007) .............................................. 23

*In re Nat. Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287 (S.D. Ohio 2007) ............................ 18

*In re Rospatch Sec. Litig.*, 760 F. Supp. 1239 (W.D. Mich. 1991) .............................................. 23

*In re Ross Sys. Sec. Litig.*, No. C-94-0017-DLJ, 1994 WL 583114
    (N.D. Cal. July 21, 1994) .................................................................................................. 19

*In re Stac Elec. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ..................................................... 10, 12

*In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096 (D. Nev. 1998) ................................... 12

*In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086  (N.D. Cal. 1994),
    *aff'd*, 95 F.3d 922 (9th Cir. 1996) ................................................................................. 18, 19

*Johnson v. Tellabs, Inc.*, 262 F. Supp. 2d 937 (N.D. Ill. 2003) ................................................... 23

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – ii

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES
### (continued)

*Kainos Labs, Inc. v. Beacon Diagnostics, Inc.*, No. C-97-4618 MHP,
   1998 WL 2016634 (N.D. Cal. Sept. 14, 1998) ............................................................ 18, 20, 22

*Lilley v. Charren*, 936 F. Supp. 708 (N.D. Cal. 1996)................................................... 23

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151 (9th Cir. 1996)....................... 21, 22

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) ........................................................ 11

*Stack v. Lobo*, 903 F. Supp. 1361 (N.D. Cal. 1995) .................................................... 19

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................................... 17

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................ 10, 11, 12, 16

*Wojtunik v. Kealy*, 394 F. Supp. 2d 1149 (D. Ariz. 2005) ............................................... 19

*Zurich Capital Markets Inc. v. Coglianese*, 332 F. Supp. 2d 1087
   (N.D. Ill. 2004) ...................................................................................................... 21

**Statutes**

11 U.S.C. § 362(a) ................................................................................................................ 2

15 U.S.C. § 77k ......................................................................................................... passim

15 U.S.C. § 77k(a) ........................................................................................................... 9, 10

15 U.S.C. § 77o ................................................................................................................. 20

15 U.S.C. § 78j(b) ............................................................................................................... 4

15 U.S.C. § 78t(a) ......................................................................................................... 20, 21

**Regulations and Rules**

17 C.F.R. § 240.10b-5 .......................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 20

Fed. R. Civ. P. 9(b) ................................................................................................... passim

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – iii

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

The outside directors of WaMu named as defendants in this action, Anne V. Farrell; Stephen E. Frank; Thomas C. Leppert; Charles M. Lillis; Phillip D. Matthews; Regina T. Montoya; Michael K. Murphy; Margaret Osmer McQuade; Mary E. Pugh; William G. Reed, Jr.; Orin C. Smith; James H. Stever; and Willis B. Wood, Jr. (collectively, the "Outside Director Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Consolidated Class Action Complaint (the "Complaint" or "Compl.").

## I.    INTRODUCTION

When this Court consolidated several pending and related securities fraud class action complaints into the above-captioned case on May 7, 2008 and appointed Ontario Teachers' Pension Plan Board as Lead Plaintiff, the pending securities fraud class action complaints named only Washington Mutual, Inc. ("WaMu" or the "Company") and certain of its officers as defendants and sought relief solely under the Securities Exchange Act of 1934 ("Exchange Act"). These securities fraud class action complaints neither asserted causes of action against the Outside Director Defendants nor alleged any violations of the Securities Act of 1933 ("Securities Act") by any defendant.  Similarly, the relevant Lead Plaintiff notices published under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and pursuant to which this Court selected Lead Plaintiff to prosecute this consolidated action did not reference any claims under the Securities Act or any claims against the Outside Director Defendants.

After this Court selected Lead Plaintiff to prosecute this consolidated class action, another purported WaMu shareholder, Brockton Contributory Retirement System ("Brockton"), filed a "placeholder complaint" which for the first time alleged causes of action under the Securities Act and claims against the Outside Director Defendants.  Even though Plaintiffs have not asserted and cannot assert any specific fraud claims against the Outside Director Defendants and lack standing to assert any Securities Act claims against any defendant, the Complaint charges the Outside Director Defendants as primary violators of the Securities Act and seeks to

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

hold them responsible as controlling persons for alleged primary violations of the Exchange Act and the Securities Act by now bankrupt defendant WaMu.[1]

The Complaint's nearly 400 pages contain no specific allegations of fraud by the Outside Director Defendants. Indeed, allegations regarding the Outside Director Defendants appear in only approximately 20 of the Complaint's 1,004 paragraphs, and most of those relate to identification of the Outside Director Defendants and a description of the board committees on which they served and the responsibilities of those committees. In an obvious attempt to capitalize on WaMu's demise by naming as many defendants as possible, Plaintiffs added the Outside Director Defendants to the Complaint simply and solely because of their status as directors, despite the fact that the Complaint contains no allegations of substantive involvement by the Outside Director Defendants in the alleged misconduct.

The Complaint names the Outside Director Defendants in the following claims: (1) violation of Section 11 of the Securities Act ("Section 11"), 15 U.S.C. § 77k, based on the assertion that because the Outside Director Defendants signed documents issued in connection with certain WaMu securities offerings, they are responsible for alleged material misstatements or omissions contained in those offering documents; (2) violation of the control person provision of the Securities Act because the Outside Director Defendants allegedly controlled now bankrupt defendant WaMu and are therefore responsible for WaMu's alleged primary violations of the Securities Act; and (3) violation of the control person provision of the Exchange Act because the Outside Director Defendants allegedly controlled now bankrupt defendant WaMu and are therefore responsible for WaMu's alleged securities fraud in violation of the Exchange Act.

Plaintiffs' newly minted claims against the Outside Director Defendants should be dismissed for several independent reasons.

---

[1] On September 26, 2008, WaMu commenced a voluntary bankruptcy case pursuant to chapter 11 of title 11 of the United States Code in the Bankruptcy Court for the District of Delaware. As a result, Plaintiffs' claims against WaMu are stayed pursuant to 11 U.S.C. § 362(a).

