THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP<br><br>Lead Case No. C08-387 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | **REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**[DD-03]**<br><br>*Note for Motion: March 30, 2009*<br><br>**ORAL ARGUMENT REQUESTED** |

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  PLAINTIFFS' SECTION 11 CLAIM SOUNDS IN FRAUD AND MUST SATISFY THE PARTICULARITY REQUIREMENTS OF RULE 9(b) ........................ 1

III. THE SECTION 11 CLAIM FAILS TO SATISFY RULE 9(b) ........................................ 5

IV.  PLAINTIFFS' PROPOSED REMEDY FOR THEIR FAILURE TO PLEAD THE SECTION 11 CLAIM PURSUANT TO RULE 9(b) IS NOT AVAILABLE .................................................................................................. 6

V.   PLAINTIFFS FAIL TO IDENTIFY ANY FALSE STATEMENTS IN THE OFFERING DOCUMENTS ............................................................................ 7

VI.  PLAINTIFFS' CONTROL PERSON CLAIMS SHOULD BE DISMISSED ........................................................................................................ 7

VII. CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Al-Thani v. Wells Fargo & Co.*, No. C 08-1745 CW, 2009 WL 55442 (N.D. Cal. Jan. 7, 2009) .................................................................................................................................. 8

*Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 WL 2676364 (C.D. Cal. July 1, 2008) ............................................................................................................. 5, 6

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ................................................................ 3, 7

*Brodsky v. Yahoo! Inc.*, 592 F. Supp. 2d 1192 (N.D. Cal. 2008) ................................................. 9

*Cent. Laborers Pension Fund v. Merix Corp.*, No. CV04-826-MO, 2005 WL 2244072 (D. Or. Sept. 15, 2005) ............................................................................................................ 2

*Fouad v. Isilon Sys. Inc.*, No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) ...................................................................................................................................... 3

*Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990) .............................................. 7

*Howard v. Everex Sys., Inc.*, 228 F.3d 1057 (9th Cir. 2000) ................................................. 8, 9

*In re Anchor Gaming Sec. Litig.*, 33 F. Supp. 2d 889 (D. Nev. 1999) ....................................... 5

*In re Daou Sys., Inc.*, 411 F.3d 1006 (9th Cir. 2005) .............................................................. 6, 7

*In re Downey Sec. Litig.*, No. CV 08-3261-JFW (RZx), 2009 WL 736802 (C.D. Cal. March 18, 2009) ..................................................................................................................... 9

*In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983 (S.D. Cal. 2005) .............................. 8

*In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248 (N.D. Cal. 2000) ..................... 3

*In re Metricom Sec. Litig.*, No. C 01-4085 PJH, 2004 WL 966291 (N.D. Cal. Apr. 29, 2004), *aff'd,* 182 Fed. Appx. 714 (2006) .............................................................................. 2

*In re Mikohn Gaming Corp. Sec. Litig.*, No. 2:05-CV-01410-PMP-RJJ, 2006 WL 2547095 (D. Nev. Sept. 1, 2006) ............................................................................................ 2

*In re Stac Elec. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ........................................................ 4, 6

*Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ................................................... 3

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151 (9th Cir. 1996) .......................... 9

*Reese v. Malone*, No. C08-1008MJP, 2009 WL 506820 (W.D. Wash. Feb. 27, 2009) ............ 8

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) - ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
### (continued)

*Rhodes v. Omega Research, Inc.*, 38 F. Supp. 2d 1353 (S.D. Fla. 1999) ..................................... 4-5

*Rombach v. Chang*, No. 00 CV 0958 SJ, 2002 WL 1396986 (E.D.N.Y. June 7, 2002),
  *aff'd*, 355 F.3d 164 (2d Cir. 2004) ............................................................................................ 4

*Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156 (9th Cir. 2009) ......................................................... 2

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ............................................. 4, 5, 7

**Regulations and Rules**

Fed. R. Civ. P. 8(a) ........................................................................................................................ 1, 7

Fed. R. Civ. P. 9(b) ..................................................................................................................... passim

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) - iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The Outside Director Defendants ("Outside Directors") respectfully submit this reply memorandum in support of their Motion to Dismiss the Consolidated Class Action Complaint ("Motion" or "Mot.").

