The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| | Lead Case No. C08-0387 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | **WAMU OFFICERS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED SECURITIES COMPLAINT**<br><br>[OD–2]<br><br>*Note for Motion: March 30, 2009*<br><br>**ORAL ARGUMENT REQUESTED** |

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2]
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................2

    A. Ronald Cathcart .................................................................................................3

    B. Thomas Casey ....................................................................................................5

    C. Stephen Rotella ..................................................................................................6

    D. David Schneider ................................................................................................8

    E. Melissa Ballenger and John Woods ...................................................................9

III. CONCLUSION ...............................................................................................................9

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] Page - i
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Andropolis v. Red Robin Gourmet Burgers, Inc.*,
   505 F. Supp. 2d 662 (D. Colo. 2007) ............................................................................. 6

*Dura Pharmaceuticals, Inc. v. Broudo*,
   544 U.S. 336 (2005) ....................................................................................................... 2

*Ernst & Ernst v. Hochfelder*,
   425 U.S. 185 (1976) .................................................................................................... 2, 3

*Glazer Capital Management, LP v. Magistri*,
   549 F.3d 736 (9th Cir. 2008) ......................................................................................... 6

*In re Calpine Corp. Sec. Litig.*,
   288 F. Supp. 2d 1054 (N.D. Cal. 2003) ......................................................................... 7

*In re Daou Systems, Inc.*,
   411 F.3d 1006 (9th Cir. 2005) .................................................................................... 2, 9

*In re LeapFrog Enterprises Sec. Litig.*,
   527 F. Supp. 2d 1033 (N.D. Cal. 2007) ...................................................................... 5, 7

*In re Metawave Communications Corp. Sec. Litig.*,
   Case No. C02–625 (W.D. Wash. Mar. 25, 2009) ........................................................ 5, 6

*McGuire v. Dendreon*,
   2008 WL 1791381 (W.D. Wash. 2008) ......................................................................... 2

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ................................................................................ passim

*New York State Teachers' Retirement System v. Fremont General Corp.*,
   2008 WL 4812021 (C.D. Cal. 2008) .............................................................................. 2

*Paracor Finance, Inc. v. General Electric Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996) ......................................................................................... 9

*Pittleman v. IMPAC Mortgage Holdings*,
   2009 WL 648983 (C.D. Cal. 2009) ................................................................................ 2

*Ronconi v. Larkin*,
   253 F.3d 423 (9th Cir. 2001) .................................................................................. 5, 6, 8

*Rubke v. Capitol Bancorp Ltd.*,
   551 F.3d 1156 (9th Cir. 2009) ....................................................................................... 4

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] Page - ii
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

*Shields v. Citytrust Bancorp, Inc.*,
   25 F.3d 1124 (2d Cir. 1994) ........................................................................................... 2, 7

*South Ferry LP, No. 2 v. Killinger*,
   542 F.3d 776 (9th Cir. 2008) ............................................................................................... 7

*Wollrab v. Siebel Systems, Inc.*,
   261 Fed. Appx. 60 (9th Cir. 2007) ...................................................................................... 6

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ............................................................................................... 4

**<u>Statutes</u>**

15 U.S.C. § 78u-4 .......................................................................................................................... 1

15 U.S.C. § 78u-5 .......................................................................................................................... 7

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] Page - iii
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# I. INTRODUCTION

Plaintiffs' omnibus opposition brief (Opp. Br. at 80) sums up the "fraud" allegations against the WaMu Officers as follows:

> The fraud at WaMu pervaded all aspects of the Company's core residential lending business because the 10(b) Defendants were either directly complicit in, or deliberately disregarded, the Company's:
>
> [1] abandonment of appropriate underwriting and risk management,
>
> [2] manipulation of appraisal values,
>
> [3] targeting of high-risk borrowers,
>
> [4] failure to protect against the losses caused by these improper lending practices, and
>
> [5] failure to comply with GAAP and maintain adequate internal controls.

There is a reason Plaintiffs wait until the 80th page of their 129-page brief to actually say why they are blaming the WaMu Officers for the Company's collapse: Peppering allegations of corporate mismanagement with adjectives ("manipulation," "high-risk") is no substitute for carefully "specify[ing] each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading," or for properly detailing "facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b).

