UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP<br><br>Lead Case No. C08-387 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | **OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**[DD-06]**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Note for Motion:  August 25, 2009 |

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 2

III.  ARGUMENT ....................................................................................................... 4

      A.    THE EXCHANGE ACT CONTROL PERSON CLAIM AGAINST THE
            OUTSIDE DIRECTOR DEFENDANTS SHOULD BE DISMISSED ................ 4

            1.    The Amended Complaint Fails Sufficiently to Allege That the
                  Outside Director Defendants Exercised Control Over WaMu .................. 4

            2.    The Order Sustaining the Prior Complaint's Securities Act Control
                  Person Claim Does Not Save the Exchange Act Control Person
                  Claim in the Amended Complaint ........................................................... 10

      B.    PLAINTIFFS' CONTROL PERSON CLAIM UNDER SECTION 15 OF
            THE SECURITIES ACT SHOULD BE DISMISSED ..................................... 12

      C.    ALLEGATIONS IN THE REORGANIZED AMENDED COMPLAINT
            CONFIRM THAT THE SECTION 11 CLAIM AGAINST THE
            OUTSIDE DIRECTOR DEFENDANTS SOUNDS IN FRAUD AND
            SHOULD BE DISMISSED FOR FAILURE TO SATISFY RULE 9(b) ........... 14

            1.    The Particularity Requirements of Rule 9(b) Apply to Section 11
                  Claims Which Are Grounded in Fraud ................................................... 14

            2.    The Core Allegations of Fraud in the Exchange Act Section of the
                  Amended Complaint Also Form the Basis for the Claims of Falsity
                  Underlying the Section 11 Claim ........................................................... 15

            3.    The Amended Complaint Fails to Satisfy the Pleading
                  Requirements of Rule 9(b) as to Specific Allegations Against the
                  Outside Director Defendants ................................................................. 21

IV.   CONCLUSION .................................................................................................. 21

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – i

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Cases**

*Al-Thani v. Wells Fargo & Co.*, No. C 08-1745 CW, 2009 WL 55442 (N.D. Cal. Jan. 7, 2009) ............................................................................................................... 6

*Arthur Children's Trust v. Keim*, 994 F.2d 1390 (9th Cir. 1993) ............................... 11

*Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx) 2008 WL 2676364 (C.D. Cal. July 1, 2008) ....................................................................................... 6, 15

*Brodsky v. Yahoo! Inc.*, 592 F. Supp. 2d 1192 (N.D. Cal. 2008) ................................. 8

*In re Downey Sec. Litig.*, No. CV 08-3261-JFW (RZx), 2009 WL 736802 (C.D. Cal. Mar. 18, 2009) ................................................................................................ 8

*Fouad v. Isilon System, Inc.*, No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) ........................................................................................... 10, 11

*Howard v. Everex Syst. Inc.*, 228 F.3d 1057 (9th Cir. 2000) ........................... 4, 5, 8

*In re Anchor Gaming,* 33 F. Supp. 2d 889 (D. Nev. 1999) ..................................... 15, 20

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) ..................................... 21

*In re Gupta Corp. Securities Litigation*, 900 F. Supp. 1217 (N.D. Cal. 1994) ................... 6, 9, 13

*In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983 (S.D. Cal. 2005) ..................... 5

*In re McKesson HBOC, Inc. Sec. Litig.,* 126 F. Supp. 2d 1248 (N.D. Cal. 2000) ............ 6

*In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056 (W.D. Wash. 2003) ........... 11

*In re Splash Tech. Holdings, Inc. Sec. Litig.,* No. 99-00109 SBA, 2000 WL 1727405 (N.D. Cal. Sept. 29, 2000) ................................................................... 11

*In re Stac Elect. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ................................... 15, 19

*In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096 (D. Nev. 1998) ..................... 20

*In re Sunbeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2005 WL 5036360 (S.D. Cal. Jan. 3, 2005) ............................................................................ 20

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ..................................... 15

*Lilley v. Charren*, 936 F. Supp. 708 (N.D. Cal. 1996) ....................................... 7, 13

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049 (9th Cir. 2008) ............ 9

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – ii

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF AUTHORITIES
### (continued)

*Reese v. Malone*, No. C08-1008MJP, 2009 WL 506820 (W.D. Wash. Feb. 27, 2009) ............. 6, 7

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ....................................... 15, 20, 21

*Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111 CW, 2009 WL 942182 (N.D. Cal. Apr. 6, 2009) ............................................................................................. 6

*Wool v. Tandem Computers Inc.*, 818 F.2d 1433 (9th Cir. 1987).................................................. 5

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) ..................................... 21

## Regulations and Rules

Fed. R. Civ. P. 9(b) ............................................................................................................. passim

## Other Authorities

New York Stock Exchange Corporate Governance rule 303A.07(c) gen. cmt. 2003 WL 23737126 (N.Y.S.E. Nov. 4, 2003) ............................................................................................. 9

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The outside directors of Washington Mutual, Inc. ("WaMu") named as defendants in this action, Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James H. Stever, and Willis B. Wood, Jr. (collectively, the "Outside Director Defendants"), respectfully submit this motion to dismiss the Amended Consolidated Class Action Complaint (the "Amended Complaint" or "Am. Compl.").

## I.  INTRODUCTION

Although the Amended Complaint reorganizes and better catalogs its collection of allegedly fraudulent misstatements by the WaMu officer defendants, it adds no detail to support its allegations that the Outside Director Defendants exercised control over WaMu or were involved in the allegedly pervasive fraud at WaMu.  In support of the Amended Complaint's claims under the Securities Exchange Act of 1934 ("Exchange Act"), plaintiffs broadly allege that the WaMu officer defendants – but not the Outside Director Defendants – made a series of false statements designed to mislead investors regarding their fraudulent scheme concerning WaMu's appraisal practices, lending practices and overall risk management.

