The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Lead Case No. C08-0387 MJP<br><br>**REPLY IN FURTHER SUPPORT OF WAMU OFFICERS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED SECURITIES COMPLAINT**<br><br>[OD–6]<br><br>*Note for Motion:  August 25, 2009*<br><br>**ORAL ARGUMENT REQUESTED** |

REPLY IN SUPPORT OF WAMU OFFICERS' MOTION TO DISMISS AMENDED COMPLAINT [OD–6]
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

**Table of Contents**

| | | Page |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | ARGUMENT | 3 |
| | A. Plaintiffs Once Again Fail to Address Scienter on a Person-by-Person Basis | 3 |
| | B. The Complaint's Anonymous Sources Do Not Create a Strong Inference of Scienter | 6 |
| | C. Context Is Fatal to Plaintiffs' Claims of "Misstatements" | 9 |
| | D. Plaintiffs Must Allege Loss Causation as to Each Defendant | 10 |
| | E. The "Control Person" Claims Fail Because This Is Not an Accounting Case | 11 |
| III. | CONCLUSION | 12 |

REPLY IN SUPPORT OF WAMU OFFICERS' MOTION TO DISMISS AMENDED COMPLAINT—Page i
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

## Table of Authorities

**Page(s)**

**Cases**

*Glazer Capital Management, LP v. Magistri*,
  549 F.3d 736 (9th Cir. 2008) ............................................................................... 5, 6

*In re Impac Mortgage Holdings Securities Litigation*,
  554 F. Supp. 2d 1083 (C.D. Cal. 2008) ................................................................. 11

*In re Rockefeller Center Properties Securities Litigation*,
  311 F.3d 198 (3d Cir. 2002) .................................................................................... 1

*In re SmithKline Beecham Billing Practices Litigation*,
  108 F. Supp. 2d 84 (D. Conn. 1999) ..................................................................... 10

*In re Stac Electronics Securities Litigation*,
  89 F.3d 1399 (9th Cir. 1996) ................................................................................... 3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................ 6

*Makor Issues & Rights, Ltd. v. Tellabs Inc.*,
  513 F.3d 702 (7th Cir. 2008) ................................................................................... 6

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ........................................................................ *passim*

*Phillips v. Scientific-Atlanta, Inc.*,
  374 F.3d 1015 (11th Cir. 2004) ............................................................................. 11

*Pittleman v. Impac Mortgage Holdings, Inc.*,
  2009 WL 648983 (C.D. Cal. 2009) ......................................................................... 3

*Ronconi v. Larkin*,
  253 F.3d 423 (9th Cir. 2001) ............................................................................... 7, 8

*Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*,
  365 F.3d 353 (5th Cir. 2004) ................................................................................. 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .............................................................................................. 12

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ................................................................................... 6

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... 1, 2, 11

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page ii
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

## I. PRELIMINARY STATEMENT

Courts have likened well-pled allegations of fraud to "'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Center Properties Securities Litigation*, 311 F.3d 198, 217 (3d Cir. 2002). This Court rejected Plaintiffs' first attempt to meet that standard, finding that the "verbose and disordered" fraud allegations in Plaintiffs' Original Complaint "fail[ed] to organize and identify the allegations supporting securities fraud as to each defendant" and "include[d] numerous irrelevant allegations, thereby depriving Defendants of proper notice of the grounds for the 10(b) claims against them." Order [Dkt. #277] at 8 & 17. In opposing the WaMu Officers' renewed motion to dismiss, Plaintiffs continue the same game of "mix and match," jumping from defendant to defendant and statement to statement without ever setting out "a particularized explanation [of] *why* [each] defendant's alleged statements or omissions are deceitful." *Metzler Investment GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The Private Securities Litigation Reform Act (PSLRA) entitles each person named as a defendant in this case to know three facts:

- The precise basis for Plaintiffs' charge that he intended "to deceive, manipulate, or defraud" investors, *Metzler*, 540 F.3d at 1061; 15 U.S.C. § 78u-4(b)(2);

- Exactly what he is alleged to have said that was not true, *id.* § 78u-4(b)(1); and

- An explanation of how his particular "act or omission . . . caused the loss for which the plaintiff seeks to recover damages," *id.* § 78u-4(b)(4).

