1
2
3
4
5
6
7
8
9
10
11
12                              THE HONORABLE MARSHA J. PECHMAN
13
14                        UNITED STATES DISTRICT COURT
15                       WESTERN DISTRICT OF WASHINGTON
16                                  AT SEATTLE
17
18
19   IN RE WASHINGTON MUTUAL, INC.          No. 2:08-md-1919 MJP
20   SECURITIES, DERIVATIVE & ERISA
21   LITIGATION
22                                          Lead Case No. C08-387 MJP
23
24   IN RE WASHINGTON MUTUAL, INC.          **REPLY MEMORANDUM IN SUPPORT**
25   SECURITIES LITIGATION                  **OF OUTSIDE DIRECTOR**
26                                          **DEFENDANTS' MOTION TO DISMISS**
27   This Document Relates to:              **THE AMENDED CONSOLIDATED**
28                                          **CLASS ACTION COMPLAINT**
29   ALL ACTIONS
30                                          **[DD-06]**
31
32
33                                          *Note for Motion:  August 25, 2009*
34
35                                          **ORAL ARGUMENT REQUESTED**
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     THE EXCHANGE ACT CONTROL PERSON CLAIM AGAINST THE
        OUTSIDE DIRECTOR DEFENDANTS SHOULD BE DISMISSED............................ 3

III.    THE SECURITIES ACT CONTROL PERSON CLAIM AGAINST THE
        OUTSIDE DIRECTOR DEFENDANTS SHOULD BE DISMISSED............................ 6

IV.     THE SECTION 11 CLAIM AGAINST THE OUTSIDE DIRECTOR
        DEFENDANTS IS BASED ON THE AMENDED COMPLAINT'S UNIFIED
        COURSE OF ALLEGEDLY FRAUDULENT CONDUCT AND SHOULD BE
        DISMISSED FOR FAILURE TO SATISFY RULE 9(B) ................................................ 7

V.      CONCLUSION.......................................................................................................... 11

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Al-Thani v. Wells Fargo & Co.*, No. C 08-1745 CW, 2009 WL 55442 (N.D. Cal. Jan. 7, 2009) ................................................................................................................. 4

*Arthur Children's Trust v. Keim*, 994 F.2d 1390 (9th Cir. 1993) .................................. 5

*Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 WL 2676364 (C.D. Cal. July 1, 2008) ...................................................................................... 6, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 10

*Fouad v. Isilon Systems, Inc.*, No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) .................................................................................................... 5

*In re Countrywide Financial Securities Litigation*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008)......... 8

*In re Daou Sys., Inc.*, 411 F.3d 1006 (9th Cir. 2005) ................................................ 8, 9

*In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983 (S.D. Cal. 2005) .............................. 3, 6

*In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248 (N.D. Cal. 2000)......................... 6

*In re Metawave Communications Corp. Securities Litigation*, 298 F. Supp. 2d 1056 (W.D. Wash. 2003) .............................................................................................. 5

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ...................................... 8, 11

*In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096 (D. Nev. 1998) .................................. 10

*In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 2:08-MD-1919 MJP, C08-387 MJP, 2009 WL 1393679 (W.D. Wash. May 15, 2009) ................................................. 3, 7

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996)................................ 5

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049 (9th Cir. 2008)............................ 4

*Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156 (9th Cir. 2009)................................... 8, 9

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................. 8, 9

*Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111 CW, 2009 WL 942182 (N.D. Cal. Apr. 6, 2009) ............................................................................ 4

*Wool v. Tandem Computers Inc.*, 818 F.2d 1433 (9th Cir. 1987)................................... 4

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) ..................................... 11

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) -ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## TABLE OF AUTHORITIES
### (continued)

Page

**Regulations and Rules**

Fed. R. Civ. P. 9(b) .............................................................................................................. passim

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The Outside Director Defendants respectfully submit this reply memorandum in further support of their Motion to Dismiss the Amended Consolidated Class Action Complaint ("Motion").

## I.    INTRODUCTION

Lead Plaintiff's Opposition to the Outside Director Defendants' Motion to Dismiss the Amended Consolidated Class Action Complaint ("Opposition" or "Opp.") relies on the false premise that the Court has already rejected the arguments raised by the Outside Director Defendants in their Motion.  Rather than attempt to respond to the Outside Director Defendants' substantive arguments, the Opposition primarily argues that the Court should not even consider the arguments raised in the Motion.  Plaintiffs' Opposition is unpersuasive for several reasons.

