UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation | Case No. 2:08-md-1919 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>No. C09-664 MJP<br>No. C09-816 MJP | Lead Case No. C08-387 MJP<br><br>ORDER ON MOTION TO REMAND |

This matter comes before the Court on Lou Solton's and City of San Buenaventura's (collectively "Plaintiffs") joint motion to remand their actions, Nos. C09-664-MJP and C09-816-MJP, respectively, to the Superior Court of the State of California. (No. C08-387-MJP, Dkt. No. 99.) Having reviewed the joint motion, Defendants' response (No. 08-md-1919-MJP, Dkt. No. 355), Plaintiffs' reply (No. 08-md-1919, Dkt. No. 359), and all papers filed in support thereof, the Court DENIES Plaintiffs' motion for the reasons set forth below.

**Background**

Plaintiff Lou Solton, Monterey County Treasurer, filed suit on behalf of the Monterey County Investment Pool in the Superior Court of the State of California, County of San Francisco, against several officers and directors of Washington Mutual, Inc. ("WaMu") and Deloitte & Touche LLP ("Deloitte"). (No. C09-816, Dkt. No. 2-10.) Plaintiff City of San

ORDER ON PLAINTIFFS' MOTION FOR REMAND - 1

Buenaventura filed an identical suit in the same court. (No. C09-664, Dkt. No. 2-4.) Plaintiffs' complaints track the same basic claims raised in the 22 other cases that were consolidated into the Multi-District Litigation ("MDL") pending before this court against WaMu. (See No. 08-md-1919.) Plaintiffs pursue California state law claims of fraud, negligent misrepresentation, breach of fiduciary duty, and violations of California Corporations Code § 25400 et seq. (No. C08-387, Dkt. No. 99 at 8.) Both cases were removed to federal court pursuant to 28 U.S.C. § 1446(d), and transferred to the WaMu MDL pending in this Court. (No. C09-664, Dkt. No. 1; No. C09-816, Dkt. No. 1.) The Court then consolidated both cases with the MDL. (No. C09-664, Dkt. No. 5.)

Plaintiffs seek to remand the two cases back to the Superior Court of California on the theory that the Court lacks jurisdiction, that it must abstain under 28 U.S.C. § 1334(c), and, alternatively, that it should invoke its authority to abstain on equitable grounds. (No. 08-md-1919, Dkt. No. 359.)

**Analysis**

A. <u>Jurisdiction</u>

Plaintiffs assert that the Court lacks jurisdiction because their claims are not "related to" the bankruptcy proceedings involving WaMu. See 28 U.S.C. § 1334(b); (No. C08-387, Dkt. No. 99 at 10-12.) The Court disagrees.

Under 28 U.S.C. § 1334(b), the Court has original jurisdiction over all suits "arising in or related to cases under title 11." Section 1334(b) extends jurisdiction to suits that "could conceivably have any effect on the estate being administered in bankruptcy." In re Feitz, 852 F.2d 455, 457 (9th Cir. 1988) (quotation omitted). Even if the debtor is not named in the suit that is "related to" the bankruptcy proceeding, jurisdiction under § 1334(b) may exist. See Celotex Corp. v. Edwards, 514 U.S. 300, 307 n.5 (1995) (noting that § 1334(b) applies to "suits between third parties which have an effect on the bankruptcy estate") (quotation omitted). Where the party has a right to indemnification from the debtor company, a suit

1  against that party is generally "related to" the bankruptcy proceedings. See Carpenters
2  Pension Trust v. Ebbers, 299 B.R. 610, 613 (Bankr. C.D. Cal. 2003). This right need not arise
3  out of an unconditional contractual agreement. See In re Sizzler Rest. Int'l, Inc., 262 B.R.
4  811, 818-19 (Bankr. C.D. Cal. 2001.)