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

First, Plaintiffs lack standing to bring any claims under Section 11 because Plaintiffs did not purchase any securities registered in the offerings that form the basis for that claim and instead only purchased common stock of WaMu.  Further, Brockton, identified as a so-called "Additional Named Plaintiff" in the Complaint, was never appointed by this Court to serve as a lead plaintiff in this action and therefore has no standing to pursue any claims against the Outside Director Defendants.

Second, because the Complaint alleges a unified course of fraudulent conduct in support of both the Exchange Act claims and the Securities Act claims, the Securities Act claims must be evaluated under the heightened particularity requirements of Federal Rule of Civil Procedure ("Rule") 9(b) as they unquestionably sound in fraud.  The application of Rule 9(b) to the claims against the Outside Director Defendants necessarily means that the Section 11 claim fails.  Plaintiffs have not pled and cannot plead any fraudulent conduct on the part of the Outside Director Defendants.  Further, the Complaint fails to allege with the particularity required by Rule 9(b) that the relevant offering documents contain material misstatements or omissions that were false or misleading when made, and, as to the Outside Director Defendants, there are no particularized allegations whatsoever.

Third, Plaintiffs' control person claims require Plaintiffs to establish primary violations of the Exchange Act and the Securities Act by the allegedly controlled defendant WaMu.  However, because WaMu is bankrupt, Plaintiffs cannot pursue their primary claims against it, and presumably Plaintiffs have therefore walked away from their secondary control person claims against the Outside Director Defendants.  In any event, the Complaint fails adequately to allege a primary violation of either the Exchange Act or the Securities Act by any defendant.  Because Plaintiffs' control person claims against the Outside Director Defendants require that Plaintiffs successfully plead a primary violation by WaMu, the control person claims should be dismissed.  Further, caselaw supports the dismissal of Plaintiffs' control person claims given that the

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Complaint's only alleged basis for the Outside Director Defendants' control of WaMu is their service as directors and as members of certain Board committees.

Accordingly, all claims against the Outside Director Defendants in the Complaint should be dismissed pursuant to Rules 9(b) and 12(b)(6).

## II.     BACKGROUND

### A.     The Complaint

The Complaint is divided into two sections:  the first and larger section of the Complaint explicitly alleges a securities fraud claim pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, Compl. ¶¶ 59-814; the second section purports to allege non-fraud based claims against many of the same defendants under the Securities Act.  Compl. ¶¶ 815-1004.

Plaintiffs' Exchange Act claims broadly allege that certain of the individual WaMu officer defendants – but not the Outside Director Defendants – engaged in a "secret fraud" on behalf of WaMu to deceive investors by publicly misstating or otherwise failing to disclose WaMu's fraudulent appraisal practices, its improper lending practices, its deficient risk management practices and its inadequate loan loss provisions.  *E.g.*, Compl. ¶¶ 570, 771. Plaintiffs allege that certain of the individual WaMu officer defendants knowingly and deliberately issued false and misleading public statements throughout the Class Period (October 19, 2005 through July 13, 2008).  The alleged fraud is supported by purported information provided by 89 confidential witnesses.  Although the Complaint requires more than 800 paragraphs to describe this purported fraudulent scheme, it does not allege that the Outside Director Defendants participated in any of the alleged wrongdoing.  And not a single one of the 89 confidential witnesses purports to describe any direct contact with or alleged wrongdoing by the Outside Director Defendants.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 4

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

During the Class Period in which the supposed fraudulent public statements were issued, WaMu also sold certain securities. Plaintiffs' Securities Act claims broadly allege the existence of material misstatements or omissions in documents associated with four WaMu securities offerings during the Class Period: (1) an August 2006 offering of 5.5% Notes and Floating Rate Notes; (2) a September 2006 offering of depositary shares; (3) an October 2007 offering of 7.24% Notes; and (4) a December 2007 offering of 7.75% Notes (collectively, the "Offerings"). Compl. ¶ 817. Each of these four Offerings was conducted pursuant to a prospectus and "shelf" registration statement filed with the SEC on January 9, 2006, and each Offering also included a supplemental prospectus filed with the SEC (collectively, the "Offering Documents").

Prior to consolidation of the underlying securities actions, a number of individual plaintiffs filed purportedly similar class action complaints alleging only Exchange Act claims under Section 10(b) and Rule 10b-5. None of these complaints named any Outside Director Defendants and none contained any Securities Act claims. Six days after this Court selected Lead Plaintiff to represent a purported class of WaMu shareholders in a consolidated class action, and during the period provided by this Court to allow Lead Plaintiff to draft a consolidated amended complaint, Brockton filed its "placeholder complaint" alleging claims under the Securities Act arising from the same operative nucleus of alleged misconduct underlying the allegations in the multiple securities fraud complaints. Brockton's placeholder complaint was the only complaint to name the Outside Director Defendants. In the placeholder complaint, Brockton admitted that it did not have standing to challenge three of the four Offerings that formed the basis of its Securities Act claims because it had not purchased WaMu securities in those Offerings. *See Brockton Contributory Ret. Sys. v. Wash. Mutual, Inc.*, No. 08-CV-751 MJP, May 13, 2008 Complaint ("Brockton Compl.") ¶ 10.

The Complaint names Brockton as an "Additional Named Plaintiff," Compl. ¶ 14, and tacks onto the securities fraud claims Securities Act claims based on the allegations in Brockton's placeholder complaint. Compl. ¶¶ 815-1004. Plaintiffs do not allege that they purchased WaMu

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

securities in any of the Offerings underlying the Securities Act claims, Compl. ¶ 12, but nonetheless assert Securities Act claims against the Outside Director Defendants arising from those Offerings.  The alleged misstatements and omissions in the Offering Documents concern the identical subject matters upon which the Exchange Act claims are premised and are alleged to be false and misleading based on the same misconduct underlying the Exchange Act claims. Compl. ¶¶ 902-970.