## I.    INTRODUCTION

Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss and for Judicial Notice ("Opposition" or "Opp.") fails to refute the Outside Directors' substantive arguments and key cases in support of the dismissal of the Consolidated Class Action Complaint ("Complaint" or "Compl."). The claims against the Outside Directors should be dismissed because: (1) the claim under Section 11 of the Securities Act of 1933, as amended ("Securities Act"), sounds in fraud and therefore must be pled with the particularity required by Federal Rule of Civil Procedure ("Rule") 9(b); (2) the Section 11 claim fails to satisfy Rule 9(b)'s particularity requirements; (3) even tested by Rule 8(a), the Section 11 claim fails to allege a plausible basis from which to conclude that there are materially false and misleading statements in the relevant offering documents; and (4) Plaintiffs' control person allegations are insufficient to state a claim.[1]

## II.    PLAINTIFFS' SECTION 11 CLAIM SOUNDS IN FRAUD AND MUST SATISFY THE PARTICULARITY REQUIREMENTS OF RULE 9(b)

Plaintiffs fail to provide an adequate response to the argument that the Section 11 claim is part of the Complaint's thesis of a unified course of allegedly fraudulent conduct undertaken to falsely inflate the profitability of Washington Mutual, Inc. ("WaMu"). The bulk of the Complaint, 755 paragraphs out of 1004, alleges pervasive *fraudulent* misconduct that supposedly inflated WaMu's profitability while permitting undisclosed deterioration and improprieties in four areas of WaMu's business: (1) risk management; (2) high-risk loan products; (3) appraisal

---

[1] The Opposition also fails to refute two additional arguments made or joined by the Outside Directors. First, Plaintiffs lack standing to bring the Securities Act claims. Mot. at 9. Second, the October 2007 and December 2007 securities offerings took place after disclosure of significant negative information and thus the doctrine of negative causation provides a defense as a matter of law to Securities Act claims relating to those offerings. The Outside Directors adopt and join arguments on these points made in the Underwriter Defendants' Reply in Support of Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Underwriters' Reply Brief") and Deloitte & Touche LLP's Reply Brief in Support of Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Deloitte & Touche's Reply Brief").

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

practices; and (4) underwriting standards. Mot. at 13-16. Plaintiffs allege that by engaging in these improprieties and intentionally failing to fully disclose them, WaMu and the other defendants violated the Securities Exchange Act of 1934, as amended ("Exchange Act"). Plaintiffs' Section 11 claim is based on alleged material misrepresentations and omissions concerning the very same allegedly improper business practices, as set forth in documents associated with four WaMu securities offerings ("Offering Documents"). Mot. at 12-16. Because the Section 11 claim is part of a unified course of allegedly fraudulent conduct which is at the core of the Complaint, the allegations in support of that claim must satisfy the particularity requirements of Rule 9(b). *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009) (complaint which employs the same factual allegations in support of Section 11 and fraud-based Exchange Act claims sounds in fraud); *In re Mikohn Gaming Corp. Sec. Litig.*, No. 2:05-CV-01410-PMP-RJJ, 2006 WL 2547095, at *10 (D. Nev. Sept. 1, 2006) (complaint which bifurcates Securities Act and Exchange Act claims but relies on "many of the same statements of financial condition, and the same theories of falsity" alleges a unified course of fraudulent conduct).