Plaintiffs cannot "skirt" the motion to dismiss inquiry—a critical step under the PSLRA for weeding out meritless allegations—by lumping everyone and everything together with "vague allegations of deception unaccompanied by a particularized explanation stating *why* [each] defendant's alleged statements or omissions are deceitful." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). As another court noted in dismissing a similar complaint against another mortgage lender, filed by the same firm representing Plaintiffs here, "failure to provide an objective measure against which allegedly 'false' statements can be compared or quantified renders generalized allegations insufficient

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] - Page - 1
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

under the heightened PSLRA pleading standard." *New York State Teachers' Retirement System v. Fremont General Corp.*, 2008 WL 4812021, at *6 (C.D. Cal. 2008).

Plaintiffs have merely described a "company involved in a volatile industry at the onset of a long, destructive economic downturn." *Pittleman v. IMPAC Mortgage Holdings, Inc.*, 2009 WL 648983, at *4 (C.D. Cal. 2009). The fact that the WaMu Officers invested their skills and labor at such a company and were "confident about their stewardship and the prospects of the business that they manage[d]" does not mean they committed securities fraud. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129–30 (2d Cir. 1994). The Complaint fails to state a claim against the WaMu Officers upon which relief can be granted and must be dismissed.[1]

## II.   ARGUMENT

The heart of a securities fraud case is scienter, "a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 n.12 (1976). Scienter cannot be averred generally; "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the fraudulent activity." *Pittleman*, 2009 WL 648983, at *2. These allegations must demonstrate that "each individual defendant had the requisite scienter." *McGuire v. Dendreon Corp.*, 2008 WL 1791381, at *9 (W.D. Wash. 2008) (Pechman, J.). A securities fraud plaintiff also must allege that each defendant made a false statement that was specific enough to be "material" to a typical investor. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005). Because "falsity and scienter in private securities fraud cases are generally strongly inferred from the same set of facts," the Ninth Circuit has observed that "the two requirements may be combined into a unitary inquiry under the PSLRA." *In re Daou Systems, Inc.*, 411 F.3d 1006, 1016 (9th Cir. 2005).

Plaintiffs' Complaint falls short on both essential elements. The "false" statements they attribute to the WaMu Officers fall into three categories—none of which is actionable:

---

[1] In addition to the arguments found herein, the WaMu Officers adopt all applicable arguments from all other defendants' briefs.

REPLY ISO WAMU OFFICERS' MOTION TO DISMISS [OD–2] - Page - 2
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

- Statements of undisputed historical fact, such as Mr. Schneider's observation at a 2005 investor conference that "option ARM" loans were "a mainstay of Washington Mutual for a number of years." Compl. ¶ 568.

- Statements of general opinion or optimism on which no reasonable investor would base a decision to purchase or sell WaMu stock, as when Mr. Rotella said at a 2006 conference: "On the credit side, you can see we had a pretty good year. We feel like we are in good shape." *Id.* ¶ 577.

- Forward-looking statements like Mr. Cathcart's 2006 prediction that "[e]ven after maximum negative amortization and with no home price appreciation, [borrowers] should have sufficient equity to refinance, should they choose to do so." *Id.* ¶ 612.

The Opening Brief [Doc. #192] contains two detailed appendices, one collecting every statement made by the WaMu Officers challenged in the Complaint, and one setting out the specific warnings that were given to WaMu investors about the risks of lending to subprime borrowers. Plaintiffs do not (because they cannot) dispute that these warnings were given, that the Court may take judicial notice of them (as they all appear in SEC filings), or that the statements collected in the appendices are the sole basis on which they seek to hold the WaMu Officers liable.[2] In short, Plaintiffs fail to show how even one of the specific statements made by the WaMu Officers is false or misleading—let alone made with a specific intent "to deceive, manipulate, or defraud." *Ernst & Ernst*, 425 U.S. at 194 n.12. This is especially clear when the allegations are analyzed on a person-by-person basis.

### A.   Ronald Cathcart

The Complaint challenges four statements made by Ronald Cathcart, three of which were made at an investor conference that took place two years before WaMu collapsed. Plaintiffs fault Mr. Cathcart for using the adjectives "conservative" and "diligent"; describing WaMu as "focuse[d] on an effective underwriting process and borrower disclosures"; and predicting that

---

[2] Plaintiffs' partial objection to the various requests for judicial notice submitted in conjunction with the motions to dismiss do not extend to any documents relied on by the WaMu Officers—all of which are either SEC filings, documents referenced in the Complaint or published guidance from regulatory authorities. *See Metzler*, 540 F.3d at 1064 n.7. Appendices A and B are proper, too, as they simply collect statements taken directly from the Complaint and WaMu's judicially noticeable SEC filings. Plaintiffs do not challenge the accuracy of these summaries, which are designed to assist the Court in navigating Plaintiffs' sprawling, disconnected Complaint.