Although this Court's order, *In re Washington Mutual, Inc. Sec. Litig.*, No. 2:08 01919 MJP, slip op. at 2 (W.D. Wash. May 15, 2009) (the "Order") at 32, on defendants' motions to dismiss the prior complaint, Consolidated Class Action Complaint, *In re Washington Mutual, Inc. Securities. Litigation*, No. 2:08 1919 MJP, Dkt. # 67 (Aug. 5, 2008) (the "Prior Complaint" or "Compl."), required plaintiffs to provide "a more definite statement of the grounds for their [Exchange Act] claims," plaintiffs have failed to provide any new allegations to support their control person claims against the Outside Director Defendants under the Exchange Act.  But the Amended Complaint's hundreds of pages of reorganized allegations regarding the WaMu officer defendants' alleged participation in the fraud makes it even easier to see the deficiencies in the conclusory, boilerplate allegations regarding the Outside Director Defendants' purported control. In the Order, this Court reserved ruling on the Outside Director Defendants' motion to dismiss

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO
DISMISS THE AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the Exchange Act control person claim. This Court should now grant that motion, as plaintiffs have chosen to stand on their deficient control person claims. If the control person allegations against these directors are considered adequate, then any outside director who serves on the audit or finance committee of a public company is *per se* a control person and potentially liable for any securities fraud committed by the company's officers.

Although the Order rejected the application of Federal Rule of Civil Procedure ("Rule") 9(b) to the Prior Complaint's claim under Section 11 of the Securities Act of 1933 ("Securities Act") against the Outside Director Defendants, the allegations in the Amended Complaint essentially constitute an admission that plaintiffs rely on a unified course of fraudulent conduct in support of both their Securities Act and Exchange Act claims. By separately delineating the alleged charges of fraud against the WaMu officer defendants, specifically Messrs. Killinger and Casey, in the Amended Complaint, the basis for plaintiffs' Exchange Act misrepresentation claims is exposed as being the same as the basis for their claims of false statements in WaMu's offering documents at issue in the Securities Act claims (the "Offering Documents"). Plaintiffs' reorganized Exchange Act allegations demonstrate that the Amended Complaint relies on a unified course of fraudulent conduct. Therefore, the Court should reexamine its ruling regarding application of the sounds in fraud doctrine and find that the fraud allegations articulated in the Amended Complaint permeate all of the alleged disclosure violations, which mandates the application of Rule 9(b) to the Section 11 claim against the Outside Director Defendants.

## II. BACKGROUND

The Amended Complaint names the Outside Director Defendants in the Third Claim for Relief (control person liability under Section 20(a) of the Exchange Act, Am. Compl. ¶¶ 655-674), the Fourth Claim for Relief (violation of Section 11 of the Securities Act, Am. Compl. ¶¶ 831-849) and the Sixth Claim for Relief (control person liability under Section 15 of the Securities Act, Am. Compl. ¶¶ 859-864). Each of these claims should be dismissed with prejudice.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The Outside Director Defendants are each independent directors who hold no internal management positions at WaMu. *See* Am. Compl. ¶¶ 29-39, 685-697. The Amended Complaint is noteworthy for its lack of references to the Outside Director Defendants, who are barely mentioned except in sections describing the parties. Am. Compl. ¶¶ 29-39, 685-697. Excluding these identification sections, the Amended Complaint refers specifically to the Outside Director Defendants only as signatories of the registration statement accompanying the Offering Documents and the Forms 10-K incorporated therein. Am. Compl. ¶¶ 763, 790, 816, 838, 863. The WaMu Board as a whole is mentioned fewer than ten times in the substantive portions of the Amended Complaint. Like the Prior Complaint, the Amended Complaint alleges no facts to connect the Outside Director Defendants to the pervasive fraud alleged with respect to the WaMu officer defendants, alleges no facts demonstrating that the Outside Director Defendants benefited in any way from the alleged fraud, alleges no facts concerning the Outside Director Defendants' day-to-day involvement in any conspiracy regarding appraisal practices, lending or underwriting decisions or risk management, and alleges no facts that the Outside Director Defendants owned substantial amounts of WaMu stock. All of the claims against the Outside Director Defendants are premised solely on their status as directors and on their membership on the Audit and/or Finance Committees of the Board of Directors, whose functions are basically the same as the finance and audit committees of most public companies. Am. Compl. ¶¶ 657-674. The Amended Complaint lacks any new allegations concerning specific involvement by the Outside Director Defendants in the underlying conduct which forms the basis for the alleged disclosure violations.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# III. ARGUMENT

**A. THE EXCHANGE ACT CONTROL PERSON CLAIM AGAINST THE OUTSIDE DIRECTOR DEFENDANTS SHOULD BE DISMISSED**

### 1. The Amended Complaint Fails Sufficiently to Allege That the Outside Director Defendants Exercised Control Over WaMu

In the Order, this Court reserved ruling on the Outside Director Defendants' motion to dismiss the Section 20(a) control person claim in the Prior Complaint. Order at 20. The Outside Director Defendants renew their motion to dismiss the control person claim as alleged in the Amended Complaint.[1]

In order to allege control person liability under Section 20(a), plaintiffs must establish (1) a primary violation of the Exchange Act and (2) that the Outside Director Defendants exercised control over the primary violators. *Howard v. Everex Syst. Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). If, as the WaMu officer defendants argue in their respective motions to dismiss, there are no primary violations, then there can be no control person liability on the part of the Outside Director Defendants. *Id.*[2]

But even if any claims for primary violations of the Exchange Act against the WaMu officer defendants are sustained, the control person allegations against the Outside Director Defendants are deficient and should be dismissed. The Amended Complaint lacks sufficient allegations from which to plausibly conclude that the Outside Director Defendants exercised actual power or control. The Amended Complaint contains no allegations regarding the Outside Director Defendants' role in WaMu's day-to-day affairs or any allegations tying the Outside

---

[1] The Outside Director Defendants incorporate the arguments in support of their motion to dismiss the Section 20(a) claim in the Prior Complaint but will not repeat all of the arguments nor cite all of the authorities in their prior motion. *See* Outside Director Defendants' Motion to Dismiss the Consolidated Class Action Complaint, *In re Washington Mutual, Inc. Sec. Litig.*, No. 08-md-1919 MJP, Dkt. # 187 at 20-23 (W. D. Wash. Dec. 8, 2008); Reply Memorandum in Support of Outside Director Defendants' Motion to Dismiss the Consolidated Class Action Complaint, *In re Washington Mutual, Inc. Sec. Litig.*, No. 08-md-1919 MJP, Dkt. # 240 at 7-9 (W. D. Wash. March 30, 2009).