Failure to plead even one of these essential elements is grounds for dismissal. All three are missing from Plaintiffs' Amended Complaint:

*No Scienter*: As to the essential element of intent (*i.e.*, "scienter"), Plaintiffs offer boilerplate assertions about incentive-based compensation and access to routine corporate information, coupled with reports from anonymous sources. Plaintiffs culled the former from WaMu's public filings—all of which were available to investors, and none of which contain any "revelations" of fraud. The Opposition Brief does not seriously contend otherwise, as it relies almost exclusively on the opinions and alleged observations of the so-called "confidential

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 1
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

witnesses." But most of these anonymous sources never mention the WaMu Officers, and those that do have either changed their stories or never had anything probative to say in the first place. None offer what the Ninth Circuit requires: "specific contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of [each defendant's] statements when made." *Metzler*, 540 F.3d at 1066 (quotation omitted).

*No Misstatements*: Plaintiffs still do not point to any public factual statement by any WaMu Officer that was not true—much less explain the alleged falsity with the rigor required by the case law. The WaMu Officers' Opening Brief showed how Plaintiffs cherry-picked phrases from three years' worth of public statements, stripped away context, and declared the statements false. For example, the Amended Complaint alleges that Mr. Cathcart falsely touted "the 'stronger credit quality' of the Company's single-family residential portfolio." ¶ 568. But the sentence in which the quoted phrase "stronger credit quality" appears actually *compares* one portfolio of loans to another: "Our single family residential portfolio on the other hand benefits from stronger credit quality than our subprime portfolio." Rummage Decl. Ex. 12 at 30. Far from denying this unfair tactic, Plaintiffs actually embrace it. They protest that the Opening Brief "dilute[s]" the Amended Complaint's fraud allegations by supplying the Court with the full sentences and paragraphs from which Plaintiffs have plucked only isolated words and phrases. Opp. Br. at 6. But this context does not just "dilute" Plaintiffs' claims—it eviscerates them.

*No Loss Causation*: Just like scienter and misstatements, the essential element of loss causation must be pled on a defendant-by-defendant basis. *Compare* 15 U.S.C. § 78u-4(b)(1)–(2) (requiring scienter and misstatements to be pled as to "the defendant" rather than "all defendants" or "any defendant") *with id*. § 78u-4(b)(4) (same, as to loss causation). The Opposition Brief concedes, as it must, that nothing in the Amended Complaint ties any of the WaMu Officers' particular statements to any economic loss. *See* Opp. Br. 23–24. Instead, Plaintiffs argue that a single defendant's statements can establish the essential element of loss causation as to every other defendant in the case. That is not—and cannot be—the law.

REPLY IN SUPPORT OF WAMU OFFICERS' MOTION TO DISMISS AMENDED COMPLAINT—Page 2
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

In sum, the "formidable pleading requirements" applicable to securities fraud claims, *Metzler*, 540 F.3d at 1054–55, exist to ensure that a person's good name will not be unfairly tarnished by baseless allegations of conscious wrongdoing. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 (9th Cir. 1996). Plaintiffs' allegations against the WaMu Officers constitute the very sort of sue-first-ask-questions-later approach that the PSLRA was enacted to prevent. Messrs. Casey, Rotella, Cathcart and Schneider are accomplished professionals who joined WaMu after distinguished careers elsewhere. Under their watch, mortgage lending volumes (and associated credit risk) dropped substantially—as confirmed by the very facts and figures collected in the Amended Complaint. The WaMu Officers were not sued on account of anything they said or did. Rather, they were swept into this case solely because they worked at "a company involved in a volatile industry at the onset of a long, destructive economic downturn." *Pittleman v. Impac Mortgage Holdings, Inc.*, 2009 WL 648983, at *4 (C.D. Cal. 2009). The Court should dismiss the claims against them with prejudice.

## II. ARGUMENT

### A. Plaintiffs Once Again Fail to Address Scienter on a Person-by-Person Basis

Rather than proceed with the defendant-specific analysis required by this Court's Order, the Opposition Brief once again defaults to Plaintiffs' four broad subject headings ("Risk Management," "Appraisals," "Underwriting," "Financial Results and Internal Controls") and collects within them a jumble of statements made by different people at different times. *See* Opp. Br. at 11–14. Plaintiffs still fail to link the particular statements challenged in the Amended Complaint to facts showing the state of mind of the speaker.