First, the Court specifically stated in its order on the motions to dismiss the Prior Complaint that the Outside Director Defendants' motion to dismiss the control person claim under the Securities Exchange Act of 1934 ("Exchange Act") would be considered after plaintiffs filed the Amended Consolidated Class Action Complaint ("Amended Complaint" or "Am. Complt.").  The facts alleged in support of this claim offer nothing more than boilerplate descriptions of the roles of directors and the functions of board committees.  The allegations fail to provide any specific facts connecting the Outside Director Defendants to the alleged misconduct at Washington Mutual, Inc. ("WaMu"), to the public disclosures containing the alleged misrepresentations and omissions, or describing their involvement in day-to-day activities at WaMu.  The types of general descriptions of board responsibilities and board committee functions alleged in the Amended Complaint apply to outside directors of any public company.  Permitting a control person claim to proceed based on facts which may be alleged against any director of any public company effectively removes any substantive pleading requirements for control person claims against outside directors.

Second, the Amended Complaint's alleged facts in support of the control person claim under Section 15 of the Securities Act of 1933 ("Securities Act") fare no better, since the

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) -1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

pleading requirements for a control person claim under both statutes is the same. Notwithstanding plaintiffs' protestations to the contrary, the Court's ruling on the Section 15 claim in the Prior Complaint does not present an impediment to the Motion because that ruling relied on alleged facts which did not appear in the Securities Act section of the Prior Complaint. But even if alleged facts regarding control from the Exchange Act section of the Amended Complaint are applied to the Securities Act control person claim, that claim should be dismissed. The conclusory, general, boilerplate facts alleged regarding the role of the Outside Director Defendants do not provide an adequate basis to sustain the control person claims under either the Exchange Act or the Securities Act.

Third, to determine which pleading standard to apply to the Securities Act claim against the Outside Director Defendants, Ninth Circuit law provides that the Court is to carefully examine the allegations in the Amended Complaint and assess whether the Securities Act allegations against the Outside Director Defendants are based on a unified course of allegedly fraudulent conduct pled throughout the Amended Complaint. The Court should not simply rely on plaintiffs' self-serving assertions in the Amended Complaint or the Opposition denying that the Securities Act claim against the Outside Director Defendants relies on fraud. Rather, the Court should independently scrutinize the allegations of the Amended Complaint as a whole. In conducting this review, the focus is not on the causes of action asserted against each defendant. Rather, the test is whether, taken as a whole, the Amended Complaint alleges a unified fraud theory thereby requiring application of Federal Rule of Civil Procedure ("Rule") 9(b) to all claims. Where, as here, the Securities Act claim against the Outside Director Defendants relies on the same alleged facts which support the fraud thesis of the Exchange Act claims, Ninth Circuit precedent requires that the Securities Act claim satisfy Rule 9(b), even though there are no primary Exchange Act causes of action against the Outside Director Defendants.

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II.    THE EXCHANGE ACT CONTROL PERSON CLAIM AGAINST THE OUTSIDE DIRECTOR DEFENDANTS SHOULD BE DISMISSED

Despite plaintiffs' assertion that the Court previously "addressed and rejected every one of the arguments presented in the Outside Directors' current motion to dismiss," Opp. at 1, the Court declined to rule on the Outside Director Defendants' motion to dismiss the Section 20(a) claim in the Prior Complaint. *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 2:08-MD-1919 MJP, C08-387 MJP, 2009 WL 1393679, at *13 (W.D. Wash. May 15, 2009) ("The Court will consider the Section 20(a) claims for control person liability against the Outside Director Defendants after Plaintiffs file an amended complaint."). Apparently relying on their own false premise that the Court had already sustained the Exchange Act control person claim against the Outside Director Defendants, plaintiffs' Amended Complaint alleges no additional facts to support their control person claim. The Amended Complaint relies on the same deficient, conclusory allegations of standard duties of typical board committees and nothing more.