Plaintiffs' claims against the officer and director defendants fall squarely within this Court's jurisdiction under § 1334(b). First, WaMu is currently in bankruptcy proceedings. (See No. 08-387, Dkt. No. 99 at 10.) Second, Plaintiffs' allegations against the officer and director defendants have a strong likelihood of affecting the bankruptcy estate. Not only is WaMu contractually obligated to indemnify these defendants against allegations of fraud, but the bankruptcy court has already entered an order permitting WaMu to advance defense costs from WaMu's Director and Officers ("D&O") insurance policies to these defendants. (Caplow Decl. Exs. B-D.) This satisfies jurisdiction under § 1334(b). See Ebbers, 299 B.R. at 613. Plaintiffs argue that there is no right to indemnification if these defendants are "finally adjudged" to have engaged in intentional misconduct. (No. C08-387, Dkt. No. 99 at 7 (citing RCW 23B.08.510).) Plaintiffs ignore that the pertinent inquiry is whether Plaintiffs' claims have a conceivable effect on bankruptcy estate at the time of removal, not at the conclusion of litigation. See Spencer v. U.S. Dist. Court, 393 F.3d 867, 871 (9th Cir. 2004).

Plaintiffs' claims against Deloitte are also "related to" the WaMu bankruptcy proceedings pursuant to § 1334(b). Deloitte asserts that it has potential claims of contribution against WaMu that could reduce the WaMu estate if Plaintiffs are successful in their actions. (No. 08-md-1919, Dkt. No. 355 at 11.) This satisfies jurisdiction under § 1334(b), even absent a contractual indemnity agreement. See In re Sizzler, 262 B.R. at 818-19; In re Lehman Brothers Sec. & ERISA Litig., 09-MD-2017 (LAK), Pretrial Order No. 8 (S.D.N.Y Apr. 22, 2009) (holding that an auditor's potential claims for contribution from the bankruptcy estate cause the action against the auditor to fall within § 1334(b) jurisdiction). The Court also has supplemental jurisdiction over the claims against Deloitte, which arise out

of the same case and controversy against the officers and director defendants which gives this Court original jurisdiction. 28 U.S.C. § 1367(a); see Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 n.5 (9th Cir. 1997). Jurisdiction is proper in this Court.

B. Abstention

Plaintiffs ask the Court to remand the cases pursuant to the mandatory and permissive abstention provisions of 28 U.S.C. § 1334(c). Plaintiffs' request is unavailing.

"Abstention can exist only where there is a parallel proceeding in state court." Security Farms, 124 F.3d at 1009. This applies to both mandatory and permissive abstention. Id. at 1010. When the underlying state proceedings are removed to federal court, they are no longer considered pending in state court. See id. Here, both actions were removed to federal court, and are no longer pending in state court. With no pendant state actions, § 1334(c) is inapplicable. The Court rejects Plaintiffs' request.

C. Equitable Abstention

Plaintiffs ask the Court to remand on the basis of equitable abstention. Seven factors are relevant to the Court's consideration. Bally Total Fitness Corp. v. Contra Costa Retail Ctr., 384 B.R. 566, 572 (Bankr. N.D. Cal. 2008). Those factors are: (1) "the effect of the action on the administration of the bankruptcy estate"; (2) the extent to which issues of state law predominate and the difficulty of applicable state law; (3) comity; (4) "the relatedness or remoteness of the action to the bankruptcy case"; (5) the right to a jury trial; and (6) "prejudice to the party involuntarily removed from state court." Id.

The equities weigh against Plaintiffs' request for abstention. First, having multiple cases outside the MDL seeking contribution from the WaMu estate weighs heavily against abstention. Second, while Plaintiffs' claims are based on state law, they are not unusual or complex. See In re Diversified Contract Servs., Inc., 167 B.R. 591, 597 (Bankr. N.D. Cal. 1994). Third, Plaintiffs have not shown that comity is better served by remand. Fourth, these cases are not remote to the bankruptcy proceedings, as described above. Fifth, Plaintiffs have

a right to jury in this Court.  Sixth, Plaintiffs have demonstrated that there may have been some delay caused by removing these cases to this Court.  On balance, these factors weigh against abstention.  See Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) ("[F]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given them.").

**Conclusion**

Plaintiffs have not shown why the Court lacks jurisdiction under § 1334(b) or why abstention under § 1334(c) is proper.  Further, the equities weigh strongly against the Court exercising its discretionary authority to abstain.  These two cases will remain consolidated with the MDL proceedings, and Plaintiffs' motion is DENIED.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 2nd day of November, 2009.

Marsha J. Pechman
United States District Judge