In a classic example of the elevation of form over substance, the Complaint's Securities Act claims explicitly disclaim reliance on the broad allegations of fraud in support of the Exchange Act claims, *see*, *e.g.*, Compl. ¶¶ 971, 999, even though the subject matters of the alleged omissions and misrepresentations – and most of the words describing them – are almost identical.  The allegations supporting the Securities Act claims are simply abbreviated versions of the securities fraud allegations in the Exchange Act claims and are even organized in a parallel structure.  *Compare* Compl. ¶¶ 859-862 (section entitled "WaMu Curbs Risk Management Efforts in Furtherance of Increasing Loan Volume" alleged in support of Securities Act claims) *with* Compl. ¶¶ 65-125 (section entitled "WaMu Abandons Customary Lending and Business Practices in Favor of Much Riskier Loan Products and Company Policies" alleged in support of fraud-based Exchange Act claims); *compare* Compl. ¶¶ 863-876 (section entitled "The Company Caused Appraisal Values for its Loans to be Inflated" alleged in support of Securities Act claims) *with* Compl. ¶¶ 126-306 (section entitled "Defendants Secretly Corrupted WaMu's Appraisal Process" alleged in support of fraud-based Exchange Act claims); *compare* Compl. ¶¶ 877-885 (section entitled "WaMu Adopted Deficient Underwriting Standards" alleged in support of Securities Act claims) *with* Compl. ¶¶ 307-420 (section entitled "WaMu's Underwriting Standards Were Secretly Weakened at Defendants' Direction" alleged in support of fraud-based Exchange Act claims); *compare* Compl. ¶¶ 886-892 (section entitled "The Company's Financial Results Were Not Stated in Compliance with GAAP" alleged in support of Securities Act claims) *with* Compl. ¶¶ 421-481 (section entitled "WaMu's Financial Statements Violated GAAP and

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 6

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

SEC Regulations Prohibiting False and Misleading Public Filings" alleged in support of fraud-based Exchange Act claims).

Plaintiffs' simple wordsmithing game – such as substituting the word "deficient" for the words "secretly weakened at Defendants' direction" when identifying the same alleged undisclosed underwriting deficiencies – does not reflect any substantive difference in the Complaint's allegations and is instead a blatant and unpersuasive attempt to avoid the heightened pleading standards of Rule 9(b) in connection with the Complaint's Securities Act claims.

## B.    The Outside Director Defendants

Specific references to the Outside Director Defendants are notably absent from the Complaint's prolix allegations.  The Outside Director Defendants are barely mentioned in the Complaint's substantive allegations except in sections describing the parties.  Compl. ¶¶ 30-40, 825-837.  Excluding these identification sections, the Complaint's substantive allegations refer to the Outside Director Defendants just a handful of times, describing the committees on which they served and the few documents they signed.  Thus, the only allegations concerning the Outside Director Defendants are:  (1) as members of the Finance Committee of the Board of Directors, Compl. ¶¶ 441, 797-800, 806-811; (2) as members of the Audit Committee of the Board of Directors, Compl. ¶¶ 797-805; (3) as signatories of WaMu's 2005 Form 10-K, Compl. ¶¶ 578, 903; and (4) as signatories of WaMu's 2006 Form 10-K, Compl. ¶¶ 638, 930, 956.  There are no allegations concerning any participation by the Outside Director Defendants in the "secret fraud" giving rise to the purported disclosure violations.  Also absent from the Complaint are any allegations concerning the substance of meetings involving any of the Outside Director Defendants, specific materials that were presented to or reviewed by the Outside Director Defendants relating to any of the Complaint's allegations, specific statements attributed to any of the Outside Director Defendants, public statements by the Outside Director Defendants or any allegations of specific involvement in the day-to-day management or control of WaMu by any of the Outside Director Defendants.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Instead, the claims for relief against the Outside Director Defendants are premised solely on their group status as directors and, in some cases, on their membership on the Audit and/or Finance Committees of the Board of Directors.  Compl. ¶¶ 801-814.  The Outside Director Defendants are named in the Section 11 claim because "each signed the registration statement, which was then updated and incorporated into the Offering Documents, as a . . . director of WaMu within the meaning of Section 11 of the Securities Act."[2]  Comp. ¶ 978.  With respect to the alleged misrepresentations and omissions in the Offering Documents, the Complaint lacks any allegations – let alone particularized ones – concerning involvement by the Outside Director Defendants in the underlying conduct that forms the basis for those alleged disclosure violations.

The Outside Director Defendants are also alleged to be secondarily liable under the control person sections of the Exchange Act and the Securities Act, but, as with the claim for primary liability under the Securities Act, the Complaint contains no factual allegations to support those claims other than the Outside Director Defendants' status.  For example, in support of their control person claim under the Exchange Act, Plaintiffs allege in boilerplate language that "[b]y reason of their positions of control and authority as directors and Finance Committee members and/or Audit Committee members of WaMu, [the Outside Director Defendants] had the power and authority to cause WaMu to engage in the wrongful conduct complained of herein."  Compl. ¶ 797.  With respect to control person liability for underlying primary violations of Section 11 by WaMu, the Complaint alleges in a similarly summary fashion that the Outside Director Defendants "controlled the contents and dissemination of the Offering Documents."  Compl. ¶ 1003.

---

[2]  Defendant Montoya is not alleged to have signed the Offering Documents and is instead named as a defendant in the Section 11 claim because she "was a director of WaMu at the time of the filing of the Offering Documents."  Compl. ¶ 978.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 8

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

### III.    PLAINTIFFS LACK STANDING TO BRING SECTION 11 CLAIMS AGAINST THE OUTSIDE DIRECTOR DEFENDANTS

To have standing under Section 11, Plaintiffs must establish that they purchased WaMu shares either (1) directly in the public offering for which the misleading registration statement was filed or (2) traceable to that public offering.  15 U.S.C. § 77k(a); *Guenther v. Cooper Life Sciences, Inc*., 759 F. Supp. 1437, 1439 (N.D. Cal. 1990).  Plaintiffs allege only that they "purchased 5,484,937 shares of Washington Mutual Common Stock" during the Class Period. Compl. ¶ 12.  Plaintiffs fail to allege that they purchased any securities in the Offerings and do not trace any of their purchases to the Offerings.  For this reason, Plaintiffs lack standing to bring Section 11 claims against any defendants, including the Outside Director Defendants, and the Section 11 claim against the Outside Director Defendants should be dismissed.