In arguing that the Section 11 claim does not rely on a unified course of fraudulent conduct, Plaintiffs ask the Court to disregard the 755 paragraphs of the Complaint immediately preceding the Section 11 claim. Plaintiffs unsuccessfully assert that although a fraud which allegedly encompassed the period both before and after the Offering Documents were issued was taking place at WaMu, they can nonetheless "scissor out a non-fraud claim from the center of that unified course of conduct in order to evade the Rule 9(b) requirement." *In re Metricom Sec. Litig.*, No. C 01-4085 PJH, 2004 WL 966291, at *24 (N.D. Cal. Apr. 29, 2004), *aff'd* 182 Fed. Appx. 714 (2006) (concluding that despite such artful pleading, plaintiffs' Securities Act claims were based on a unified course of fraudulent conduct and applying the particularity requirements of Rule 9(b) to those claims); *accord Cent. Laborers Pension Fund v. Merix Corp.*, No. CV04-826-MO, 2005 WL 2244072, at *6 (D. Or. Sept. 15, 2005) (applying Rule 9(b) to Securities Act claims where alleged misconduct underlying Securities Act and Exchange Act claims was

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

identical and "Plaintiff does not explain how misstatements knowingly made before and after issuance of the Prospectus could have been merely negligently made in relation to the Prospectus").

Plaintiffs first argue that the Section 11 claim does not sound in fraud because of the Complaint's express disclaimer of reliance on allegations of fraud against the Outside Directors. Opp. at 12. However, courts routinely look behind such self-serving disclaimers and make an independent examination of the allegations to assess whether Securities Act claims are based on a unified course of fraudulent conduct. Mot. at 12. Having immersed the reader of the Complaint in 755 paragraphs alleging a vast fraud at WaMu, Plaintiffs' bald disclaimer of reliance on fraud in support of the Section 11 claim should be rejected. *See Fouad v. Isilon Sys. Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *3 (W.D. Wash. Dec. 29, 2008); Mot. at 12.

Second, in denying that their Section 11 claim against the Outside Directors is based on fraud, Plaintiffs identify a single paragraph in the Complaint alleging an alternative negligence theory – that the Outside Directors failed to "ma[ke] a reasonable investigation or possess … reasonable grounds for the belief that the statements contained in the Offering Documents were accurate and complete." Compl. ¶ 985; Opp. at 12. This paragraph comprises the only negligence allegation against the Outside Directors in the entire 1004-paragraph Complaint. But the Complaint provides no factual support for this allegation, and the Court should not credit such an unsupported allegation on a motion to dismiss. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (recognizing that courts considering motions to dismiss pursuant to Rule 12(b)(6) are "not required to accept as true conclusory allegations of law or legal conclusions couched as factual allegations"); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277-78 (N.D. Cal. 2000) (describing as "conclusory" allegation that defendants breached fiduciary duties by, *inter alia*, failing adequately to investigate company's financial condition before issuing proxy statement). The Court should be especially reluctant to consider such an unsupported,

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

conclusory allegation where, as here, it stands in stark contrast to the Complaint's expansive theory of an allegedly pervasive fraud.

Given that Plaintiffs' Section 11 claim against the Outside Directors is inextricably connected to the fraud alleged in the Complaint, it is not surprising that Plaintiffs fail to rebut the authorities cited by the Outside Directors. Plaintiffs' effort to distinguish *Rombach v. Chang*, No. 00 CV 0958 SJ, 2002 WL 1396986, at *4 (E.D.N.Y. June 7, 2002), *aff'd*, 355 F.3d 164 (2d Cir. 2004), highlights the deficiencies of their assertion that the Section 11 claim against the Outside Directors is based on allegedly negligent conduct. *Rombach* held that a complaint sounded in fraud where plaintiffs did "'not assert any claim of negligence on the part of the [defendants], *nor [did] they specify any basis for such a claim*.'" Opp. at 14 (emphasis added) (quoting *Rombach*, 2002 WL 1396986, at *4). Similarly, in *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996), the court concluded that the complaint sounded in fraud because "no effort [was] made to show any other basis" for the Securities Act claims. Opp. at 14. Plaintiffs here make no effort, other than a single unsupported boilerplate negligence allegation, to show any alternative basis for their Section 11 claim against the Outside Directors. Thus, the emphasis in both *Rombach* and *Stac* on pleading a *substantive basis* for a negligence claim is consistent with the pleading requirements of *Twombly* and *Kendall* and supports the conclusion that Plaintiffs have not sufficiently alleged any alternative to the unified course of allegedly fraudulent conduct that is clearly pled on the face of the Complaint.