REPLY ISO WAMU OFFICERS' MOTION TO DISMISS [OD–2] - Page - 3
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

borrowers would "have sufficient equity to refinance" in the future, "should they choose to do so." Compl. ¶¶ 612, 614. Plaintiffs also complain of Mr. Cathcart's 2007 reference to "'the stronger credit quality' of the Company's single family residential portfolio." *Id.* ¶ 698.

These statements are not within striking distance of the PSLRA's stringent pleading requirements. The Complaint alleges no facts suggesting that in September 2006 (less than a year into the putative class period) WaMu was not focused on the underwriting process, or that Mr. Cathcart did not actually believe that borrowers in the future would be able to refinance their mortgages. *See, e.g.*, *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1162 (9th Cir. 2009) (opinions actionable only if party offering opinion does not personally believe the opinion). Nor do Plaintiffs offer any basis on which the Court could conclude that credit quality for single family residences in 2007 was not "stronger" than at some previous point. And even if Plaintiffs could show falsity here (they cannot), nothing in the Complaint raises any inference—let alone the required "strong inference"—that Mr. Cathcart intended to deceive investors.

Boilerplate allegations that Mr. Cathcart and the other WaMu Officers "possessed extensive industry, accounting and/or finance experience and education," Compl. ¶ 536; "closely monitored and managed WaMu's prime and subprime home lending underwriting guidelines and operations," *id.* ¶ 529; and "received various regular and special reports concerning WaMu's lending practices," *id.* ¶ 500, provide no basis for inferring deceitful motives. Allegations that "senior management . . . closely reviewed the accounting numbers" and that "top executives had several meetings in which they discussed quarterly [results]" are not probative of wrongdoing. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1000 (9th Cir. 2009); *Metzler*, 540 F.3d at 1068 ("[C]orporate management's general awareness of the day-to-day workings of the company's business does not establish scienter—at least absent some additional allegation of specific information conveyed to management and related to the fraud."). Scienter can be inferred only if the reports to which management is privy make it "patently obvious" that the company's reported financial results are false. *Zucco Partners*, 552 F.3d at 1001. Here, nothing in the Complaint indicates that Mr. Cathcart reviewed any report or attended any meeting that

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] - Page - 4
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

would have showed WaMu's public statements to be false at all—let alone evidence making such alleged falsity "patently obvious."

### B.   Thomas Casey

Plaintiffs fault Thomas Casey for using positive adjectives and stating his opinion of WaMu's prospects. *E.g.*, Compl. ¶ 559 (describing credit performance as "very good" in 2005); *id*. ¶ 576 ("credit quality continued to be strong for most of 2005"); *id*. ¶ 593 (in 2006, characterizing the economy as "strong" and the quality of WaMu's loan portfolio as "fairly stable" with "strong credit performance"); *id*. ¶ 594 ("our risk management strategy continues to be effective" and WaMu employs "disciplined credit underwriting"); *id*. ¶ 607 ("strong ongoing stability and strength of the [loan] portfolio" in 2006); *id*. ¶ 657 (WaMu was "very disciplined" in growing its balance sheet and watched market trends "very closely"); *id*. ¶ 661 (WaMu was "selective with [its] underwriting"); *id*. ¶ 671 (Casey "[felt] very good about [the] Option ARM portfolio and how it ha[d] performed").

These subjective statements "are considered immaterial and discounted by the market" because "reasonable investors do not consider 'soft' statements or loose predictions important in making investment decisions." *In re LeapFrog Enterprises, Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1049 (N.D. Cal. 2007) (citation omitted). And here again, Plaintiffs set out no specific facts showing Mr. Casey did not actually believe that credit quality was "strong" for "most of 2005," or that he did not "feel good" about the Option ARM portfolio, WaMu's underwriting or any other facet of the business. *See* Ruling on Motion to Dismiss [Dkt. #135], *In re Metawave Communications Corp. Sec. Litig.*, Case No. C02–625 (W.D. Wash. March 25, 2009) (Martinez, J.) ("'Honest optimism followed by disappointment is not the same as lying or misleading with deliberate recklessness.'") (quoting *Ronconi*, 253 F.3d at 432). Nor do Plaintiffs mention that WaMu repeatedly cautioned investors that estimates of credit risk are just that—estimates. *See e.g.*, Rummage Decl. Ex. 7 (3Q05 Quarterly Report) ("[E]lements of the Company's accounting policies, by their nature, are inherently subject to estimation techniques, valuation assumptions

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] - Page - 5
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

and other subjective assessments . . . . [These include] the methodology that determines its allowance for loan and lease losses.").