[2] The Outside Director Defendants join the WaMu Officers' Motion to Dismiss Plaintiffs' Amended Consolidated Securities Complaint and Defendant Kerry K. Killinger's Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint to the extent these motions by the WaMu officer defendants address allegedly false statements in the Offering Documents.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 4

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Director Defendants to the alleged fraud by the WaMu officer defendants. It fails to allege that any of the Outside Director Defendants was aware of the alleged falsity of any statements by the WaMu officer defendants, played any role in the alleged intentional improper conduct which was supposedly masked by the alleged false statements by the WaMu officer defendants, or had any specific control over the WaMu officer defendants' acts in furtherance of the purportedly improper conduct or the related allegedly false statements. Instead, plaintiffs rely solely on unsupported and implausible conclusions regarding the Outside Director Defendants' alleged control. Such allegations are insufficient to sustain a claim that the Outside Directors are jointly and severally liable for the alleged fraudulent statements at issue.

As was raised during oral argument on the motion to dismiss the Prior Complaint, Hearing Transcript, *In re Washington Mutual, Inc. Sec. Litig.*, No. 08-md-1919 MJP, at 25-26 (W. D. Wash. May 1, 2009), plaintiffs' control person claim against the Outside Director Defendants, if sustained, would constitute a *per se* rule that any independent director can be jointly and severally liable as a control person for the fraud committed by a corporate officer based on nothing more than an allegation of service on the audit or finance committee and a recitation of the boilerplate responsibilities of such committees. That is not the law in the Ninth Circuit or elsewhere.

To adequately allege a control person claim against a corporate director, a plaintiff must do more than rely on the director's status or position. *Wool v. Tandem Computers Inc.*, 818 F.2d 1433 (9th Cir. 1987) (status or position of an alleged controlling person by itself is insufficient to presume or warrant a finding of power to control or influence). Rather, to sufficiently plead a claim for control person liability, plaintiffs must provide specific facts from which to plausibly conclude that an outside director had control over the alleged primary violator. *Howard*, 228 F.3d at 1065. Such power is demonstrated by allegations that the directors "were active in the day-to-day affairs of [the company] or that they exercised specific control over the preparation and release of the alleged statements." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1031 (S.D. Cal. 2005); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000) ("[P]laintiffs must . . . plead and prove[] that defendants exercised a significant degree of day-to-day operational control, amounting to the power to dictate another party's conduct or operations . . . . The pleadings of control person liability are insufficient, because they do not identify how the Section 20(a) defendants controlled specific Section 10(b) defendants.") (internal quotation marks and citations omitted); *Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111 CW, 2009 WL 942182, at *11 (N.D. Cal. Apr. 6, 2009) (concluding that allegations that defendants controlled company "[b]y reason of their positions with the Company, and their ownership of [company] stock" consisted of "bare legal conclusions" that were "devoid of any factual underpinnings" and were insufficient to state a claim under Section 20(a)); *Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 WL 2676364, at *25 (C.D. Cal. July 1, 2008) (allegations that defendants are "directors, who served on the Audit Committee, and who signed [the company's] SEC filings . . . do not offer any indication that these defendants were involved in the day-to-day affairs of [the company], and therefore, they do not present a basis for control liability against these defendants"); *Al-Thani v. Wells Fargo & Co.*, No. C 08-1745 CW, 2009 WL 55442, at *9 (N.D. Cal. Jan. 7, 2009) (dismissing control person claim where plaintiffs merely alleged in conclusory fashion that defendant had the ability to control primary violator and issuance of false statements).

Although a defendant's status as a director may be indicative of control, it is not by itself sufficient to support a control person claim, especially where, as here, the directors are independent, are *not* officers of the company, and do not own substantial amounts of company stock. *See Reese v. Malone*, No. C08-1008MJP, 2009 WL 506820, at *9 (W.D. Wash. Feb. 27, 2009). More facts are required to show actual control by an *outside* director than an insider, such as a CEO or CFO. For example, in *In re Gupta Corp. Securities Litigation*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994), plaintiffs alleged that the outside directors were liable as control persons to the same extent as the company's officers because the directors controlled the contents of the

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 6

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

company's financial reports, were members of the audit and compensation committees, and could have prevented the issuance of allegedly false statements. Dismissing the control person claim against the directors, the court held that that while allegations of control person liability "must be construed liberally and flexibly . . . *[d]irectors are not automatically liable as controlling persons*. . . . There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed." *Id.* (emphasis added) (internal quotation marks and citations omitted). This Court in *Reese* rejected control person liability based on allegations against a non-executive director where the "allegations do not speak to any degree of control over the operations of the corporation and certainly no involvement in its day-to-day activities." 2009 WL 506820 at *9. *See also Lilley v. Charren*, 936 F. Supp. 708, 717 (N.D. Cal. 1996) (dismissing control person claim against outside directors where plaintiffs relied solely on defendants' status as directors to support claim).

There is a stark contrast between the Amended Complaint's allegations of control by the WaMu officer defendants, *see* Am. Compl. ¶¶ 645-652, and the allegations of control by the Outside Director Defendants.[3] *See* Am. Compl. ¶¶ 657-674. As to the WaMu officer defendants, plaintiffs allege:

> In their capacities as senior corporate officers of the Company, . . . [the officer Defendants] had direct involvement in the day-to-day operations of the Company and in WaMu's financial reporting and accounting functions. Each of these Defendants was also directly involved in providing false information and . . . had direct involvement in the presentation and/or manipulation of false financial reports" Am. Compl. ¶ 646.