The "appraisals" section of the Opposition Brief's scienter discussion illustrates the point. Plaintiffs paraphrase several allegations concerning loan-to-value (LTV) ratios and excerpt two such statements. *See* Opp. Br. at 12 (quoting Mr. Rotella as stating that low LTV ratios provided "protection against losses going forward" and citing to a document signed by Mr. Casey indicating that LTV ratios were one of the "key determinants" of credit quality). Then, citing 56 separate paragraphs of the Amended Complaint, Plaintiffs simply announce that each of the

REPLY IN SUPPORT OF WAMU OFFICERS' MOTION TO DISMISS AMENDED COMPLAINT—Page 3
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

WaMu Officers must have known that "[t]hose and other challenged statements about WaMu's appraisals" were false and misleading because of "a management-directed, Company-wide policy of appraisal manipulations [that] served to inflate WaMu loan appraisals during the Class Period." *Id.* at 12–13 (citing ¶¶ 105–61).

Plaintiffs' own exposition of their appraisal-related scienter allegations shows just how far short of the PSLRA standard they fall. As to the two specific statements, Plaintiffs offer no reason to doubt that Mr. Rotella believed that low LTV ratios provided "protection against losses going forward," or that Mr. Casey considered LTV ratios to be a "key determinant" of credit quality. And while Plaintiffs mention Mr. Cathcart, they do not attribute any statements to him—let alone offer a basis for concluding that he knowingly *misstated* anything. Nor do Plaintiffs tie the supposed "management-directed, Company-wide policy of appraisal manipulation" to *any* of the WaMu Officers. The blanket accusation that every member of WaMu's "Executive Committee" must have had a role in the alleged "appraisal manipulation," Opp. Br. at 13, lacks any factual support: none of Plaintiffs' anonymous sources purports to connect any of the WaMu Officers to any appraisal wrongdoing, and even the New York Attorney General complaint on which Plaintiffs rely does not implicate the WaMu Officers in any supposed appraisal manipulation.[1]

The Opposition Brief's topic-level discussions of risk management, underwriting and accounting fare no better. Plaintiffs set out just one statement for each topic: Mr. Casey's use of the adjectives "effective" and "strong" in relation to risk management, Opp. Br. at 12; Mr.

---

[1] The Amended Complaint's attempt to bootstrap the New York Attorney General's allegations (which were made against a different company in a different court and subject to a different pleading standard) into a claim of "securities fraud" against the WaMu Officers fails under the Ninth Circuit's *Metzler* decision. *See* Opening Br. at 17–19. The Opposition Brief's attempt to distinguish *Metzler* on the ground that Plaintiffs' pleading in this case contains "corroborating statements by numerous confidential witnesses," Opp. Br. at 7, fails for the simple reason that the legally insufficient complaint in *Metzler* purported to contain the same "corroboration." *See Metzler*, 540 F.3d at 1056 (noting that plaintiffs' "allegations of fraudulent practices are supported principally by statements taken from confidential witnesses . . . includ[ing] campus presidents, admissions officials, financial aid officers, and IT and accounting personnel" who "attest to instances of misconduct on their campuses that support the more generalized allegations of fraud contained elsewhere in the [complaint].").

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 4
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

Cathcart's use of the adjective "effective" in relation to underwriting, *id*. at 13; and Mr. Casey's factual statement that the Allowance for Loan and Lease Losses was reviewed quarterly, *id*. at 14. Plaintiffs then claim that these statements (and all others like them) were false and misleading and spoken with intent to deceive because various reports and anonymous sources allegedly "warned" that risk management, underwriting and accounting were, in their opinions, too lax. Repeating the error that the Court identified in May, Plaintiffs "make no effort to connect a particular statement made by any defendant . . . with allegations of facts giving rise to a strong inference of scienter." Order [Dkt. #277] at 17.