In order to adequately plead a control person claim under Section 20(a), plaintiffs must allege facts demonstrating that the Outside Director Defendants were active in the day-to-day affairs of WaMu or that they exercised specific control over the preparation and release of the public disclosures containing the alleged misstatements and omissions. *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1031 (S.D. Cal. 2005). In their Motion, the Outside Director Defendants cited numerous cases in which courts have concluded that boilerplate allegations of a director's role on the board, his or her membership on certain board committees or allegations regarding the standard functions of board committees, such as those in the Amended Complaint, are insufficient to plead a control person claim. *See* Motion at 5-6. With regard to the subject of control, the Amended Complaint alleges nothing more than that:

- The Outside Director Defendants were directors of WaMu, Am. Complt. ¶¶ 29-39;

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

- • The Outside Director Defendants signed certain public filings, Am. Complt. ¶ 660;

- • The Outside Director Defendants served on board committees, including the finance and audit committees, Am. Complt. ¶¶ 661-671; and

- • The finance and audit committees had functions and responsibilities typical of finance and audit committees of any public company, Am. Complt. ¶¶ 661-664; 666-669.

Such allegations are not particularized to the Outside Director Defendants' involvement in the specific misconduct alleged nor do they plausibly support the conclusion that the Outside Director Defendants were involved in day-to-day activities at WaMu. Instead, the meager alleged facts constitute general descriptions of director and board committee responsibilities applicable to board members and board committees of virtually all public companies. Motion at 8-9. Courts have repeatedly rejected such allegations as insufficient, and so should this Court. *See, e.g.*, *Wool v. Tandem Computers Inc.*, 818 F.2d 1433 (9th Cir. 1987); *Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. C 07-05111 CW, 2009 WL 942182, at *11 (N.D. Cal. Apr. 6, 2009); *Al-Thani v. Wells Fargo & Co.*, No. C 08-1745 CW, 2009 WL 55442, at *9 (N.D. Cal. Jan. 7, 2009).

Instead of responding to the argument that the allegations in the Amended Complaint as to the finance and audit committees provide nothing more than an articulation of the functions generally performed by such board committees, plaintiffs argue that the Court should not take judicial notice of certain documents that were publicly filed with the United States Securities and Exchange Commission ("SEC") and submitted in support of the Motion. Opp. at 2-3. This argument is unpersuasive for several reasons. First, courts may take judicial notice of documents filed with the SEC, and there is no general rule that only documents submitted to the SEC by a party in the lawsuit are appropriate for judicial notice. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). Second, the Outside Director Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

submitted these documents not for the truth of their contents—i.e., to show that these other companies' board committees actually performed the roles described in the filings—but instead to show that plaintiffs' allegations amount to a general description of typical functions of standard board committees of public companies. *See, e.g.*, *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (on a motion to dismiss, court may consider contents of relevant public disclosure documents that are required to be filed with the SEC and are in fact filed with the SEC, provided that documents are considered only for purposes of determining what statements those documents contain).

The Opposition also quarrels with the Outside Director Defendants' discussion of the Court's decision in *Fouad v. Isilon Systems, Inc.*, No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008).  Plaintiffs incorrectly argue that the Outside Director Defendants have already attempted to distinguish that case.  Opp. at 6.  However, none of the Outside Director Defendants' prior briefs attempted to distinguish *Fouad*.  The Court inquired about similarities between *Fouad* and the instant case during oral argument on the motions to dismiss the Prior Complaint, and the Motion addresses the question raised by the Court.

Unlike this case, the complaint in *Fouad* contained specific allegations concerning the audit committee's investigation of the underlying fraud.  Also unlike this case, in *Fouad*, all of the directors who were charged as control persons were also executives of the company, chairpersons of their respective board committees, or representatives of various venture capital firms that were the company's major shareholders.  Finally, the case law on which the Court relied in sustaining the control person claim in *Fouad*, including *In re Metawave Communications Corp. Securities Litigation*, 298 F. Supp. 2d 1056 (W.D. Wash. 2003), and *Arthur Children's Trust v. Keim*, 994 F.2d 1390 (9th Cir. 1993), is readily distinguishable from the facts presented here.  Motion at 11.  Plaintiffs' Opposition ignores these arguments, relying again on the false assertion that the Court has already rejected them.  Opp. at 6.

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The alleged facts purporting to establish control in the Amended Complaint are entirely illusory and provide no details regarding any role played by the Outside Director Defendants in any of the alleged misconduct or the alleged misrepresentations and omissions on which the Amended Complaint is based. As such, these allegations fail to show that the Outside Director Defendants "exercised specific control over the preparation and release of the alleged statements," *In re Immune Response*, 375 F. Supp. 2d at 1031, "how [the directors] controlled specific Section 10(b) defendants," *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000), or were otherwise specifically involved in the day-to-day affairs of WaMu, *Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 WL 2676364, at *25 (C.D. Cal. July 1, 2008). Because the Amended Complaint contains no alleged facts other than sparse recitations of standard board and committee functions, the Exchange Act control person claim against the Outside Director Defendants should be dismissed with prejudice.