Further, as set forth in the Underwriter Defendants' Motion to Dismiss, even if Plaintiffs have standing to pursue some Securities Act claims, they may not pursue such claims related to the August 2006, September 2006 and December 2007 Offerings because "Additional Named Plaintiff" Brockton – the only purported plaintiff alleged to have purchased WaMu securities in *any* of the Offerings – only purchased securities in the October 2007 Offering.  *See* Brockton Compl. ¶ 10.

The Section 11 claim against the Outside Director Defendants should also be dismissed because so-called "Additional Named Plaintiff" Brockton improperly bypassed the PSLRA notice provisions and therefore does not have standing to bring this claim on behalf of the prospective class.  These arguments are made in the Underwriter Defendants' Motion to Dismiss, and the Outside Director Defendants join these arguments in their entireties.

### IV.    PLAINTIFFS' SECTION 11 CLAIM AGAINST THE OUTSIDE DIRECTOR DEFENDANTS ARISING FROM THE OCTOBER 2007 AND DECEMBER 2007 OFFERINGS SHOULD BE DISMISSED BECAUSE DEFENDANTS HAVE ESTABLISHED "NEGATIVE CAUSATION"

As set forth in the Underwriter Defendants' Motion to Dismiss and in Defendant Deloitte & Touche LLP's Motion to Dismiss, Plaintiffs' Section 11 claim arising from the

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 9

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

October 2007 and December 2007 Offerings should be dismissed because the defendants have established "negative causation" as to those Offerings.  The Outside Director Defendants join these arguments in their entireties.

**V.    PLAINTIFFS' SECTION 11 CLAIM AGAINST THE OUTSIDE DIRECTOR DEFENDANTS SOUNDS IN FRAUD AND SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9(B)**

**A.    The Sounds-in-Fraud Doctrine**

Section 11 establishes liability for false or misleading statements and omissions contained within a registration statement.  15 U.S.C. § 77k(a).  It is well settled in the Ninth Circuit that where, as here, a plaintiff combines a Section 11 claim with a securities fraud claim under the Exchange Act and relies on a unified course of fraudulent conduct to support both claims, the Section 11 claim "sounds in fraud."  In such circumstances, the Section 11 claim must satisfy the heightened particularity requirements of Rule 9(b).  *See*, *e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

In *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1402-03 (9th Cir. 1996), the Ninth Circuit considered an appeal from a district court's decision applying Rule 9(b) to plaintiff's Securities Act claims that were alleged along with Exchange Act claims in the same complaint.  Plaintiff alleged that the company issued a registration statement and prospectus in connection with the company's initial public offering ("IPO") that failed to adequately disclose (1) the impending release of a competitive product by a third party, (2) that the company was engaged in sham negotiations to delay introduction of that competitive product until after the IPO, and (3) that company insiders had artificially inflated the company's stock price prior to the IPO.  *Id.*  The court concluded that, because the gravamen of the complaint (*i.e.*, the alleged nondisclosure of information and inflation of the stock price) was fraud, Rule 9(b)'s particularity requirements applied to the Securities Act claims even though fraud was not an element of those claims:  "We now clarify that the particularity requirements of Rule 9(b) apply to claims brought under Section 11 when, as here, they are grounded in fraud."  *Id.* at 1404-05.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

In *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1100 (9th Cir. 2003), plaintiff brought a class action lawsuit based on diversity jurisdiction alleging violations of the California Consumers Legal Remedies Act and California's unfair business practices laws. The Ninth Circuit upheld the district court's application of Rule 9(b) to plaintiff's claims even though fraud was not an essential element pursuant to the California statute underlying plaintiff's claims. *Id.* at 1103. The court concluded that where a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis for his claim, that claim is "grounded in fraud" and "the pleading of that claim *as a whole*" must satisfy the particularity requirements of Rule 9(b). *Id.* at 1103-04 (emphasis added).

The Ninth Circuit confirmed its standards for the sounds in fraud analysis in *In re Daou Systems, Inc.*, 411 F.3d 1006 (9th Cir. 2005). In *Daou*, the plaintiff alleged both Exchange Act and Securities Act claims in the same complaint. *Id.* at 1014. The court cited *In re Stac* and *Vess* and confirmed that, even though fraud was not an essential element of a Section 11 claim, a plaintiff may nonetheless subject himself to the particularity requirements of Rule 9(b) if his complaint sounds in fraud. *Id.* at 1027. *See also In re Anchor Gaming Sec. Litig.*, 33 F. Supp. 2d 889, 893 (D. Nev. 1999) ("By including allegations of fraudulent misconduct, Plaintiffs brought the burden of Rule 9(b) upon themselves.").

The policy considerations underlying Rule 9(b) apply as equally to Section 11 claims sounding in fraud as they do to claims alleging securities fraud under the Exchange Act. By its terms, Rule 9(b) applies to all "alleg[ations of] fraud or mistake." As such, Rule 9(b)'s particularity requirements are "not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). "Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) *in every case*." *Vess*, 317 F.3d at 1104 (emphasis added).

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Attempting to avoid scrutiny of their Securities Act claims under Rule 9(b), Plaintiffs explicitly disclaim any reliance on fraud allegations in those claims. *See*, *e.g.*, Compl. ¶¶ 815, 1000. However, in determining whether a complaint sounds in fraud, courts look carefully behind the form of the pleading to assess whether the gravamen of the complaint is in fact a unified course of fraudulent conduct. *See*, *e.g.*, *In re Stac*, 89 F.3d at 1405 n.2 (holding that plaintiff's "nominal efforts" to disclaim reliance on allegations of fraud are insufficient to avoid Rule 9(b) when the gravamen of the complaint is fraud); *In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1104 (D. Nev. 1998) ("Plaintiffs cannot avoid the more stringent requirements of Rule 9(b) by merely inserting boilerplate language into their Complaint stating that claims are based in negligence, not fraud."). Similarly, courts will disregard a complaint's artful attempts to avoid using terms or phrases typically associated with fraud in conducting the sounds in fraud analysis. *Vess*, 317 F.3d at 1108 (looking beyond the fact that the complaint nowhere used the term "fraud" to recognize that the complaint was based entirely on allegations of a fraudulent conspiracy and therefore must satisfy the pleading requirements of Rule 9(b)); *In re Anchor Gaming*, 33 F. Supp. 2d at 893 ("Notwithstanding the absence of express fraud allegations, the Complaint is rife with insinuations and suggestions that Defendants purposefully omitted and misstated material information, intending to benefit therefrom.").