Third, Plaintiffs argue that the Section 11 claim against the Outside Directors cannot sound in fraud because the Outside Directors are not named in the Exchange Act section of the Complaint. Opp. at 12. But this is not the law. The sounds-in-fraud doctrine applies whenever the gravamen of a complaint's allegations is fraud, regardless of the particular causes of action asserted. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Thus, the sounds-in-fraud doctrine has been applied to Securities Act claims even where the complaint does not include *any* fraud-based causes of action. *See Rhodes v. Omega Research, Inc.*, 38 F.

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Supp. 2d 1353, 1362 (S.D. Fla. 1999); *In re Anchor Gaming Sec. Litig.*, 33 F. Supp. 2d 889, 892 & n.3 (D. Nev. 1999) (applying Rule 9(b) to Securities Act claim pursuant to sounds-in-fraud doctrine in absence of Exchange Act claims in the complaint and expressly rejecting argument that complaint must include Exchange Act claims before sounds-in-fraud doctrine can apply).

Plaintiffs' single, unsupported boilerplate allegation of negligence does not overcome the Complaint's (1) preceding 755 paragraphs alleging the existence of widespread fraud, and (2) allegations that the Offering Documents contain false and misleading statements regarding the very same business practices which form the core of the alleged fraud. Under these circumstances, the policy considerations underlying Rule 9(b) – to protect the reputations of individuals alleged to have engaged in fraudulent misconduct – apply to the Outside Directors. As the Ninth Circuit has recognized, "[f]raud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) *in every case*." *Vess*, 317 F.3d at 1104 (emphasis added).

### III.     THE SECTION 11 CLAIM FAILS TO SATISFY RULE 9(b)

Recognizing the irreparable flaws in their arguments against application of Rule 9(b) to their Section 11 claim, Plaintiffs change tack and contend that their Section 11 claim is pled with the particularity required by Rule 9(b). Opp. at 16. But the allegations in the Complaint fail to support this assertion with respect to the Outside Directors. In fact, the Complaint lacks *any* particularized allegations with respect to the Outside Directors. Rule 9(b) requires more than merely identifying allegedly false statements. The Complaint must make particularized allegations connecting the Outside Directors' conduct to the allegedly false and misleading statements.

Here, the Complaint fails to allege any facts concerning the Outside Directors other than boilerplate statements about their positions as board members. Mot. at 17. This does not come close to satisfying Rule 9(b). *See Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 WL 2676364, at *19 (C.D. Cal. July 1, 2008) (concluding that allegations that defendants

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

were directors, served on the audit committee and signed financial disclosures failed to satisfy Rule 9(b)'s particularity requirements as applied to a Section 11 claim that sounded in fraud). Recognizing the importance of *Batwin*, Plaintiffs assert that it improperly permits outside directors who sign allegedly misleading registration statements to avoid liability under Section 11. Opp. at 17. Plaintiffs' attempt to distinguish *Batwin* is ineffective. *Batwin* holds that Rule 9(b) requires that a plaintiff plead sufficiently detailed facts to demonstrate a particularized basis to hold a director who did nothing more than sign a registration statement responsible for allegedly fraudulent conduct related to that registration statement. Thus, *Batwin* is consistent with longstanding Ninth Circuit law. *See In re Stac*, 89 F.3d at 1411 (dismissing Section 11 claims against outside directors for failure to satisfy Rule 9(b) where plaintiffs failed to allege with particularity the director defendants' roles in propounding the allegedly misleading statements). A naked allegation of a director's status cannot possibly satisfy the particularity requirements of Rule 9(b).