Even if Plaintiffs could demonstrate falsity (they cannot), the Complaint provides no basis to infer that Mr. Casey intended to deceive or defraud anyone. Plaintiffs make no claim that Mr. Casey engaged in insider trading, *see Andropolis v. Red Robin Gourmet Burgers, Inc.*, 505 F. Supp. 2d 662, 678 (D. Colo. 2007) (absence of insider trading is "inconsistent with an intent to defraud shareholders") (citation omitted); *Ronconi v. Larkin*, 253 F.3d 423, 435 (9th Cir. 2001) ("When insiders miss the boat," their conduct does "not support an inference that they are preying on [non-insiders]."); *Metawave*, Case No. 02–625 [Dkt. #135] at *10 (absence of insider trading "lead[s] to a finding of no scienter" absent proof of alternative motive), or that WaMu's "external auditors counseled against" any particular accounting policy or procedure, *Metzler*, 540 F.3d at 1069.

WaMu's request for its regulator's permission to use alternative valuation technologies, Compl. ¶¶ 483–85, far from implying fraudulent conduct, demonstrates that WaMu was trying to "play by the rules" by lawfully and appropriately requesting regulatory guidance. *Wollrab v. Siebel Systems, Inc.*, 261 Fed. Appx. 60, 61 (9th Cir. 2007) (conduct "consistent with good business practices" does not support an inference of scienter). Finally, Plaintiffs rely on Mr. Casey's certifications of WaMu's financial results under the Sarbanes-Oxley statute. Compl. ¶¶ 561–64, 579–84, 596–98, 608–09, 624–25, 638–44, 658–60, 672–73. But "Sarbanes-Oxley certifications are not sufficient, without more, to raise a strong inference of scienter." *Glazer Capital Management, LP v. Magistri*, 549 F.3d 736, 747 (9th Cir. 2008).

### C. Stephen Rotella

The bulk of Plaintiffs' allegations concerning Stephen Rotella relate to subjective opinions and general expressions of confidence. *E.g.*, Compl. ¶ 577 (WaMu Officers "[felt] like we are in good shape" and "feel pretty good about the credit risk"); *id.* ¶ 595 (WaMu's position vis-à-vis non-performing assets is "terrific," WaMu was "closely monitoring" its home loan portfolio and was "prudent in [its] credit extension"); *id.* ¶ 607 ("[we feel] like we've got the

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] - Page - 6
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

right pricing and the right credit profile in the marketplace" and "[g]enerally, we think the consumer is healthy."); *id.* ¶ 614 (WaMu Officers "[felt] good about . . . controlling what we can control"). But the federal securities laws neither require corporate officers "to take a gloomy, fearful, or defeatist view of the future," *Shields*, 25 F.3d at 1129–30, nor mandate that courts take anything other than "a practical and common-sense perspective" when assessing falsity, materiality and scienter, *South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008). Attempting to hold a corporate officer liable for "feeling" that the company at which he works is "in pretty good shape" is precisely the type of meritless claim the PSLRA was enacted to prevent.

Plaintiffs also complain about forward-looking statements made by Mr. Rotella, including his statement that the Company was "being quite careful and making changes we need to make in our credit policies as we move forward . . . ." Compl. ¶ 607; *see also id.* ¶¶ 593, 666 (similar forward-looking statements by Mr. Casey). These statements are protected by the PSLRA's safe harbor, as they were accompanied by the required cautionary language (as detailed in Appendix A of the WaMu Officers' Opening Brief). *See* 15 U.S.C. § 78u-5(c). Forward-looking statements are entitled to special protection because "the truth or falsity of the statement[s] cannot be discerned until some point in time after the statement[s are] made," *LeapFrog Enterprises*, 527 F. Supp. 2d at 1045–46, and Congress recognized that candid predictions of future performance can be of great benefit to investors.

Even if Plaintiffs could establish that anything Mr. Rotella said was untrue (they cannot), their claims against him are subject to dismissal anyway because the Complaint raises no "strong inference" that Mr. Rotella intended to deceive anyone. That he and other WaMu Officers were compensated in part on a performance basis is insufficient to demonstrate scienter. If a securities fraud class action plaintiff could "establish a strong inference of scienter whenever an executive's compensation [was] tied to [his or her company's] performance," the PSLRA's strict pleading requirements would be eviscerated. *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1087 (N.D. Cal. 2003).