> Killinger, Casey, Rotella and Schneider participated as members of the Executive Committee . . . . [and] these Defendants controlled and managed WaMu's policies, practices and overall business. Am. Compl. ¶ 648.

With respect to the Outside Director Defendants, however, plaintiffs allege only conclusions. For example, plaintiffs allege: "As a result of their positions as Audit Committee

---

[3] The Outside Director Defendants do not assert or suggest that the control person allegations against the WaMu officer defendants are legally sufficient but instead only note that these allegations are substantially more specific and detailed than the control person allegations regarding the Outside Director Defendants.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 7

members . . . each Audit Committee member is liable as a control person." Am. Compl. ¶ 665.
If plaintiffs were capable of alleging facts regarding the Outside Director Defendants' control
similar to those alleged regarding the WaMu officer defendants' control, such allegations would
presumably be included in the Amended Complaint. But no such facts are alleged, and in their
absence, plaintiffs are left with mere conclusions.

Plaintiffs' allegations of control as to the Outside Director Defendants are limited to
service on committees, signatures on assorted documents, and one conclusory reference to board
involvement in risk management policies generally at WaMu. Such generic and conclusory
descriptions of a director's duties are insufficient to establish day-to-day control over corporate
actions for purposes of a control person claim. *See, e.g.*, *In re Downey Sec. Litig.*, No.
CV 08-3261-JFW (RZx), 2009 WL 736802, at *15 (C.D. Cal. Mar. 18, 2009) (boilerplate
allegations regarding defendants' positions at company and ownership of stock are insufficient to
state a control person claim); *Brodsky v. Yahoo! Inc.*, 592 F. Supp. 2d 1192, 1207 (N.D. Cal.
2008) (dismissing control person claim for failure to allege an underlying primary violation and
noting that plaintiffs also failed to plead defendant executives' participation in company's day-to-
day affairs such that they exercised actual power or control over issuance of financial
statements). Even plaintiffs' allegation that WaMu's public filings claimed that "our entire board
are [sic] and have been actively engaged in formulating and overseeing management's
implementation of risk management policies" is insufficient in the absence of more substantive
allegations. *See* Am. Compl. ¶ 670. The Ninth Circuit rejected such sweeping descriptions of
board member oversight in *Howard*, 228 F.3d at 1067, n.13, where the court denied a control
person claim against a director who allegedly "reviewed and approved" financial statements, but
who lacked the "requisite actual authority over the preparation of the financial statements
necessary to find him a control person." *Id.*

Allegations that merely regurgitate standard descriptions of committee activities and
responsibilities are also insufficient to demonstrate day-to-day control. Plaintiffs provide the

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 8

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

illusion of detail regarding the Outside Director Defendants' roles on board committees by quoting information from the board committees' charters or WaMu proxy statements. *See, e.g.,* Am. Compl. ¶ 662 ("the Audit Committee shall meet with management and the independent auditor to review and discuss . . . the adequacy of internal controls over financial reporting, including any special steps adopted in response to any significant deficiencies or material weaknesses in the design or operation of internal control over financial reporting") (emphasis omitted). But plaintiffs have not and cannot allege that these descriptions of the functions of the audit and finance committees are anything more than standard descriptions of functions of such committees as they exist at most public companies. For example, New York Stock Exchange Corporate Governance rule 303A.07(c) gen. cmt. 2003 WL 23737126 (N.Y.S.E. Nov. 4, 2003) requires the audit committees of listed companies to review "issues as to the adequacy of the company's internal controls and any special audit steps adopted in light of material control deficiencies." Such descriptive language regarding an audit committee's responsibilities has been broadly adopted and is standard language in audit committee charters across various industries. *See, e.g.,* DTS Inc., Audit Committee Charter[4] (requiring review of "the adequacy of internal controls, including any special steps adopted in light of any significant deficiencies or material weaknesses in the design or operation of internal control over financial reporting"), DTS Inc., Annual Report (Form 10-K), Exhibit 3.6 at ¶¶ 6, 12 (Feb. 23, 2006), attached as Exhibit A to Berenstein Decl.; VirnetX Holding Corp (Form 8-K) Exhibit 99.1 at ¶6 (Jan. 7, 2008) (same), attached as Exhibit B to Berenstein Decl.; Morgan Stanley, Proxy Statement (Form 14-A) Annex B at ¶¶ 9, 28 (Feb. 15, 2005) (same), attached as Exhibit C to Berenstein Decl.; s*ee also* Am. Bar. Ass'n., *Corporate Director's Guidebook Third Edition,* 56 Bus. Law. 1571, 1600-02 (2001) (describing same audit committee functions).

---

[4] On a Rule 12(b)(6) motion, a court may review public documents filed with the SEC. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1228 (N.D. Cal. 1994). *See* Outside Director Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint and Declaration of Ronald L. Berenstein ("Berenstein Decl."), filed concurrently herewith.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiffs' allegations of control consist of nothing more than labels and boilerplate descriptions of the roles of the Outside Director Defendants. There are no factual underpinnings to support these conclusory allegations. It would stand the heightened pleading requirements for fraud established by the Private Securities Litigation Reform Act of 1995 on their head if an independent, outside director may be held jointly and severally liable for someone else's alleged securities fraud based solely on an allegation that he or she served as an outside director of a public company.