Apparently recognizing the insufficiency of their topic-by-topic scienter discussion, Plaintiffs offer six "indicia of scienter" allegedly present in the Amended Complaint. Opp. Br. at 15–18. These "indicia" largely overlap, boiling down to "motive and opportunity" and repackaged claims of falsity. The former category includes Plaintiffs' claims concerning the alleged "volume-over-quality compensation structure," the WaMu Officers' job titles, their receipt of internal reports, and their presumed monitoring of business "metrics." The Opening Brief explains why these allegations are insufficient, and Plaintiffs largely ignore the point. *See* Opening Br. at 5–6. In particular, Plaintiffs fail to address *Metzler*'s holding that "corporate management's general awareness of the day-to-day workings of the company's business does not establish scienter—at least absent some additional allegation of *specific* information conveyed to management *and related to the fraud*." *Metzler*, 540 F.3d at 1068 (emphasis added); *see also Glazer Capital Management, LP v. Magistri*, 549 F.3d 736, 745 (9th Cir. 2008) (executive's signature on 60-page merger agreement that, *inter alia*, "warranted that the company was in compliance 'with all laws'" was no basis for inferring scienter, absent some particularized showing that the executive personally knew that fraud was afoot).

Further, as the Opening Brief shows, Plaintiffs' allegations related to GAAP and Sarbanes-Oxley certifications merely repackage "falsity" allegations as "scienter." *See* Opening Br. at 7. But even if Plaintiffs could show a GAAP violation (they cannot), such a violation would not suffice to demonstrate scienter. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 5
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

981, 1000 (9th Cir. 2009). The same is true of the Sarbanes-Oxley certifications, which—even if they were untrue, which is not the case here—"are not sufficient, without more, to raise a strong inference of scienter. . . ." *Glazer*, 549 F.3d at 747.

B. **The Complaint's Anonymous Sources Do Not Create a Strong Inference of Scienter**

Information from anonymous sources is less compelling than information from witnesses who are willing to put themselves on record, as even the cases relied upon by Plaintiffs explain. *See Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 711–12 (7th Cir. 2008) ("allegations based on anonymous informants are very difficult to assess . . . [so i]t would be better were the informants named in the complaint") (cited in Opp. Br. at 19). As Justice Kennedy aptly noted in a different context, "[a]n independent judiciary is held to account through its open proceedings and its reasoned judgments. In this process it is essential for the public to know what persons or groups are invoking the judicial power, the reasons that they have brought suit, and whether their claims are vindicated or denied." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 581 (1992) (concurring opinion). Here, Plaintiffs ask the Court to infer conscious misconduct at what was once one of the nation's largest financial institutions on the basis of alleged "witnesses" who are unwilling to go on record. This cloak of anonymity is particularly troublesome here, as the stories attributed to Plaintiffs' unnamed sources have changed in important ways.

The Opening Brief discusses two alterations in Plaintiffs' anonymous accounts of what transpired at WaMu. Opening Br. at 8–11. "CW 18" was quoted in Plaintiffs' Original Complaint as saying that he or she was fired for refusing to "'bend the rules'" or "'look the other way.'" Original Compl. ¶ 116. By the time the Amended Complaint was filed, however, "CW 18" was quoted only as voicing "serious concerns." Am. Compl. ¶ 438. Similarly, Plaintiffs' Original Complaint featured a claim by "CW 79" that, as he or she helped the WaMu Officers prepare for an important investor presentation, "the Officer Defendants were highly focused on deciding what they would and would not reveal to investors." Original Compl. ¶ 492. This individual was also quoted as saying that "the Officer Defendants elected not to disclose

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 6
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

[delinquency-related] information to the public." *Id*. Both allegations have been omitted from the Amended Complaint—as have two dozen anonymous witnesses who, just a few months ago, supposedly had insight into "fraud" at WaMu. *See* Opening Br. at 8–11.

The Opposition Brief offers no explanation for the substantial changes to the accounts allegedly provided by "CW 18" and "CW 79," or for the disappearance of nearly a third of the anonymous sources cited in the Original Complaint. Plaintiffs say only that they "edit[ed] the Complaint to make it more concise," but that "Lead Plaintiff stands behind the facts and allegations of the prior complaint and the Amended Complaint. . . ." Opp. Br. at 19–20. This explanation raises more questions than it answers, including whether Plaintiffs' anonymous sources similarly "stand behind" the shifting stories attributed to them.

Of the anonymous witnesses still present in the Amended Complaint whose stories do not appear to have been materially altered, the Opposition Brief points to just six who are claimed to have anything to say that is "directly relevant to [the WaMu Officers'] scienter." Opp. Br. at 20. Half of these six are relegated to a string cite, presumably because nothing attributed to them is remotely probative of scienter:

- "CW 20" is reported as saying that Mr. Schneider (the head of the home loans group) "had extensive control over risk management within that sector." ¶ 506.
- "CW 63" is reported as saying that Long Beach Mortgage Company (a subprime lender acquired by WaMu) was considered a "golden child" because of its "high growth rate and higher growth potential than WaMu's other divisions." ¶ 509.
- "CW 65" is reported as saying that "either Rotella or Killinger issued internal emails and pre-recorded statements once per quarter detailing the structure of the [Company's lending] guidelines and explaining that the Company was changing the guidelines in an attempt to increase volume." ¶ 459.