### III.    THE SECURITIES ACT CONTROL PERSON CLAIM AGAINST THE OUTSIDE DIRECTOR DEFENDANTS SHOULD BE DISMISSED

Plaintiffs' control person claim under Section 15 of the Securities Act is subject to the same pleading requirements as the Section 20(a) claim under the Exchange Act and fails for the same reasons discussed in the previous section. Plaintiffs' reliance on the Court's ruling with respect to the Section 15 claim in the Prior Complaint is misplaced. First, that ruling was premised on allegations taken from the Exchange Act portion of the Prior Complaint, which plaintiffs had not incorporated into their Securities Act claims. Second, even if allegations from the Exchange Act section of the Amended Complaint may be considered in support of the Securities Act claim, these general, boilerplate factual assertions fail to satisfy the pleading requirements for control person liability. The Outside Director Defendants cannot be held liable as control persons for the purported Securities Act violations of others based on nothing more than their signatures on the Offering Documents and their service on board committees. To hold otherwise would create per se control person liability against any director with respect to any

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

securities offering issued while he or she served as a director.  The Securities Act control person claim against the Outside Director Defendants should be dismissed with prejudice.

### IV.    THE SECTION 11 CLAIM AGAINST THE OUTSIDE DIRECTOR DEFENDANTS IS BASED ON THE AMENDED COMPLAINT'S UNIFIED COURSE OF ALLEGEDLY FRAUDULENT CONDUCT AND SHOULD BE DISMISSED FOR FAILURE TO SATISFY RULE 9(B)

The Amended Complaint alleges that the Officer Defendants, acting collectively, caused WaMu to engage in four types of supposed improper activity during the Class Period: (1) deliberate efforts to decrease the efficacy of WaMu's risk management policies; (2) deliberate corruption of WaMu's appraisal policies; (3) deliberate abandonment of appropriate underwriting standards for WaMu loans; and (4) intentional misrepresentations of WaMu's financial results. Am. Complt. ¶ 1.  The Officer Defendants who allegedly caused WaMu to engage in these improper activities include Kerry K. Killinger and Thomas Casey.  Am. Complt. ¶ 2.  For their Exchange Act claims, plaintiffs allege that the Officer Defendants made false and misleading statements and omissions concerning these four categories of improper activity in several of WaMu's public disclosures, and that these alleged misstatements and omissions supposedly caused artificial inflation of the price of WaMu's securities during the Class Period.  Am. Complt. ¶ 8.  The public disclosures at issue include the Offering Documents, and in support of the Securities Act claims, plaintiffs allege that the Offering Documents contained material misstatements and omissions.  Am. Complt. ¶ 678.  The alleged misrepresentations and omissions in the Offering Documents concern the very same four categories of purported improper activity at issue in the Exchange Act claims.  Am. Complt. ¶¶ 719-752.

With respect to the Prior Complaint, the Court acknowledged that the Section 11 claim against Officer Defendants Killinger and Casey "allege[s] misrepresentations regarding much of the same conduct . . . forming the basis of Plaintiffs' fraud claims against them under the Exchange Act." *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 2009 WL 1393679, at *13.  In the Amended Complaint, as in the Prior Complaint, the alleged core misconduct that

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

forms the basis for the alleged misrepresentations and omissions in violation of the Exchange Act against Officer Defendants Killinger and Casey is the same as the alleged misconduct underlying the Securities Act claims. A fair reading of the Amended Complaint demonstrates that the alleged Securities Act violation by the Outside Director Defendants is based on the same core, allegedly fraudulent conduct which forms the basis of the Exchange Act and Securities Act claims against Officer Defendants Killinger and Casey, who are named in both the Exchange Act and Securities Act claims.

The sounds-in-fraud doctrine is well established in the Ninth Circuit. *See Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156 (9th Cir. 2009); *In re Daou Sys., Inc.*, 411 F.3d 1006 (9th Cir. 2005); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996). The application of the sounds-in-fraud doctrine does not depend on the elements of the specific causes of action asserted against particular defendants but focuses instead on the underlying facts and the nature of the conduct alleged in the complaint, regardless of plaintiff's characterization of those facts. *See Vess*, 317 F.3d at 1103-04. Where, as here, a plaintiff alleges a unified course of fraudulent conduct throughout the complaint and relies entirely on that course of conduct to support Securities Act claims, those claims are grounded in fraud and must satisfy the particularity requirements of Rule 9(b). *Id.* The analysis is not dependent on whether the complaint asserts fraud-based or non-fraud-based causes of action against certain defendants and not others. *See Batwin*, 2008 WL 2676364, at *19. Nor is it based on whether plaintiffs disclaim reliance on fraud as to any particular claim or any particular parties. *In re Stac*, 89 F.3d at 1405 n.2; *Vess*, 317 F.3d at 1108.