## B.  Plaintiffs' Section 11 Claim Sounds in Fraud

Here, the Court should disregard Plaintiffs' superficial assertion that their Securities Act claims are not premised on fraud, as a review of the Complaint shows that the same claims of disclosure deficiencies in the Offering Documents are the core allegations of the purported securities fraud alleged in the Exchange Act portion of the Complaint and therefore must be the result of the alleged intentional actions on the same subjects, namely:  (1) WaMu's allegedly misstated risk management practices and undisclosed reliance on high-risk loan products; (2) WaMu's allegedly undisclosed and improper appraisal practices; and (3) WaMu's allegedly undisclosed "loosened" underwriting practices.  The Complaint alleges a unified course of

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 12

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*fraudulent* conduct in support of both the Securities Act and Exchange Act claims, and the Section 11 claim against the Outside Director Defendants must satisfy Rule 9(b)'s heightened particularity requirements.

### 1.    Alleged Fraud Relating to Deteriorating Risk Management and High-Risk Loan Products

In support of their Securities Act claims, Plaintiffs allege that the Offering Documents misrepresent or omit the fact that WaMu "removed controls against extremely risky lending practices," which allowed WaMu's management to misuse the Loan Performance Risk Model ("LPRM"), a key model used by WaMu to predict loan losses and establish WaMu's loan loss reserves. Compl. ¶¶ 859-860. Pursuant to a purported internal WaMu report cited in the Complaint, WaMu knew but failed to disclose that the LPRM did not appropriately analyze the risk of loss on WaMu's high-risk Option ARM loans and, pursuant to a statement attributed to a confidential witness, WaMu allegedly knew that the LPRM had not been calibrated to take into account WaMu's own historical loan performance. Compl. ¶¶ 861-862.

The securities fraud allegations describe the same abandonment of "fundamental concepts of underwriting and risk management" as part of an alleged fraud. *See* Compl. ¶¶ 65-125. For example, Plaintiffs allege that WaMu "secretly discontinued" and "purposefully pulled back" appropriate risk management practices in support of their securities fraud claims. Compl. ¶ 105. Indeed, the same internal WaMu report cited in support of the Securities Act claims is cited to support the securities fraud allegation that "WaMu and the Officer Defendants *knew or were reckless in disregarding* that WaMu's Loan Performance Risk Model (the 'LPRM') – the 'fundamental' model whereby the Company calculated the appropriate provision for the [loan loss reserves] – did not account for and did not accurately predict the financial impact of recognized material risk factors concerning WaMu's loan portfolio." Compl. ¶ 446 (emphasis added); *see also* Compl. ¶¶ 450-453. That the LPRM had not been calibrated to reflect actual loan performance is identified as one of the "defects that were *known to* WaMu and the Officer

Defendants…" in support of the securities fraud claims under the Exchange Act.  Compl. ¶ 463 (emphasis added).

Despite Plaintiffs' attempt to artfully plead in their Securities Act claims to avoid explicit reference to alleged intention, knowledge or reckless conduct, Plaintiffs' assertion that the Offering Documents misrepresent and omit information regarding alleged deteriorating risk management is based on the same fraud allegations that are the essence of the Complaint's Exchange Act claims.  *Compare* Compl. ¶ 859 (alleging that "the Company relegated its risk management personnel to a secondary 'support' role" in support of Securities Act claim) *with* Compl. ¶ 121 (alleging that "WaMu *deliberately* restructured the Company's risk management operations to function in more of a 'support role'" in support of Exchange Act claim) (emphasis added), *and* Compl. ¶ 103 ("WaMu and the Officer Defendants made an *equally deliberate choice* to shift the Company's risk management focus from being a 'regulatory burden' to a sales-supporting 'customer service' role.") (emphasis added).  Changing a few phrases and removing the word "deliberately" does not change the essence of this claim.  Plaintiffs' assertions of omissions and misrepresentations concerning risk management are plausible only as fraud claims and cannot reasonably be alleged against anyone as mere negligent misrepresentations or omissions.

### 2.    Alleged Fraud Relating to Improper Appraisal Practices

In support of the Securities Act claims, the Complaint alleges that the Offering Documents misrepresent or omit the financial impact of WaMu's improper inflation of appraisals of homes for which loans were granted.  Compl. ¶¶ 863-876.  These allegedly inflated appraisal values allowed WaMu to claim lower loan-to-value ratios for its home loans, thus creating the illusion that homeowners had greater equity in the loan collateral and that the risk to WaMu associated with the loans was lower.  Compl. ¶ 864.  As a result of these improper appraisal practices, allegedly confirmed by related claims made in a November 2007 complaint against other defendants filed by the New York Attorney General (the "NYAG Complaint"), Plaintiffs

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

allege that the material risk of loss for loans held in WaMu's portfolio was increased despite WaMu's failure to disclose this fact in its public financial statements.  Compl. ¶¶ 871, 876.

But in the Exchange Act claim, the same allegations regarding improper appraisal practices form the core of a fraudulent conspiracy theory.  Specifically, Plaintiffs allege that "WaMu under-reserved for loan losses, at least in part, based upon misstated collateral values resulting from its *publicly undisclosed, systematic appraisal manipulation*."  Compl. ¶ 131 (emphasis added).  The NYAG Complaint forms a significant part of Plaintiffs' allegations regarding allegedly *fraudulent* appraisal manipulation and is cited extensively as evidence that "Senior WaMu Management *Directed WaMu's Wrongful Appraisal Practices*."  Compl. at 93 (emphasis added).  The securities fraud claims are described as "secret policies and practices of *inappropriate appraisal manipulation [that] were deliberate, institutionalized, and widespread*."  Compl. ¶ 133 (emphasis added).