### IV.  PLAINTIFFS' PROPOSED REMEDY FOR THEIR FAILURE TO PLEAD THE SECTION 11 CLAIM PURSUANT TO RULE 9(b) IS NOT AVAILABLE

Finally, Plaintiffs offer a proposed remedy for the pleading deficiencies of the Section 11 claim against the Outside Directors: strip away any fraud-based allegations and allow the Section 11 claim to proceed based on "negligent misrepresentation allegations" in the Complaint. Opp. at 16. Tellingly, the Opposition fails to cite to these "negligent misrepresentation allegations" because those misrepresentations are alleged to be *fraudulent*, as set forth in 755 paragraphs of the Complaint, while the Complaint contains only a single boilerplate paragraph making a negligence allegation against the Outside Directors.

Furthermore, Plaintiffs' proposed remedy is not available where, as here, the Complaint alleges a unified course of fraudulent conduct. *See In re Daou Sys., Inc.*, 411 F.3d 1006, 1028 (9th Cir. 2005) (recognizing that a court need not "rewrite a deficient complaint" by searching for some lesser included claim where a complaint makes a "wholesale adoption" of the securities

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

fraud allegations for purposes of Securities Act claims); *Vess*, 317 F.3d at 1104-05 (disregarding insufficiently pled averments of fraud is appropriate where "allegations of both fraudulent and non-fraudulent conduct are made in the complaint," but where a claim relies on a unified course of fraudulent conduct, entire complaint must comply with Rule 9(b)).  Because the Complaint relies on a unified course of fraudulent conduct, its pleading deficiencies under Rule 9(b) cannot be cured by stripping away the fraud allegations; the only appropriate remedy is dismissal.  *In re Daou*, 411 F.3d at 1028.

## V. PLAINTIFFS FAIL TO IDENTIFY ANY FALSE STATEMENTS IN THE OFFERING DOCUMENTS

Even if the Court finds – which it should not – that Rule 9(b) does not apply to Plaintiffs' Section 11 claim against the Outside Directors, the allegations do not suffice under Rule 8(a). Plaintiffs may not rely on conclusory allegations that the Offering Documents contain false or misleading statements and must instead show that it is plausible (and not merely conceivable) that, when measured against the language in the Offering Documents in their entirety, the statements are false and misleading.  *Twombly*, 127 S. Ct. at 1965-66, 1974 (to avoid dismissal, a complaint must present a claim that is plausible and not merely "conceivable" or "consistent with" wrongful conduct).  For the reasons set forth in the Underwriters' Reply Brief, Deloitte & Touche's Reply Brief and Kerry K. Killinger's Reply Brief in Support of the Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, Plaintiffs have failed to allege sufficient facts that plausibly assert that the Offering Documents contain false and misleading statements.

## VI. PLAINTIFFS' CONTROL PERSON CLAIMS SHOULD BE DISMISSED

Notwithstanding Plaintiffs' assertions that Rule 9(b) does not apply to their claims against the Outside Directors because they were entirely uninvolved in the allegedly pervasive fraud, the Complaint nonetheless alleges that the Outside Directors "controlled" WaMu and should be held responsible as "control persons" under both the Securities Act and the Exchange Act.[2]  Plaintiffs'

---

[2] In the Ninth Circuit, the requirements for pleading control person liability under both the Securities Act and the Exchange Act are the same.  *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1568 n.4 (9th Cir. 1990).

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

conclusory, boilerplate control person allegations are inconsistent with the bulk of the Complaint, and the Opposition does nothing more than repeat these same empty assertions.

To properly plead a claim for control person liability, Plaintiffs must allege more than the Outside Directors' status as directors; they must allege some basis from which to plausibly conclude that the Outside Directors had control over the primary wrongdoer. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (plaintiffs must show "that the defendant exercised actual power or control over the primary violator"). Such power is demonstrated by showing that defendants "were active in the day-to-day affairs of [the company] or that they exercised specific control over the preparation and release of the alleged statements." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1031 (S.D. Cal. 2005). Although a defendant's status as a director may be indicative of control, it is not by itself sufficient to support a control person claim, especially where, as here, the directors are outside directors who are *not* officers of the company. *See Reese v. Malone*, No. C08-1008MJP, 2009 WL 506820, *9 (W.D. Wash. Feb. 27, 2009) (dismissing control person allegations regarding "non-executive member of the … board of directors" because the allegations "[did] not speak to any degree of control over the operations of the corporation and certainly no involvement in its day-to-day activities"). Plaintiffs must allege some facts from which to plausibly conclude that the Outside Directors' controlled WaMu. *See Al-Thani v. Wells Fargo & Co.*, No. C 08-1745 CW, 2009 WL 55442, at *9 (N.D. Cal. Jan. 7, 2009) (dismissing control person claim where plaintiff merely alleged that defendant had the ability to control primary violator and issuance of false statements).