REPLY ISO WAMU OFFICERS' MOTION TO DISMISS [OD–2] - Page - 7
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

### D. David Schneider

Plaintiffs challenge a handful of statements David Schneider made on three occasions over a two year period. At a November 2005 conference (less than one month into the putative class period), Mr. Schneider described WaMu's risk management as "effective," a "top priority," and an area in which WaMu "invested a significant amount in terms of talent and technology." Compl. ¶ 567. Mr. Schneider also characterized the option ARM as a "mainstay" of the Company and noted that WaMu has "done a few things to improve . . . margins" for option ARM loans, including "some tightening of underwriting guidelines primarily around the investor property." *Id*. ¶ 568. In 2006, Mr. Schneider described underwriting as "strong," *id*. ¶ 612, and noted that third-party appraisers gave the Company "better quality," *id.* ¶ 615, but cautioned that WaMu was seeing "some early payment default and repurchase activity," *id.* ¶ 613. Finally, in 2007, Plaintiffs fault Mr. Schneider for "deny[ing] any manipulation of appraisal values for loans originated by WaMu," *id*. ¶ 698, and for referring to the Company's underwriting standards as "prudent" in the course of noting that WaMu had "a 17 percentage point reduction in loans with LTVs higher than 80," *id*. ¶ 699.

There is nothing false or misleading about describing the option ARM loan as a "mainstay" of the Company, or using descriptors such as "effective," "significant," "strong" or "better quality"—especially given that Plaintiffs allege no facts indicating that Mr. Schneider had a secret contrary belief that was not shared with investors. And, in any event, WaMu made extensive disclosures with respect to the risks of its Option ARM lending during the Class Period. *See, e.g.*, Rummage Decl. Ex. 4 (2005 Annual Report) at 50. Nor do Plaintiffs point to any particular falsehood in Mr. Schneider's statement that WaMu had a 17% reduction in mortgages with loan-to-value ratios over 80%. *See Ronconi*, 253 F.3d at 430–31 (conclusory claim in a securities class action complaint that defendants' sales projections were "false" was insufficient as a matter of law because the plaintiffs "fail[ed] to describe, chart or graph what sales actually did"); *see also* Compl. ¶¶ 560, 593, 668 (similar allegations as to Mr. Casey).

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] - Page - 8
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

### E.   Melissa Ballenger and John Woods

Plaintiffs do not attribute a single material misstatement or omission to Melissa Ballenger or John Woods, nor do they allege that either WaMu professional intended to defraud anyone. Ms. Ballenger and Mr. Woods have been dragged into this case solely on Plaintiffs' "control person" claims. These claims are subject to dismissal for failure to establish a primary violation. *See Paracor Finance, Inc. v. General Electric Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996) (primary violation is prerequisite for "control person" liability).

Here, in addition to the absence of any actionable misstatement or proper allegations of scienter, the Complaint fails to plead loss causation. Although Plaintiffs argue that they need not "demonstrate a 'link' between each false statement by Defendants and the Class's losses," Opp. Br. at 119, the law in the Ninth Circuit is otherwise: loss causation depends on demonstrating that the alleged "fraud" was "[1] revealed to the market and [2] caused the resulting losses." *Metzler*, 540 F.3d at 1063 (citing *Daou Systems*, 411 F.3d at 1006). Plaintiffs' theory of loss causation—that "the truth" would emerge "someday"—is materially indistinguishable from the loss causation allegations found insufficient in *Dura* and *Metzler*.

### III.   CONCLUSION

The WaMu Officers respectfully request that the Court dismiss all claims against them in Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

Dated this 30th day of March, 2009.

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Barry R. Ostrager (*pro hac vice*)<br>Mary Kay Vyskocil (*pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br><br>-and-<br><br>Robert J. Pfister (*pro hac vice*)<br>Gabriel D. Miller (*pro hac vice*)<br>1999 Avenue of the Stars, 29th Floor<br>Los Angeles, California 90067 | DAVIS WRIGHT TREMAINE LLP<br><br>By:   */s/ Stephen M. Rummage*<br>       Stephen M. Rummage, WSBA #11168<br>       Steven P. Caplow, WSBA #19843<br>1201 Third Avenue, Suite 2200<br>Seattle, Washington 98101-3045<br>Tel.:     (206) 757-8108<br>Fax:     (206) 757-7136<br>E-mail: steverummage@dwt.com<br>            stevencaplow@dwt.com |

*Attorneys for Thomas Casey, Stephen Rotella, Ronald Cathcart,
David Schneider, John Woods, and Melissa Ballenger*

REPLY ISO WAMU OFFICERS'
MOTION TO DISMISS [OD–2] - Page - 9
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700