2.    **The Order Sustaining the Prior Complaint's Securities Act Control Person Claim Does Not Save the Exchange Act Control Person Claim in the Amended Complaint**

The language in the Order sustaining the Securities Act control person claim alleged in the Prior Complaint does *not* compel this Court to deny the Outside Director Defendants' motion regarding the Exchange Act control person claim. In the Order, this Court relied on *Fouad v. Isilon System, Inc.*, No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008), to conclude that plaintiffs' allegation that the Outside Director Defendants served on WaMu board committees that "related to the alleged primary violation" was "sufficient" to allege control person status under Section 15 of the Securities Act. *See* Order at 32. But the allegations against the directors in *Fouad* are significantly different than those alleged against the Outside Director Defendants here. The complaint in *Fouad* contained extensive allegations regarding the audit committee's role in initiating and overseeing an internal investigation related to the alleged fraud at the core of the plaintiffs' case and the termination of the CEO and CFO by the board of directors. *See Fouad*, 2008 WL 5412397, at *10-11. Here, the Amended Complaint is devoid of such substantive allegations regarding the specific role of the audit committee with respect to the alleged fraud. Further, in *Fouad*, all of the directors charged by plaintiffs as control persons were either executives of Isilon, committee chairpersons or representatives of the venture capital firms who were the major shareholders of Isilon, *in addition* to serving on board committees

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

related to the primary violation. The only director of Isilon who was not an executive, committee chair or investor was *not* charged with control person liability.

In addition to these striking differences between the allegations in *Fouad* and those in the Amended Complaint, the case law relied upon by this Court in *Fouad* to conclude that "a plaintiff will survive a motion to dismiss on allegations that individual defendants, by virtue of their position, could and did control and influence the company" involved fact patterns that are significantly different from that alleged in the Amended Complaint. 2008 WL 5412397, at *12, (citing *In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1091 (W.D. Wash. 2003); *Arthur Children's Trust v. Keim*, 994 F.2d 1390, 1397 (9th Cir. 1993)). In *Metawave*, the alleged control persons were also alleged primary violators and officers – the CEO and CFO of Metawave. Further, the court's discussion of the requirements to successfully plead control person liability in *Metawave* is *dicta* – the court ultimately held that plaintiffs failed to plead a primary violation under the Exchange Act and thus dismissed the control person claims on that ground. 298 F. Supp. 2d at 1088, 1091. In *Arthur Children's Trust*, the defendant director was a member of the joint venture's management committee, who "took the lead" in significant decisions regarding the issuance of the allegedly fraudulent securities and was "a vocal and active participant in the *management* of the venture." 994 F.2d at 1397 (emphasis added). These are vastly different types of allegations than those against the Outside Director Defendants here.

In *Fouad,* this Court recognized that a finding of control person liability requires "'scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions.'" 2008 WL 5412397, at *13 (quoting *No. 84 Employer-Teamster Joint Council Pensions Trust Fund v. Am. West Holding Corp.*, 320 F.3d 920, 945 (9th Cir. 2003), and "'corroborating, particular evidence of control.'" 2008 WL 5412397 at *13 (quoting *In re Splash Tech. Holdings, Inc. Sec. Litig.,* No. 99-00109 SBA, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000). Here, the Amended Complaint alleges only that the Outside Director Defendants exercised control over WaMu based on status and committee

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 11

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

membership and does not allege any specific facts regarding actual control. The Exchange Act control person claim against the Outside Director Defendants does not come close to satisfying the standard required to show participation in the company's day-to-day affairs nor the power to control those who were responsible for the alleged misconduct and related false statements. The Exchange Act control person claim should be dismissed.

**B.     PLAINTIFFS' CONTROL PERSON CLAIM UNDER SECTION 15 OF THE SECURITIES ACT SHOULD BE DISMISSED**

For the same reasons that plaintiffs' Exchange Act control person allegations are deficient, so too is plaintiffs' control person claim under the Securities Act. Furthermore, the Securities Act control person allegations do not even contain the insufficient boilerplate allegations of control found in the Exchange Act claim – they contain virtually no alleged facts regarding control. The Amended Complaint's allegations under Section 15 of the Securities Act do not identify the Outside Director Defendants as members of *any* board committees or provide *any* facts to support an inference of control beyond status as directors and signatories on various public filings.

Plaintiffs may not rely on the Order to sustain this claim because the Order is premised on allegations that did not appear in the Securities Act allegations in the Prior Complaint but were instead *only* alleged in connection with plaintiffs' Exchange Act pleadings and were specifically disclaimed by plaintiffs in their Securities Act claims. The Order cites three allegations from the Exchange Act section of the Prior Complaint in concluding that "[p]laintiffs successfully state a claim for control person liability against all Outside Director Defendants" for purposes of the control person claim under the Securities Act despite the fact that plaintiffs explicitly excluded the Exchange Act allegations from their Securities Act claims. Order at 31. The Order quotes the Exchange Act allegations that WaMu's "entire board are [sic] and have been actively engaged in formulating and overseeing management's implementation of risk management policies." Order at 31; *see* Compl. ¶ 810. It also quotes the Exchange Act

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

allegation that the Audit Committee reviewed "the adequacy of internal controls" and discussed "significant risk exposures . . . and . . . the steps that management has taken to monitor and control such exposures." Order at 31; *see* Compl. ¶¶ 802, 803. Finally, it quotes the Exchange Act allegation that the Finance Committee "approved and monitored the administration of policies addressing the Company's allocation of capital and the Company's management of market and credit risk." Order at 32; *see* Compl. ¶ 806. Although the same statements that the Court relied upon in the Order are once again alleged in the Amended Complaint, *see* Am. Compl. ¶¶ 662, 663, 666, 670, these allegations are again explicitly limited to the Exchange Act claims and specifically not adopted in the Securities Act claims and thus are not an appropriate basis for assessment of the Securities Act control person claim.