The three remaining anonymous sources likewise say nothing probative of scienter. *See* Opening Br. at 10–11. The vague claim by "CW 17" that "the Company was exceeding certain risk parameters" (¶ 367) provides no indication of what the "parameters" were, who set them, or why they might be important. Plaintiffs' response—"The law does not require the level of detail that Defendants demand," Opp. Br. at 21—is just wrong. "The PSLRA has exacting requirements for pleading 'falsity.'" *Metzler*, 540 F.3d at 1070. The plaintiffs in *Ronconi v.*

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 7
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

*Larkin*, 253 F.3d 423, 430 (9th Cir. 2001), for example, alleged that defendants lied when they said "sales growth was accelerating" because, by plaintiffs' telling, "sales growth was not accelerating." The Ninth Circuit held that plaintiffs had not adequately alleged falsity because they "fail[ed] to describe, chart or graph what sales actually did." *Id.* at 431. If the complaint in *Ronconi* failed for lack of specific allegations as to what sales growth actually did, Plaintiffs here have not pled facts giving rise to a strong inference of scienter by averring only that "certain [unspecified] parameters" were "exceed[ed]" in certain unspecified ways.

"CW 19" allegedly "recall[s] weekly staff meetings" at which another employee became "very vocal with Cathcart and Schneider about issues within the Home Loans Group concerning compliance and credit risk deficiencies." ¶ 481. Here, too, Plaintiffs fail to specify just what "compliance and credit risk deficiencies" were allegedly discussed. And in any event, mere "disagreement and questioning within [a company] about [a] practice" cannot give rise to the requisite inference of scienter as a matter of law. *Metzler*, 540 F.3d at 1069. Business professionals routinely discuss and debate practices at meetings. The fact that one such professional is reported by a third party to have become "vocal" at a staff meeting does not raise an inference of scienter. Vigorous, open debate at staff meetings is plainly inconsistent with the inference of a "secret fraud" that Plaintiffs ask the Court to draw. *Cf. id.* (reasoning from the context of a challenged remark—a company-wide meeting of admissions officers—that the speaker was probably not conveying "a winking suggestion that admissions officers should perpetrate fraud," but rather was more likely "simply making a broader exhortation to improve business") (affirming FRCP 12(b)(6) dismissal of securities fraud complaint).

Finally, "CW 80" claims to have told Mr. Casey that "many of WaMu's accounting policies and practices were improper, including those *related to* the Company's compliance with GAAP. . . ." ¶ 369 (emphasis added). Plaintiffs offer no explanation of which "policies and practices" are supposedly being referenced or how those policies "related to" GAAP. Given that this individual refuses to go on record as to who he or she is, which policies he or she doubted, and why he or she believed those policies may have been "improper," one can infer only that Mr.

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 8
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

Casey engaged in debate and discussion concerning the relative merits of some unspecified accounting policy.

### C. Context Is Fatal to Plaintiffs' Claims of "Misstatements"

Plaintiffs' "fraud" claims rest on a false premise—that throughout the putative class period, the WaMu Officers made a series of unreservedly glowing statements about the Company's business prospects. Plaintiffs complain, for example, that Mr. Casey said during an earnings call in 2005 that "credit performance continues to be very good." ¶ 358. Yet they omit the second half of the sentence: "Our credit performance continues [to be] very good, ***with non-performing assets at 52 basis points of total assets***." Rummage Decl. Ex. 2 at 7 (emphasis added). In other words, Mr. Casey was explaining that because about one half of one percent of WaMu's loans were not performing at the end of the third quarter 2005, he considered credit performance to be "very good." Plaintiffs do not challenge the fact asserted (*i.e.*, ratio of non-performing assets) nor do they deny that "very good" accurately characterizes performance at that ratio. In short, they do not allege falsity.[2]