Relying on excerpts from *In re Countrywide Financial Securities Litigation*, 588 F. Supp. 2d 1132, 1163 (C.D. Cal. 2008), plaintiffs argue that because the Amended Complaint does not explicitly allege that the Outside Director Defendants acted fraudulently and because plaintiffs deny that they are alleging fraud against the Outside Director Defendants, none of the Amended Complaint's claims against the Outside Director Defendants sound in fraud. Opp. at 8-9. But

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

this argument is logically inconsistent with and renders meaningless the sounds-in-fraud doctrine as it has developed in the Ninth Circuit.  There is no question that if the Amended Complaint explicitly alleged fraud-based causes of action against the Outside Director Defendants, the particularity requirements of Rule 9(b) would apply.  In such circumstances, the sounds-in-fraud analysis is unnecessary.  However, the sounds-in-fraud doctrine exists precisely for circumstances like those presented here in which plaintiffs assert that their Securities Act claim does not rely on fraud.  The sounds-in-fraud doctrine requires the Court to independently and carefully consider the complaint as a whole to determine whether plaintiff alleges a unified course of fraudulent conduct that underlies all of its assertions of misrepresentations or omissions, *even if* the complaint does not allege specific fraud-based causes of action against certain defendants.  *In re Daou Sys.*, 411 F.3d at 1027.

Plaintiffs' reliance on the *Countrywide* decision is misplaced.  The court in *Countrywide* deferred entirely to plaintiffs' assertion regarding which defendants had engaged in fraud, and the court did not conduct an independent analysis of the complaint as a whole—as required by the Ninth Circuit—to determine whether the conduct underlying other claims against the defendants was based on a unified course of fraudulent conduct.  *See Vess*, 317 F.3d at 1104.  The approach taken by the *Countrywide* court is inconsistent with the analysis required by the Ninth Circuit for purposes of applying the sounds-in-fraud doctrine.  "To ascertain whether a complaint 'sounds in fraud,' we must normally determine, after a close examination of the language and structure of the complaint, whether the complaint 'allege[s] a unified course of fraudulent conduct' and 'rel[ies] entirely on that course of conduct as the basis of a claim.'"  *Rubke*, 551 F.3d at 1161(quoting *Vess*, 317 F.3d at 1103-04) .  In *Rubke* the Ninth Circuit noted that where, as here, a complaint employs the exact same factual allegations to allege a Section 11 claim as it uses to allege fraudulent conduct in connection with an Exchange Act claim, the court "can assume that it sounds in fraud."  *Id.* (citing *Daou*, 411 F.3d at 1028).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

Contrary to plaintiffs' assertion, Opp. at 9, the Motion provides a number of specific examples demonstrating that the factual allegations underlying the admittedly fraud-based Exchange Act claims against Officer Defendants Killinger and Casey are the same as those which underlie the Section 11 claim against the Outside Director Defendants.  Motion at 17-19. Instead of addressing these points, the Opposition cites to the Amended Complaint's conclusory allegation asserting that none of the Outside Director Defendants "made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were accurate and complete in all material respects" as evidence that the Amended Complaint in fact pleads a negligence theory as to the Outside Director Defendants. Opp. at 7-8.

For several reasons, this negligence allegation does not plausibly present a viable negligence theory against the Outside Director Defendants and does not alter the conclusion that the core facts and alleged underlying conduct are the same for both the Exchange Act and Securities Act claims in the Amended Complaint.  First, the conclusory allegation of negligence does not contain specific facts as to the Outside Director Defendants, but offers, in essence, a legal conclusion concerning plaintiffs' view regarding due diligence requirements for public offerings.  It is boilerplate language concerning the purported role of directors, officers, underwriters and accountants in due diligence.  Such an allegation is no more substantive than plaintiffs' efforts to disclaim reliance on fraud in connection with the Securities Act claims and therefore should be disregarded by the Court in considering the Motion.  *See In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1104 (D. Nev. 1998) (disregarding boilerplate assertions that claims are based in negligence and not fraud, and applying requirements of Rule 9(b) to Securities Act claims).  Second, this conclusory negligence allegation is the only negligence allegation against the Outside Director Defendants in the entire 877-paragraph Amended Complaint and utterly lacks specific factual support.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that factual allegations must be sufficient to raise a right to relief beyond

the speculative level to survive a challenge on a motion to dismiss).  When compared to the allegations of fraud that permeate the Amended Complaint, plaintiffs' assertion that the alleged misrepresentations and omissions in the Offering Documents were the result of mere negligence is implausible.