Despite Plaintiffs' removal of words like "systematic," "deliberate" and "manipulation" in its Securities Act allegations regarding appraisal practices, it is not plausible that there could be a secret fraud and related conspiracy to inflate appraisals but that the resulting disclosure violations on that topic in the Offering Documents could be the result of mere negligence.

### 3.    Alleged Fraud Relating to Deficient Underwriting Standards

Plaintiffs' Securities Act claims allege that the Offering Documents negligently misrepresented and/or omitted that WaMu employed deficient loan underwriting standards which increased WaMu's potential loan loss exposure.  Compl. ¶ 877.  In support of these Securities Act allegations, Plaintiffs claim that WaMu incentivized its personnel to close a higher volume of loans and offered increased bonuses for higher risk loans without any regard for the quality of the loans being originated.  Compl. ¶ 877.

But it does not make sense that allegedly defective disclosures concerning deficient underwriting practices could possibly result by accident or negligence.  Not surprisingly, in support of their securities fraud claims, Plaintiffs assert that the very same allegedly deficient

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 15

underwriting standards are the result of intentional misconduct in furtherance of a fraudulent scheme. Compl. ¶¶ 307-420. The Complaint alleges that "WaMu's Underwriting Standards Were Secretly Weakened *at Defendants' Direction*." Compl. at 107 (emphasis added). In an allegedly deliberate attempt to mislead investors concerning its underwriting standards, WaMu "*regularly and falsely reassured investors* of the strength of the Company's underwriting for Option ARM loans." Compl. ¶ 366 (emphasis added). The Exchange Act claims concerning WaMu's underwriting standards are replete with purported confidential witness statements describing an allegedly concerted effort by WaMu management to loosen underwriting standards in order to generate more loans and to conceal that practice from the investing public. Compl. ¶¶ 324-327, 330-363, 372-375, 380-417. Plaintiffs summarize their claims concerning deficient underwriting standards as follows: "[I]n contrast to WaMu's and the Officer Defendants' portrayal of WaMu's 'conservative' underwriting standards, . . . it is clear that *WaMu secretly caused its underwriting standards to deteriorate during the Class Period*." Compl. ¶ 420 (emphasis added).

As with the other subject matters, Plaintiffs' attempt to distinguish their claims regarding allegedly deficient underwriting standards between the Exchange Act section and the Securities Act section is nothing more than an empty symbolic gesture. The allegations relating to omissions and misrepresentations concerning deficient underwriting standards in the Securities Act claims are plausible only as fraud claims.

**C.     The Complaint Fails to Satisfy the Pleading Requirements of Rule 9(b) As to the Outside Director Defendants**

The Section 11 allegations in the Complaint plainly fail to satisfy Rule 9(b)'s particularity requirements as to the Outside Director Defendants. Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), a complaint must allege "the who, what, when, where and how of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted). A

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

plaintiff must also provide an "explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Importantly, Plaintiffs fail to allege anywhere in the Complaint that the Outside Director Defendants acted with scienter. Indeed, the Complaint divorces the Outside Director Defendants entirely from the alleged fraud. By specifically excluding any fraud theory against the Outside Director Defendants under the Exchange Act, Plaintiffs have conceded that they have not satisfied and cannot satisfy Rule 9(b)'s requirements as to these defendants.

Whether or not Plaintiffs concede the issue, the Section 11 claim against the Outside Director Defendants fails to satisfy the pleading requirements of Rule 9(b). The Section 11 claim alleges nothing about the Outside Director Defendants other than boilerplate statements about their status and position. The Section 11 claim fails to allege the who, what, when or where required by Rule 9(b) with respect to the Outside Director Defendants' involvement in alleged improprieties regarding the disclosure violations.

Plaintiffs' burden to satisfy Rule 9(b) as to the Outside Director Defendants is not relieved by attributing to the Outside Director Defendants the details supporting a fraud claim which may apply to other individual defendants or treating each of the thirteen individual Outside Director Defendants as a group for pleading purposes. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). In the context of allegations of fraud against multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme. *Id.* at 765. *See also Glazer Capital Mgmt. v. Magistri*, No. 06-16899, 2008 WL 5003306, at *6 (9th Cir. Nov. 26, 2008) (rejecting the premise that an Exchange Act plaintiff

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

may allege "collective scienter" against multiple defendants and instead requiring plaintiff to plead scienter as to each defendant individually).

The group pleading doctrine does not save Plaintiffs' deficient Section 11 claim against the Outside Director Defendants under Rule 9(b). The Ninth Circuit has permitted plaintiffs to utilize the group pleading doctrine, under certain limited circumstances, as a means of satisfying Rule 9(b)'s particularity requirements. *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995) ("*In re GlenFed II*"). Holding individual defendants responsible via "group pleading" (as alleged here by Plaintiffs) is permissible against outside directors only where a plaintiff can allege that "outside director[s] either participated in the day-to-day corporate activities, or had a special relationship with the corporation, such as participation in preparing or communicating group information at particular times." *Id.*; *see also Kainos Labs., Inc. v. Beacon Diagnostics, Inc.*, No. C-97-4618 MHP, 1998 WL 2016634, at *15 (N.D. Cal. Sept. 14, 1998) (dismissing outside directors where plaintiffs made only conclusory allegations regarding the involvement of outside directors in corporate decision-making); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1241 (N.D. Cal. 1994) ("Only defendants who are active in the day-to-day management and control of a company may be held liable under the group pleading presumption."). In seeking to avail themselves of the group pleading doctrine, Plaintiffs must also overcome the general presumption that, as outside directors, the Outside Director Defendants do not have day-to-day involvement in WaMu's affairs. *See*, *e.g.*, *In re Nat. Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287, 297-98 (S.D. Ohio 2007) ("Outside directors, by contrast, cannot be assumed to have assisted in preparing, reviewing, or approving offering materials."); *In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086, 1100 (N.D. Cal. 1994), *aff'd*, 95 F.3d 922 (9th Cir. 1996) ("By definition, outside directors do not participate in the corporation's day-to-day affairs.").