Plaintiffs' claims fail to allege sufficient facts to plausibly support the assertion that the Outside Directors had such control. At most, Plaintiffs allege that the Outside Directors signed various public filings and, in support of their control person claims under the Exchange Act only, served on board committees that were charged with oversight responsibility. Compl. ¶¶ 797-813, 1003. Such generic and conclusory descriptions of a director's duties are insufficient to

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

establish day-to-day control over corporate actions for purposes of a control person claim. *See, e.g.*, *Brodsky v. Yahoo! Inc.*, 592 F. Supp. 2d 1192, 1207 (N.D. Cal. 2008) (dismissing control person claim for failure to allege an underlying primary violation and noting that plaintiffs also failed to plead defendant executives' participation in company's day-to-day affairs such that they exercised actual power or control over issuance of financial statements); *In re Downey Sec. Litig.*, No. CV 08-3261-JFW (RZx), 2009 WL 736802, at *15 (C.D. Cal. March 18, 2009) (boilerplate allegations regarding defendants' positions at company and ownership of stock are insufficient to state a control person claim); *cf. Howard*, 228 F.3d at 1067 n.13 (rejecting control person claim based on allegation that director "reviewed and approved" financial statements).

Further, the allegations of control must be linked to the subject matters of alleged wrongdoing at issue in the Complaint. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1163-64 (9th Cir. 1996) (dismissing control person claim against chief executive officer where plaintiffs failed to demonstrate that executive exercised direct or indirect control over specific transaction at issue). In their effort to save their Securities Act claim from the application of Rule 9(b), Plaintiffs strenuously contend that the Outside Directors are not implicated in the alleged fraud at WaMu. If, as Plaintiffs contend, the Outside Directors had no knowledge or involvement in the fraud, then it is not plausible to conclude that they exercised control over WaMu with respect to that fraud. Accordingly, Plaintiffs' control person claims against the Outside Directors should be dismissed.[3]

## VII.   CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, the Outside Directors respectfully request that the Court dismiss all claims against them.

---

[3] Even if the Court finds that the Complaint's allegations that the Outside Directors served on various board committees are sufficient to state a claim for control person liability, it should nevertheless dismiss the control person claim under Section 15 of the Securities Act, because Plaintiffs base their Section 15 claim solely on the Outside Directors' status as directors.

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED
CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: March 30, 2009

**PERKINS COIE LLP**

By: *s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
David F. Taylor, WSBA #25689
Sean C. Knowles, WSBA #39893
1201 Third Avenue Suite 4800
Seattle, WA 98101-3099
Phone:   (206) 359-8000
Fax:      (206) 359-9000
Emails:  rberenstain@perkinscoie.com
          dftaylor@perkinscoie.com
          sknowles@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever, and Willis B. Wood, Jr.*

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document via United States first class mail, postage prepaid, to the non-CM/ECF participants indicated on the Court's Manual Notice List.

DATED at Seattle, Washington, this 30th day of March, 2009.

*s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
David F. Taylor, WSBA #25689
Sean C. Knowles, WSBA #39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA, 98101
Phone:      (206) 359-8000
Fax:          (206) 359-9000
Emails:     rberenstain@perkinscoie.com
                  dftaylor@perkinscoie.com
                  sknowles@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever, and Willis B. Wood, Jr.*

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT [DD-03] (No. 2:08-md-1919 MJP) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000