The Amended Complaint explicitly states that the Securities Act claims, including the control person claim, are based only on those allegations stated in paragraphs 675 to 864 of the Amended Complaint and emphasizes that the Securities Act allegations do not include or incorporate any of the Exchange Act allegations by reference. *See* Am. Compl. ¶ 675. As a result, the Securities Act claims in the Amended Complaint do not contain even the deficient, conclusory boilerplate allegations that appear in the Exchange Act section. *See* Am. Compl. ¶¶ 861, 863. Bare allegations of the Outside Director Defendants' status, standing alone, are insufficient to plead control person liability under Section 15. *See In re Gupta Corp.*, 900 F. Supp. at 1243 (status as outside directors, standing alone, is insufficient to establish control person liability); *Lilley*, 936 F. Supp. at 717 (dismissing control person claims against outside directors where "all of plaintiffs' allegations regarding controlling person status are conclusory assertions based on defendants' positions in the company"). As alleged in the Amended Complaint, the Securities Act control person claim against the Outside Director Defendants lacks any detail regarding control by the Outside Director Defendants, and therefore the Section 15 claim should be dismissed.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**C.    ALLEGATIONS IN THE REORGANIZED AMENDED COMPLAINT CONFIRM THAT THE SECTION 11 CLAIM AGAINST THE OUTSIDE DIRECTOR DEFENDANTS SOUNDS IN FRAUD AND SHOULD BE DISMISSED FOR FAILURE TO SATISFY RULE 9(b)**

With respect to the Prior Complaint, the Order rejected the Outside Director Defendants' argument that the Section 11 claim against them sounded in fraud and therefore should have been dismissed for failure to satisfy Rule 9(b).  Order at 20.  As a result of the reorganization of the Exchange Act claims against Killinger and Casey, who are the only defendants alleged to be primary violators of both the Exchange Act and the Securities Act, it is now apparent that the core allegations of fraudulent conduct against Killinger, Casey and the other WaMu officer defendants which form the basis for the disclosure violations in the Exchange Act claim are also the foundation for the charges of material falsity in the Offering Documents for purposes of the Section 11 claim.  Accordingly, as a consequence of this reorganization, plaintiffs have virtually conceded in the Amended Complaint that the charges of falsity in the Offering Documents in the Section 11 claim against the Outside Director Defendants are premised on the same alleged intentional misconduct which gives rise to the Exchange Act disclosure claims.  Given that the Amended Complaint alleges a unified course of fraudulent conduct,[5] the Section 11 claim against the Outside Director Defendants sounds in fraud and must be tested under the requirements of Rule 9(b), just as Rule 9(b) applies to the Securities Act claims against Killinger and Casey.

**1.    The Particularity Requirements of Rule 9(b) Apply to Section 11 Claims Which Are Grounded in Fraud**

Section 11 claims which are grounded in fraud require the application of Rule 9(b) as to all defendants named in those claims.  *See In re Stac Elect. Sec. Litig.*, 89 F.3d 1399, 1404-05 (9th Cir. 1996); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  In *Vess*, plaintiffs brought a class action lawsuit alleging violations of the California Consumers

---

[5] The Outside Director Defendants do not in any way concede that plaintiffs' fraud claims against the WaMu officer defendants are sufficiently alleged but instead argue that all of the alleged disclosure violations – whether in support of the Exchange Act or the Securities Act claims – are premised on the same core purportedly fraudulent conduct.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Legal Remedies Act and California's unfair business practices laws. The court upheld the application of Rule 9(b) to plaintiffs' claims even though fraud was not an essential element of a claim under the California statutes. *Vess*, 317 F.3d at 1103. The court concluded that where a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis for the claim, that claim is "grounded in fraud" and "the pleading of that claim *as a whole*" must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103-04 (emphasis added); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Vess* and *Stac* in applying Rule 9(b) to a consumer protection claim found to be grounded in fraud).

Under *Stac*, *Vess* and their progeny, Rule 9(b) is applied to Section 11 claims that are grounded in fraud regardless of whether the complaint also alleges fraud-based claims against any of the Section 11 defendants. *See Vess*, 317 F.3d 1097; *In re Anchor Gaming,* 33 F. Supp. 2d 889, 893 (D. Nev. 1999) (dismissing Securities Act claim for failure to comply with Rule 9(b) in case where there were no fraud-based claims against any defendants); *Batwin,* 2008 WL 2676364 (dismissing Securities Act claims that sounded in fraud against directors for failure to comply with Rule 9(b) where the directors were not also charged with fraud). If the same conduct underlying the fraud charges also forms the basis for the disclosure violations alleged against the Securities Act defendants – as it is here against the Outside Director Defendants – Rule 9(b) applies to those Securities Act claims even if the Securities Act defendants are not named in the fraud-based causes of action.

### 2. The Core Allegations of Fraud in the Exchange Act Section of the Amended Complaint Also Form the Basis for the Claims of Falsity Underlying the Section 11 Claim

By their reorganization of the charges against the WaMu officer defendants who are defendants in both the Exchange Act and Securities Act causes of action, plaintiffs effectively concede that they are relying on the same course of allegedly fraudulent conduct in support of all of the disclosure claims in the Amended Complaint. Defendants Killinger and Casey, who are

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

named in both the Exchange Act and Securities Act claims, are charged with fraudulent misrepresentations and omissions in connection with WaMu's public filings in the Exchange Act section of the Amended Complaint. The alleged Securities Act disclosure violations relate to the very same subjects. Given that the alleged misstatements and omissions arise from the same unified course of allegedly fraudulent conduct, as is evident in the reorganized Amended Complaint, Rule 9(b) must apply to the Section 11 claim against the Outside Director Defendants just as it does with respect to Killinger and Casey.

### a. Alleged Fraud Relating to Deteriorating Risk Management and High-Risk Loan Products in Both the Exchange Act and the Section 11 Claim

Plaintiffs allege that "WaMu, led by the Officer Defendants, secretly minimized the effectiveness of WaMu's risk management group during the Class Period by relegating the group to a 'customer service' role and adopting policies designed to encourage loan volume over credit risk management." Am. Compl. ¶ 3. The lack of risk management led to "irresponsible, volume-driven home lending." *Id.* In support of the Exchange Act claims, plaintiffs allege that public statements by Killinger and Casey were false and misleading because they failed to describe the "deliberate and concerted effort to shift the Company's risk management focus from being a 'regulatory burden' to a sales-supporting, 'customer service' role." Am. Compl. ¶¶ 63, 365. This same alleged, intentional disregard of risk management appears in the Section 11 claim, where plaintiffs allege that the Offering Documents misrepresent or omit the fact that WaMu intentionally "relegated its risk management personnel to a secondary 'support' role to loan production, rather than as a primary safeguard against unsafe lending that would cause the Company to incur greater losses." Am. Compl. ¶ 719. Plaintiffs contend that there was an intentional denigration of risk management at WaMu. Accordingly, the alleged false statements concerning WaMu's risk management profile in statements referred to in the Exchange Act claim and the Securities Act claim arise from the same allegedly fraudulent practices.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### b. Alleged Fraud Relating to Improper Appraisal Practices in Both the Exchange Act and the Section 11 Claim