Similarly, Plaintiffs complain that Mr. Rotella said during an analyst call in 2006 that he "fe[lt] pretty good about the credit risk" of WaMu's Option ARM products. ¶ 429. But Plaintiffs have lifted that snippet from a much more descriptive paragraph:

> We have a pretty substantial balance sheet of option ARM products. The LTV—the average LTV in that portfolio is roughly 69% at inception and now stands at about 55% when you take into account appreciation of home prices. So, from a Washington Mutual perspective, an awful lot of those option ARMs were put on our balance sheet prior to '05, and they've benefited from appreciation. ***So we feel pretty good about credit risk.***

Rummage Decl. Ex. 4 at 9 (emphasis added). Any investor hearing Mr. Rotella's remarks in context would understand what he meant: Many of the loans on WaMu's books in 2006 were

---

[2] The Opposition Brief inexplicably asserts that "the Officer Defendants ignore [the] relevant part of the very same . . . sentence," Opp. Br. at 5, in which Mr. Casey stated that WaMu was "proactively manag[ing] [its] credit risk," ¶ 358. Not so. *See* Opening Br. at 14 ("On the October 19, 2005 earnings call during which Mr. Casey stated that WaMu was 'managing [its] credit risk' (¶ 358), he described how, in the third quarter of 2005, the Company had offloaded '80% of [WaMu's] single family residential volume in the period' and '90% of [WaMu's] option ARM volume.'").

REPLY IN SUPPORT OF WAMU OFFICERS' MOTION TO DISMISS AMENDED COMPLAINT—Page 9
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

made before 2005. Because the homes that served as collateral for those loans had appreciated in value (given the general upswing in real estate prices), the loans were better secured. Again, Plaintiffs do not allege falsity in the facts or the conclusion drawn from those facts.

The Opening Brief collects numerous additional instances where Plaintiffs cherry-picked a fragment of a sentence or paragraph, distorted its meaning by stripping it of context, and then proclaimed the distorted statement to be false. Plaintiffs do not deny that the Amended Complaint uses this tactic. Nor do Plaintiffs challenge the Court's consideration of the full text of the pertinent analyst call transcripts and other statements. *See* Opp. Br. at 3 (stating Plaintiffs do not object to the Court's consideration of Rummage Decl. Exs. 1–14). Instead, rather than defend their original allegation that the WaMu Officers made false statements (the core premise of both the Original Complaint and the Amended Complaint), Plaintiffs attempt to shift their theory from "misstatements" to "omissions":

> Defendants' attempts to dilute the Complaint's facts about false statements [by supplying context are] unavailing, because nowhere in any of their statements (even considering the context Defendants claim is missing from the Complaint) did these defendants ***reveal the true nature*** of WaMu's lending practices, appraisals, and risk management, which exposed the Company to disastrous risk levels and materially misstated WaMu's financial statements.

Opp. Br. at 6 (emphasis added). The Court should reject this improper attempt to amend via memorandum of law.[3]

**D.    Plaintiffs Must Allege Loss Causation as to Each Defendant**

Plaintiffs concede—as they must—that the Amended Complaint does not allege the essential element of loss causation on a defendant-by-defendant basis. *See* Opp. Br. 23–24 (relying solely on collective "statements made by the Company and the Officers Defendants" to demonstrate loss causation). It is undisputed, for example, that nothing in the Amended Complaint ties anything said by Mr. Cathcart or Mr. Schneider to any particular economic loss.

---

[3] *See, e.g.*, *In re SmithKline Beecham Billing Practices Litigation*, 108 F. Supp. 2d 84, 109 (D. Conn. 1999) (disregarding allegations in memorandum of law that conflicted with complaint because "[t]o do otherwise would be to treat the class plaintiffs' opposition brief as an amended pleading. Parties may only amend their pleadings in accordance with the Federal Rules of Civil Procedure.").

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 10
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

This is unsurprising, given that Plaintiffs' only allegations of "false statements" by either individual date back to November 2005 and September 2006—years before the Plaintiffs claim to have suffered any investment losses. ¶¶ 473, 488, 492, 501, 513–14, 524. Nor do Plaintiffs make any effort to connect any statement by Mr. Casey or Mr. Rotella to any economic loss.