Because the Section 11 claim against the Outside Director Defendants is based on the same core factual allegations and alleged course of conduct that plaintiffs concede is fraudulent as to Officer Defendants Killinger and Casey, no matter where it appears in the Amended Complaint, the Amended Complaint's Section 11 claim against the Outside Director Defendants sounds in fraud and must satisfy Rule 9(b).  If the Court requires the application of Rule 9(b) to the Securities Act claim against the Outside Director Defendants – as it should – then the claims cannot survive.  Although, as plaintiffs assert, Opp. at 10, an allegation of scienter is not required, plaintiffs have nevertheless failed to connect each individual Outside Director Defendant to the alleged misconduct, which is required by Rule 9(b).  *In re Stac*, 89 F.3d at 1411.  The Amended Complaint offers no facts, let alone detailed facts, connecting the Outside Director Defendants to the alleged misstatements and omissions in the Offering Documents. Therefore, when Rule 9(b) is appropriately applied to plaintiffs' Section 11 claim against the Outside Director Defendants, the claim fails to satisfy the substantive particularity requirements. Accordingly, the Section 11 claim against the Outside Director Defendants should be dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion, the Outside Director Defendants respectfully request that the Court dismiss all claims against them with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (dismissal of a claim with prejudice appropriate where there is "a strong indication that the plaintiffs have no additional facts to plead.") (quotation marks and internal citations omitted).

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2   DATED:  August 25, 2009                    **PERKINS COIE LLP**
3
4
5
6                                              By: _s/Ronald L. Berenstain_____
7                                                  Ronald L. Berenstain, WSBA #7573
8                                                  David F. Taylor, WSBA #25689
9                                                  Sean C. Knowles, WSBA #39893
10                                                 1201 Third Avenue Suite 4800
11                                                 Seattle, WA 98101-3099
12                                                 Phone:    (206) 359-8000
13                                                 Fax:      (206) 359-9000
14                                                 Emails:   rberenstain@perkinscoie.com
15                                                           dftaylor@perkinscoie.com
16                                                           sknowles@perkinscoie.com
17
18
19                                             *Attorneys for Defendants Anne V. Farrell,*
20                                             *Stephen E. Frank, Thomas C. Leppert, Charles*
21                                             *M. Lillis, Phillip D. Matthews, Regina T.*
22                                             *Montoya, Michael K. Murphy, Margaret*
23                                             *Osmer McQuade, Mary E. Pugh, William G.*
24                                             *Reed, Jr., Orin C. Smith, James H. Stever, and*
25                                             *Willis B. Wood, Jr.*
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2009, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

email addresses indicated on the Court's Electronic Mail Notice List, and I hereby certify that I

have mailed the foregoing document via United States first class mail, postage prepaid, to the

non-CM/ECF participants indicated on the Court's Manual Notice List.

DATED at Seattle, Washington, this 25th day of August, 2009.


*s/Ronald L. Berenstain*
Ronald L. Berenstain, WSBA #7573
David F. Taylor, WSBA #25689
Sean C. Knowles, WSBA #39893
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA, 98101
Phone:        (206) 359-8000
Fax:            (206) 359-9000
Emails:        rberenstain@perkinscoie.com
                    dftaylor@perkinscoie.com
                    sknowles@perkinscoie.com

*Attorneys for Defendants Anne V. Farrell, Stephen
E. Frank, Thomas C. Leppert, Charles M. Lillis,
Phillip D. Matthews, Regina T. Montoya, Michael
K. Murphy, Margaret Osmer McQuade, Mary E.
Pugh, William G. Reed, Jr., Orin C. Smith, James
H. Stever, and Willis B. Wood, Jr.*

REPLY MEMORANDUM IN SUPPORT OF OUTSIDE DIRECTOR
DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT [DD-06] (No. 2:08-md-1919 MJP) - 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000