Here, Plaintiffs fail to allege that any of the Outside Director Defendants participated in any of the alleged intentional misconduct underlying the supposed fraud or that they were involved in WaMu's day-to-day management. A plaintiff does not satisfy Rule 9(b)'s

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 18

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

particularity requirements via group-pled information based merely on directors' signatures on documents that supposedly contain misstatements or omissions.  *See Wojtunik v. Kealy*, 394 F. Supp. 2d 1149, 1165 (D. Ariz. 2005); *Stack v. Lobo*, 903 F. Supp. 1361, 1376 (N.D. Cal. 1995) ("an outside director does not become liable for the contents of a group published document merely by signing it").  Courts have recognized that, where a plaintiff's Section 11 claim sounds in fraud and is subject to the particularity requirements of Rule 9(b), as here, allegations that individual defendants were directors of the company, members of the company's audit committee and signed the company's financial disclosures are insufficient to save the Section 11 claim from dismissal.  *Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 WL 2676364, at *19 (C.D. Cal. July 1, 2008).

Plaintiffs' allegations that the Outside Director Defendants participated in Board committees are also insufficient to satisfy the requirements for group pleading.  *See Stack*, 903 F. Supp. at 1376 (concluding that argument that directors were liable for group-published information because they were the sole members of company's audit committee is "unpersuasive"); *In re Syntex*, 855 F. Supp. at 1100 (concluding that allegations that an outside director chaired the corporate defendant's finance and trust revenue committees failed to establish the requisite involvement in the corporation's day-to-day affairs); *In re Ross Sys. Sec. Litig.*, No. C-94-0017-DLJ, 1994 WL 583114, at *6 (N.D. Cal. July 21, 1994) (rejecting allegations that outside directors served on various board committees and signed SEC filings as insufficient to permit group pleading).  Accordingly, the Complaint's Section 11 claim against the Outside Director Defendants should be dismissed because Plaintiffs have not pled and cannot plead the specific involvement of the Outside Director Defendants in the alleged intentional disclosure violations with the particularity required by Rule 9(b).

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 19

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**D.    Plaintiffs Fail to Plead with Particularity Any Material False Statements or Omissions in the Offering Documents**

In addition to the absence of required detail regarding the involvement of the Outside Director Defendants in the alleged disclosure violations, the Complaint also fails to allege with the particularity and detail required by Rule 9(b) the existence of material misstatements or omissions in the Offering Documents. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027 (9th Cir. 2005) (citations omitted). For the reasons set forth in the Underwriter Defendants' Motion to Dismiss, the Complaint fails to allege any misstatements or omissions actionable under the Securities Act in the Offering Documents with the particularity required by Rule 9(b). Accordingly, Plaintiffs' Section 11 claim against the Outside Director Defendants should be dismissed.

To the extent that this Court concludes that Plaintiffs' Section 11 claim does not sound in fraud and is not subject to the heightened pleading requirements of Rule 9(b), the Section 11 claim against the Outside Director Defendants should be dismissed for failure to satisfy the pleading requirements of Rule 8(a)(2) for the reasons set forth in Defendant Deloitte & Touche LLP's Motion to Dismiss, which the Outside Director Defendants join.

**VI.    PLAINTIFFS' CONTROL PERSON CLAIMS AGAINST THE OUTSIDE DIRECTOR DEFENDANTS SHOULD BE DISMISSED**

Plaintiffs' control person claims under Section 15 of the Securities Act, 15 U.S.C. § 77o, and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), attempt to hold the Outside Director Defendants liable as controlling persons of now bankrupt defendant WaMu for its alleged primary violations of Sections 11 and 12 of the Securities Act and Section 10(b) of the Exchange Act. Under Ninth Circuit law, the requirements for pleading control person liability under both Section 15 of the Securities Act and Section 20(a) of the Exchange Act are the same. *Kainos Labs., Inc.*, 1998 WL 2016634, at *14. In order to allege control person liability, a plaintiff must establish (1) a primary violation of the underlying federal securities law, and (2) that the

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

defendant exercised actual power or control over the primary violator.[3]  *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000).  Accordingly, here Plaintiffs must allege a primary violation of the relevant statute by the allegedly controlled entity – WaMu.  *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151, 1161 (9th Cir. 1996); *Batwin*, 2008 WL 2676364, *24.

Although the Outside Director Defendants are alleged to be controlling persons of WaMu, all claims against WaMu are stayed as a result of the bankruptcy, and WaMu will not defend the primary charges against it.  At a minimum, the Court should dismiss the Complaint and require that Plaintiffs replead without naming WaMu as a defendant, which would require that Plaintiffs similarly replead (and likely eliminate) their control person allegations against the Outside Director Defendants.

The remaining defendants who are alleged to be primary violators of the Exchange Act are former WaMu CEO Kerry Killinger and certain of the other WaMu officer defendants.  Compl. ¶¶ 768-781.  As a corporate entity, WaMu is capable of acting only through its agents, *Zurich Capital Markets Inc. v. Coglianese*, 332 F. Supp. 2d 1087, 1106 (N.D. Ill. 2004), and the only agents specifically alleged to have made misstatements on behalf of WaMu are its officers.  Accordingly, for the reasons set forth in support of the respective motions to dismiss on behalf of defendant Killinger and the other WaMu officer defendants, Plaintiffs' Section 10(b) claim fails as to all of these defendants.  In the absence of a sufficient claim for primary Section 10(b) liability against WaMu, Plaintiffs' claims for secondary liability against the Outside Director Defendants based upon that underlying violation also fail.  *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999) (affirming summary judgment rejecting Section

---

[3]  Alleged control persons are entitled to an affirmative defense where they "acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action." 15 U.S.C. § 78t(a).  Given the Complaint's complete lack of allegations that the Outside Director Defendants acted in bad faith or induced the alleged primary violations, either directly or indirectly, the Court can find on the face of this Complaint that the Outside Directors have satisfied this affirmative defense.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 21

20(a) claims because named defendants were not found to be primarily liable under another section of the Exchange Act).