Similarly, the allegations regarding intentionally deficient appraisal practices are based on the same underlying conduct in both the Exchange Act claims and the Securities Act claims. In the Amended Complaint, plaintiffs allege that "WaMu improperly pressured appraisers . . . to ensure inflated appraisal values." Am. Compl. ¶ 4. The inflated appraisals allegedly caused artificially low loan to value ("LTV") ratios, which WaMu "publicly presented . . . as an example of its protection against potential loss." *Id.*

In the Exchange Act, these allegations are framed as *fraudulent* appraisal practices. Plaintiffs then allege that public statements by Killinger and Casey were materially false and misleading because they "failed to disclose that [the LTV values they discussed] were the product of a corrupt appraisal process [in which] WaMu inappropriately, secretly, and broadly manipulated real estate appraisals." Am. Compl. ¶ 105. Plaintiffs allege that Killinger signed WaMu's 2005 Form 10-K, which falsely asserted that LTV ratios for WaMu's option ARM loans had improved. Am. Compl. ¶ 96. These allegations draw on related claims made in a November 2007 complaint against WaMu's appraisers filed by the New York Attorney General (the "NYAG Complaint"), which forms a significant part of plaintiffs' allegations regarding the supposed *fraudulent* appraisal manipulation in support of the securities fraud claims and is cited extensively as evidence that "Senior WaMu Management *Directed WaMu's Wrongful Appraisal Practices.*" Am. Compl. at p. 47 (emphasis added).

The same allegedly fraudulent appraisal practices support the allegations that the Offering Documents misrepresent or omit that WaMu improperly inflated appraisals of homes for which loans were granted, Am. Compl. ¶¶ 723-35, including that the Offering Documents are false because they incorporated the 2005 Form 10-K, *see*, *e.g.*, Am. Compl. ¶¶ 763, 766. These allegations also draw on the claims made in the NYAG Complaint. Am. Compl. ¶ 731. Indeed, plaintiffs allege that these same undisclosed appraisal practices increased the material risk of loss

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 17

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

for loans held in WaMu's portfolio and rendered the Offering Documents misleading. Am. Compl. ¶¶ 731, 736.

Thus, the allegedly fraudulent misrepresentations by Killinger and Casey, which were intended to hide the allegedly corrupt appraisal practices, which are described as "secret policies and practices of *inappropriate appraisal manipulation [that] were deliberate, institutionalized, and widespread*," Am. Compl. ¶ 108 (emphasis added), are unquestionably the same "corrupt" appraisal practices which allegedly render statements regarding appraisal issues in the Offering Documents false. The same allegedly corrupt appraisal practices form the basis for the false statements alleged in both the Exchange Act claims and the Offering Documents.

      **c.**      **Alleged Fraud Relating to Deficient Underwriting Standards in the Exchange Act and the Section 11 Claim**

Allegedly intentional underwriting misconduct permeates both the Exchange Act and Securities Act disclosure violations. Plaintiffs allege that WaMu intentionally "loosened its underwriting standards in an effort to increase the volume of its lending operations and profit margins." Am. Compl. ¶ 5. Plaintiffs claim that the WaMu officer defendants intentionally implemented deficient underwriting standards to further their fraudulent scheme. Am. Compl. ¶¶ 191-239, 396. The Amended Complaint alleges that "WaMu Also Secretly Implemented Dangerously Permissive Underwriting Practices for Its Subprime Lending." Am. Compl. at p. 73. Plaintiffs allege that Killinger and Casey made statements that failed to disclose an allegedly concerted effort to loosen underwriting standards in order to generate more loans. Am. Compl. ¶¶ 174 (describing allegedly fraudulent statements concerning WaMu's underwriting practices in WaMu's 2005 Form 10-K signed by Killinger); 184-185 (describing allegedly fraudulent statements concerning WaMu's underwriting practices in WaMu's 2006 Form 10-K signed by Killinger); 389, 393.

In their Section 11 claim, plaintiffs allege that the Offering Documents contain false statements regarding the deficient loan underwriting standards, which increased WaMu's

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

potential loan loss exposure. Am. Compl. ¶ 737. As evidence of this alleged falsity, plaintiffs assert that the Offering Documents incorporate the same allegedly fraudulent 2005 Form 10-K, Am. Compl. ¶¶ 763, 766, and 2006 Form 10-K, Am. Compl. ¶¶ 793-796, 816, 819-821, referenced in the Exchange Act claims against Killinger and Casey. Thus the core allegations of intentionally deficient underwriting standards which are alleged in the Exchange Act claim as disclosure violations form the basis for the alleged disclosure violations in the Offering Documents.

### d. Plaintiffs' Disclaimers of Reliance on Fraud in Connection with the Amended Complaint's Securities Act Claims Are Not Persuasive

Anticipating that the allegations in the Amended Complaint would lead to a renewed assertion that their Securities Act claims sound in fraud, plaintiffs make a half-hearted effort to disclaim any reliance on fraud allegations in connection with their Securities Act claims. But plaintiffs' disclaimers of reliance on fraud allegations in connection with the Amended Complaint's Securities Act claims, *see*, *e.g.*, Am. Compl. ¶¶ 675, 850, are empty assertions that are inconsistent with the Amended Complaint. In determining whether a complaint sounds in fraud, courts routinely look carefully behind the form of the pleading to assess whether the gravamen of the complaint is in fact a unified course of fraudulent conduct. *See*, *e.g.*, *Stac*, 89 F.3d at 1405 n.2 (holding that plaintiffs' "nominal efforts" to disclaim reliance on allegations of fraud are insufficient to avoid Rule 9(b) when the gravamen of the complaint is fraud); *In re Sunbeam Corp. Sec. Litig.*, No. 03 CV 1721JM(POR), 2005 WL 5036360 (S.D. Cal. Jan. 3, 2005) (rejecting plaintiffs' conclusory statement that Section 11 claim was based on negligence and instead applying Rule 9(b) where allegations sounded in fraud); *In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1104 (D. Nev. 1998) ("Plaintiffs cannot avoid the more stringent requirements of Rule 9(b) by merely inserting boilerplate language into their Complaint stating that claims are based in negligence, not fraud.").