By failing to link any statement of the WaMu Officers to any claimed loss, Plaintiffs have failed to adequately plead that "the act or omission of *the defendant* . . . caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(4) (emphasis added). Here, "the defendant" necessarily means "each defendant," as cases interpreting a companion section of the same statute persuasively demonstrate. *See Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 364–65 (5th Cir. 2004) ("the defendant," as used in the PSLRA, "may only reasonably be understood to mean 'each defendant' in multiple defendant cases, as it is inconceivable that Congress intended liability of any defendants to depend on whether they were all sued in a single action or were each sued alone in several separate actions"); *Phillips v. Scientific-Atlanta, Inc.*, 374 F.3d 1015, 1018 (11th Cir. 2004) (same); *In re Impac Mortgage Holdings Securities Litigation*, 554 F. Supp. 2d 1083, 1093 (C.D. Cal. 2008) (same). The Opposition Brief neither cites authority nor offers reasoned argument to the contrary.

### E. The "Control Person" Claims Fail Because This Is Not an Accounting Case

Finally, as to the "control person" allegations against Mr. Woods and Ms. Ballenger, the Opposition Brief does not dispute that Plaintiffs' claims against these individuals relate solely to the Amended Complaint's allegations of deficient accounting. *See* Opp. Br. at 24. This case has nothing to do with accounting. The Amended Complaint's allegations concerning WaMu's Allowance for Loan and Lease Losses amount to dressed up versions of insufficient appraisal, underwriting and risk management allegations (none of which involved Mr. Woods or Ms. Ballenger). Plaintiffs' reliance on portions of the Court's May ruling addressing the Securities Act claims as support for, *inter alia*, the claimed adequacy of the Amended Complaint's Exchange Act accounting allegations, Opp. Br. at 10–11, is misplaced. Unlike FRCP 8 or even FRCP 9(b), the rigorous pleading standard applicable to the Exchange Act claims requires an

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 11
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

"inherently comparative" inquiry: "How likely is it that one conclusion, as compared to others, follows from the underlying facts?" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323–24 (2007). "Allowance provisioning requires some exercise of judgment," Order [Dkt. #277] at 27, and there is no basis on which to conclude that Plaintiffs' proffered explanation of supposed accounting deficiencies is as plausible as the far more likely explanation that the accounting professionals at WaMu used their best judgment and experience to comply with the extensive written standards, guidelines and policy statements governing loan loss provisioning. *See* Opening Br. at 19–20. And given the absence of any well-pled allegations of accounting deficiencies as such, the Court should also dismiss Mr. Woods and Ms. Ballenger from this case.

### III. CONCLUSION

For the reasons set out above and in the Opening Brief, the WaMu Officers respectfully request that the Court dismiss with prejudice all claims against them in the Consolidated Amended Securities Complaint.[4]

Dated this 25th day of August, 2009.

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Barry R. Ostrager (*pro hac vice*)<br>Mary Kay Vyskocil (*pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br>Tel.:  (212) 455-2500<br>Fax:  (212) 455-2502<br>Email:  bostrager@stblaw.com<br>            mvyskocil@stblaw.com<br>         -and-<br>Robert J. Pfister (*pro hac vice*)<br>1999 Avenue of the Stars, 29th Floor<br>Los Angeles, California 90067<br>Tel.:  (310) 407-7500<br>Fax:  (310) 407-7502<br>Email:  rpfister@stblaw.com | DAVIS WRIGHT TREMAINE LLP<br><br><br><br>By:  */s/ Stephen M. Rummage*<br>    Stephen M. Rummage, WSBA #11168<br>    Steven P. Caplow, WSBA #19843<br>    1201 Third Avenue, Suite 2200<br>    Seattle, Washington 98101-3045<br>    Tel.:  (206) 757-8108<br>    Fax:  (206) 757-7136<br>    E-mail:  steverummage@dwt.com<br>               stevencaplow@dwt.com<br><br>*Attorneys for Thomas Casey, Stephen Rotella, Ronald Cathcart, David Schneider, John Woods, and Melissa Ballenger* |

---

[4] As with their Opening Brief, the WaMu Officers adopt the applicable arguments advanced by other defendants. Plaintiffs' claim that "Defendants do not contest . . . the Securities Act claims against Casey for any of the four Offerings," Opp. Br. at 3, is therefore incorrect.

REPLY IN SUPPORT OF WAMU
OFFICERS' MOTION TO DISMISS
AMENDED COMPLAINT—Page 12
Case No. 2:08-md-01919-MJP
Lead Case No. C08-0387-MJP

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700