Similarly, Plaintiffs have failed to state a claim for relief under the Securities Act for the reasons set forth *supra* and in the Underwriter Defendants' Motion to Dismiss. Therefore, WaMu could not be primarily liable and, in the absence of an actionable primary violation of the Securities Act by WaMu, the Outside Director Defendants cannot be held liable as controlling persons with respect to the alleged violation of the Securities Act.

Even if Plaintiffs have sufficiently pled primary violations of the relevant statutes, the control person claims should nevertheless be dismissed. Although Plaintiffs need not allege the Outside Director Defendants' culpable participation in order to state a control person claim, *Paracor Fin., Inc.*, 96 F.3d at 1161, here Plaintiffs have asserted nothing but boilerplate allegations of responsibility based on status and position, which is inadequate. For example, the Complaint alleges that the Outside Director Defendants are liable as control persons of WaMu because "[b]y reason of their positions of control and authority as directors and Finance Committee members and/or Audit Committee members, these Defendants had the power and authority to cause WaMu to engage in the wrongful conduct complained of herein." Compl. ¶ 797. *See also* Compl. ¶¶ 1001, 1003. Some courts have held that the outside directors' status alone is inadequate to establish control person liability. These cases provide that there must be additional allegations demonstrating that the controlling persons had actual power or control over the corporate entity. *See In re GlenFed II*, 60 F.3d at 593; *Batwin*, 2008 WL 2676364, at *25 (allegations that defendants are "directors, who served on the Audit Committee, and who signed [the company's] SEC filings . . . do not offer any indication that these defendants were involved in the day-to-day affairs of [the company], and therefore, they do not present a basis for control liability against these defendants"); *In re Gupta*, 900 F. Supp. at 1243 (status as outside directors, standing alone, is insufficient to establish control person liability); *Kainos Labs., Inc.*, 1998 WL 2016634, at *16 (dismissing control person claims against outside directors where plaintiff failed

to allege with particularity each director's involvement in corporate decision making and the allegedly wrongful acts); *Lilley v. Charren*, 936 F. Supp. 708, 717 (N.D. Cal. 1996) (dismissing control person claims against outside directors where "all of plaintiffs' allegations regarding controlling person status are conclusory assertions based on defendants' positions in the company"); *Johnson v. Tellabs, Inc.*, 262 F. Supp. 2d 937, 958-959 (N.D. Ill. 2003) (allegations that outside director "had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations" are insufficient to allege a Section 20(a) claim); *In re Rospatch Sec. Litig.*, 760 F. Supp. 1239, 1264 (W.D. Mich. 1991) (allegations that outside directors served on board committees and signed certain documents insufficient). *But see In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1297 (E.D. Wash. 2007) ("[P]ersuasive authority indicates that audit committee members, including outside directors, who sign SEC filings qualify as control persons."); *In re Metawave Commc'ns. Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1087 (W.D. Wash. 2003) ("At the motion to dismiss stage, general allegations concerning an individual defendant's title and responsibilities are sufficient to establish control."). Given the Complaint's scant and purely position-based assertions as the basis for the Outside Director Defendants' control here, the control person claims should be dismissed.

## VII.    CONCLUSION

For the reasons set forth above, the Outside Director Defendants respectfully request that Plaintiffs' Claims against them be dismissed.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2    DATED:  December 8, 2008                    **PERKINS COIE** LLP
3
4
5                                                By: _s/Ronald L. Berenstain_
6                                                    Ronald L. Berenstain, WSBA #7573
7                                                    David F. Taylor, WSBA #25689
8                                                    Sean C. Knowles, WSBA #39893
9                                                    Hilary E. Hoover, WSBA #34920
10                                                   1201 Third Avenue Suite 4800
11                                                   Seattle, WA 98101-3099
12                                                   Phone:    (206) 359-8000
13                                                   Fax:      (206) 359-9000
14                                                   Emails:   rberenstain@perkinscoie.com
15                                                             dftaylor@perkinscoie.com
16                                                             sknowles@perkinscoie.com
17                                                             hhoover@perkinscoie.com
18
19
20
21                                               *Attorneys for Defendants Anne V. Farrell,*
22                                               *Stephen E. Frank, Thomas C. Leppert, Charles*
23                                               *M. Lillis, Phillip D. Matthews, Regina T.*
24                                               *Montoya, Michael K. Murphy, Margaret Osmer*
25                                               *McQuade, Mary E. Pugh, William G. Reed, Jr.,*
26                                               *Orin C. Smith, James H. Stever, and Willis B.*
27                                               *Wood, Jr.*
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

email addresses indicated on the Court's Electronic Mail Notice List, and I hereby certify that I

have mailed the foregoing document via United States first class mail, postage prepaid, to the

non-CM/ECF participants indicated on the Court's Manual Notice List.

DATED at Seattle, Washington, this 8th day of December, 2008.


*s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
David F. Taylor, WSBA #25689
Sean C. Knowles, WSBA #39893
Hilary E. Hoover, WSBA #34920
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA, 98101
Phone:          (206) 359-8000
Fax:             (206) 359-9000
Emails:        rberenstain@perkinscoie.com
                   dftaylor@perkinscoie.com
                   sknowles@perkinscoie.com
                   hhoover@perkinscoie.com


*Attorneys for Defendants Anne V. Farrell, Stephen*
*E. Frank, Thomas C. Leppert, Charles M. Lillis,*
*Phillip D. Matthews, Regina T. Montoya, Michael*
*K. Murphy, Margaret Osmer McQuade, Mary E.*
*Pugh, William G. Reed, Jr., Orin C. Smith, James*
*H. Stever, and Willis B. Wood, Jr.*


OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-02] – 25