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Similarly, courts disregard a complaint's artful attempts to avoid using terms or phrases typically associated with fraud. *Vess*, 317 F.3d at 1108 (looking beyond the fact that the complaint nowhere used the term "fraud" to recognize that the complaint was based entirely on allegations of a fraudulent conspiracy and therefore must satisfy the pleading requirements of Rule 9(b)); *Anchor Gaming*, 33 F. Supp. 2d at 893 ("Notwithstanding the absence of express fraud allegations, the Complaint is rife with insinuations and suggestions that Defendants purposefully omitted and misstated material information, intending to benefit therefrom.").

\* \* \* \* \*

The reorganized Exchange Act allegations against Killinger and Casey show that the same alleged fraud which supposedly forms the basis for the allegedly false statements in the Exchange Act claim also forms the basis for the allegedly false statements on the exact same subjects in the Offering Documents. *Compare* Am. Compl. ¶¶ 57, 96, 101, 184 *with* Am. Compl. ¶¶ 763, 766, 784, 790, 795, 816, 819. The Amended Complaint alleges that Killinger, Casey and the other WaMu officer defendants fraudulently failed to disclose a scheme regarding manipulation of risk management, corrupt appraisal practices and deficient underwriting guidelines. *See, e.g.*, Am. Compl. ¶¶ 46, 95, 169. The alleged misconduct underlying misstatements on these subjects may not be fraudulent when considered in connection with the Exchange Act claims against the WaMu officer defendants but merely negligent when considered in support of the Securities Act claims against the Outside Director Defendants. Intentionally corrupt practices and manipulation are alleged to be at the core of the disclosure violations no matter where they appear in the Amended Complaint. The Section 11 claim against the Outside Director Defendants sounds in fraud and must satisfy the requirements of Rule 9(b).

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### 3. The Amended Complaint Fails to Satisfy the Pleading Requirements of Rule 9(b) as to Specific Allegations Against the Outside Director Defendants

Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To satisfy Rule 9(b), a complaint must allege "the who, what, when, where and how of the misconduct charged."  *Vess*, 317 F.3d at 1106 (internal quotation marks and citations omitted).  The plaintiffs must also provide an "explanation as to why the statement or omission complained of was false or misleading."  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

In the Amended Complaint, plaintiffs have essentially conceded that they cannot meet the particularity requirements of Rule 9(b) as to the Outside Director Defendants.  The Amended Complaint entirely fails to specify the role of any Outside Director Defendant in the alleged fraudulent conduct that gives rise to the alleged false statements.  It makes no effort to connect the Outside Director Defendants to any fraudulent misconduct and instead attempts to explicitly disclaim any suggestion that the Outside Director Defendants were involved in the alleged fraud. If Rule 9(b) is applied to the Securities Act claims against the Outside Director Defendants – as it should be – then these claims must be dismissed, as the Outside Director Defendants are not connected to any of the alleged core fraudulent conduct that underlies the purported disclosure violations.[6]

## IV.  CONCLUSION

For the foregoing reasons, the Outside Director Defendants respectfully request that the Court dismiss with prejudice all claims against them.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (dismissal of a claim with prejudice appropriate where there is "a strong indication that the plaintiffs have no additional facts to plead.") (quotation marks and internal citations omitted).

---

[6]  The Outside Director Defendants join the motions to dismiss filed by the other Securities Act defendants, including the Underwriter Defendants' Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint for lack of standing and negative causation.

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 21

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: July 17, 2009

PERKINS COIE LLP


By: *s/Ronald L. Berenstain*
    Ronald L. Berenstain, WSBA #7573
    David F. Taylor, WSBA #25689
    Sean C. Knowles, WSBA #39893
    S. Kate Vaughan, WSBA #35970
    1201 Third Avenue Suite 4800
    Seattle, WA 98101-3099
    Phone:    (206) 359-8000
    Fax:    (206) 359-9000
    Emails:    rberenstain@perkinscoie.com
               dftaylor@perkinscoie.com
               sknowles@perkinscoie.com
               kvaughan@perkinscoie.com
*Attorneys for Defendants Anne V. Farrell,*
*Stephen E. Frank, Thomas C. Leppert,*
*Charles M. Lillis, Phillip D. Matthews,*
*Regina T. Montoya, Michael K. Murphy,*
*Margaret Osmer McQuade, Mary E. Pugh,*
*William G. Reed, Jr., Orin C. Smith, James*
*Stever, and Willis B. Wood, Jr.*

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 22

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document via United States first class mail, postage prepaid, to the non-CM/ECF participants indicated on the Court's Manual Notice List.

DATED at Seattle, Washington, this 17th day of July, 2009.

*s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
David F. Taylor, WSBA #25689
Sean C. Knowles, WSBA #39893
S. Kate Vaughan, WSBA #35970
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA, 98101
Phone:        (206) 359-8000
Fax:             (206) 359-9000
Emails:       rberenstain@perkinscoie.com
                    dftaylor@perkinscoie.com
                    sknowles@perkinscoie.com
                    kvaughan@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer McQuade, Mary E. Pugh, William G. Reed, Jr., Orin C. Smith, James Stever, and Willis B. Wood, Jr.*

OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT (NO. 2:08-MD-1919 MJP) [DD-06] – 23