The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES, DERIVATIVE & ERISA LITIGATION | No. 2:08-md-1919 MJP |
| | Lead Case No. C08-0387 MJP |
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION | **AMENDED STIPULATED ORDER ESTABLISHING DEPOSITION PROTOCOL** |
| This Document Relates to: ALL ACTIONS | |
| | **(DLC-12/PLC-13)** |
| IN RE WASHINGTON MUTUAL, INC. CALIFORNIA SECURITIES LITIGATION | Lead Case No. C09-664 MJP |
| This Document Relates to: ALL CASES | |

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

# DEPOSITION PROTOCOL ORDER

This Deposition Protocol shall govern all depositions of fact witnesses in all proceedings that have been consolidated or coordinated with MDL 1919. Expert witness depositions are not subject to this Deposition Protocol.

## I. PARTIES SUBJECT TO THE DEPOSITION PROTOCOL

As set forth in detail below, all named plaintiffs and named defendants in the complaints that comprise this MDL are subject to this Deposition Protocol. By agreeing to this Deposition Protocol, there is no agreement or concession that a party is entitled to the discovery requested, that any particular deposition is appropriate and relevant to the subject matter of this case, nor is there any waiver of any jurisdictional or any other defense, including all defenses enumerated under Rule 12.

### A. Plaintiffs

#### 1. Class Action Plaintiffs

The "Class Action Plaintiffs" are the Lead Plaintiff and additional Plaintiffs named in the Amended Consolidated Class Action Complaint, dated June 15, 2009, in the consolidated Class Action (i.e., Master File No. 08-md-1919-MJP).

#### 2. Coordinated Plaintiffs

The "Coordinated Plaintiffs" are the plaintiffs named at ¶ 24 of the Second Amended Complaint, dated July 23, 2010 ("Flaherty SAC"), filed in *Flaherty & Crumrine Preferred Income Fund Inc. v. Killinger*, Case No. C09-1756-MJP [Dkt. 102 in C09-1756 MJP; Dkt. 693 in 08-1919-MJP]; and the plaintiffs named at ¶¶ 19-20 of the Second Amended Consolidated Complaint, dated May 21, 2010 ("California SACC") filed in *Solton v. Killinger*, Case No. C09-664-MJP [Dkt. 70 in 09-cv-664-MJP; Dkt. 609 in 08-1919-MJP].

Lead Counsel shall keep Counsel for the Coordinated Plaintiffs informed about depositions of common interest in the Class Action and the Coordinated Actions. To assure cooperation and orderly case management, the communication of information among and

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 1

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

1 between Lead Counsel and Counsel for the Coordinated Plaintiffs shall not be deemed a waiver
2 of the attorney-client privilege or the work product doctrine.

3       Counsel for the Class Action Plaintiffs and the Coordinated Plaintiffs agree to use
4 their best efforts to coordinate deposition discovery of fact witnesses.  To the extent practicable,
5 communications from the Coordinated Plaintiffs to defense counsel regarding depositions shall
6 be through Lead Counsel.  Counsel for the Coordinated Plaintiffs will communicate all
7 appropriate requests for depositions by any of the Coordinated Plaintiffs to Lead Counsel.

8       Unless agreed by the parties or otherwise ordered by the Court, an individual will
9 only be deposed one time and that deposition may be used in the Class Action and any of the
10 Coordinated Actions.  The depositions taken by plaintiffs will be conducted by Lead Counsel.  In
11 advance of each deposition, counsel for the Coordinated Plaintiffs shall confer with Lead
12 Counsel as to the areas of expected examination.  Should any counsel for the Coordinated
13 Plaintiffs seek to ask non-duplicative questions of a deponent, Lead Counsel shall devise a
14 process through consultation with counsel in the Coordinated Actions to permit an attorney for
15 the Coordinated Plaintiffs to participate in the taking of the deposition according to guidelines to
16 which Lead Counsel and counsel for the Coordinated Plaintiffs agree.  Counsel for the
17 Coordinated Plaintiffs who conducts any such examination shall use best efforts to complete the
18 examination within the time allotted to the Lead Plaintiff.

19     **B.**    **Defendants**

20       Those named at ¶¶ 16-39 and 680-714 of the Securities Amended Complaint, ¶¶
21 26-51 of the Flaherty SAC, and ¶¶ 22-35 of the California SACC:

22       1.    Melissa J. Ballenger.
23       2.    Banc of America Securities LLC.
24       3.    Barclays Capital Inc.
25       4.    BNY Capital Markets, Inc.
26       5.    Cabrera Capital Markets, LLC.
27       6.    Thomas W. Casey.

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 2

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

1     7.    Ronald J. Cathcart.

2     8.    Citigroup Global Markets, Inc.,

3     9.    Credit Suisse Securities (USA) LLC.

4     10.    Deloitte & Touche LLP.

5     11.    Deutsche Bank Securities Inc.

6     12.    Goldman, Sachs & Co.

7     13.    Greenwich Capital Markets, Inc.

8     14.    Anne V. Farrell.

9     15.    Stephen E. Frank.

10    16.    J.P. Morgan Securities Inc.

11    17.    Keefe, Bruyette & Woods, Inc.

12    18.    Kerry K. Killinger.

13    19.    Thomas C. Leppert.

14    20.    Charles M. Lillis.

15    21.    Philip D. Matthews.

16    22.    Regina T. Montoya.

17    23.    Morgan Stanley & Co. Incorporated.

18    24.    Michael K. Murphy.

19    25.    Margaret Osmer-McQuade.

20    26.    Mary E. Pugh.

21    27.    William G. Reed.

22    28.    Stephen J. Rotella.

23    29.    Samuel A. Ramirez & Company, Inc.

24    30.    David C. Schneider.

25    31.    Orin C. Smith.

26    32.    James H. Stever.

27    33.    UBS Securities LLC.

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 3

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

34. The Williams Capital Group, L.P.

35. Willis B. Wood, Jr.

36. John F. Woods.

## II. SCHEDULING OF DEPOSITIONS

### A. Time Period for Depositions

Depositions will begin on October 4, 2010. No deposition shall take place after July 5, 2011 absent advance permission from the Court.

### B. Scheduling Committee

Lead Plaintiff and Defendants shall create a Scheduling Committee (the "Scheduling Committee") of no more than two representatives, one member for Lead Plaintiff and one member for Defendants, to oversee the selection and scheduling of all fact witness depositions, and shall notify all parties of the members of the Scheduling Committee within 7 calendar days of the date of this Order. The Scheduling Committee shall consult before depositions are noticed and shall make reasonable efforts to schedule depositions (including third-party depositions) on dates and locations convenient for the witnesses and counsel.

As a general matter, Lead Plaintiff's counsel in the Securities Action shall be responsible for coordinating depositions among the Coordinated Plaintiffs, and the Coordinated Plaintiffs shall not notice or schedule any depositions without first conferring with Lead Plaintiff's counsel in the Securities Action. Likewise, as a general matter, Defendants' liaison counsel shall be responsible for coordinating depositions among Defendants in the Coordinated Actions, and Defendants in the Coordinated Actions shall not notice or schedule any depositions without first conferring with Defendants' liaison counsel.

### C. Deposition Phases

As defined below, the parties will conduct the depositions in three phases (each a "Phase").

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 4

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

On or before September 10, 2010, the parties shall exchange lists of anticipated witnesses and proposed deposition dates for the purpose of scheduling depositions between October 4, 2010 and December 23, 2010 ("Phase I").

On November 19, 2010, the parties shall exchange lists of anticipated witnesses and proposed deposition dates for the purpose of scheduling depositions between January 4, 2011 and March 25, 2011 ("Phase II").

On March 1, 2011, the parties shall exchange lists of anticipated witnesses and proposed deposition dates for the purpose of scheduling depositions between March 28, 2011 and July 5, 2011 ("Phase III").

| Phase | Time Period | List of Deponents Due |
|---|---|---|
| **I** | **October 4, 2010 to December 23, 2010** | **September 10, 2010** |
| **II** | **January 4, 2011 to March 25, 2011** | **November 19, 2010** |
| **III** | **March 28, 2011 to July 5, 2011** | **March 1, 2011** |

**D.   Deposition Scheduling**

1.   The purpose of this scheduling protocol is to facilitate, coordinate and streamline the scheduling and conduct of depositions. For each Phase, one Defendant representative and one Lead Plaintiff representative shall prepare a good faith list, in accordance with the deadlines set forth above, of the witnesses that they reasonably believe their side will want to depose during the Phase. The representative for Lead Plaintiff will share the list with counsel for the Coordinated Plaintiffs prior to exchanging the list with the Defendant representative.

2.   To facilitate scheduling, a party at its election may prioritize its list of witnesses as a first or second choice for deposition during the Phase. To ensure adequate notice, the parties may begin the process of scheduling and issuing subpoenas to third-party witnesses prior to a deadline for exchanging lists.

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 5

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

3. Within ten (10) calendar days of exchanging the lists of anticipated witnesses and proposed deposition dates, any counsel representing any witness shall notify the noticing party of such representation and shall work cooperatively to select mutually agreeable dates for the deposition, subject to any calendar conflicts of the witness.

4. At least 20 calendar days before the beginning of each phase, the Scheduling Committee shall notify all parties of the final list of the deponents for that phase, as of that date. To the extent necessary, the Scheduling Committee will promptly provide all parties with updates, changes or additions to the deposition schedule.

5. The party requesting the deposition shall be responsible for serving deposition notices for that deposition on all parties. Counsel for parties who seek depositions of non-party witnesses shall contact the non-party in an attempt to voluntarily schedule the requested deposition within the time requested by counsel. Counsel for parties who seek depositions of non-party witnesses are responsible for serving a subpoena on the non-party pursuant to Rule 45 of the Federal Rules of Civil Procedure. Counsel shall coordinate with the Scheduling Committee in scheduling non-party depositions.

6. Depositions may be scheduled Monday through Friday. Absent good cause or extraordinary circumstances, only one deposition per day may be scheduled during Phase I and II, and no more than two depositions per day may be scheduled during Phase III.

7. If the counsel acting to coordinate the deposition is unable to secure the voluntary attendance of the anticipated witness (for example, former employees of the Defendants) within a reasonable period, the party that requested the deposition will be notified so that arrangements can be made for the issuance and service of a subpoena.

8. After the exchange of witness lists, or during a Phase, a party may remove, substitute or notice additional depositions as long as the party provides sufficient notice of the new or additional deposition, for party witnesses the party and his or her counsel agree, and it does not result in exceeding the number of depositions per day allowed during that Phase.

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 6

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

9. In the event a witness who is identified cannot be scheduled during the originally proposed time period, the one Defendant representative and one Lead Plaintiff representative shall use their good faith efforts to schedule the deposition of the witness as soon as possible in the next phase.

10. In the event the Scheduling Committee is unable to reach a resolution regarding the schedule or order of depositions, the party seeking relief may present the issue to the Court for expedited consideration pursuant to the procedures set forth in Local Rule 37.

### E. Daily Schedule

Lead Plaintiff and Defendants shall make reasonable efforts to schedule depositions to begin at 9:00 a.m. (time zone of deposition) on Monday through Thursday and to begin at 8 a.m. (time zone of deposition) on Friday, unless otherwise agreed to by counsel.

### F. Location of Depositions

To the extent possible and consistent with the Federal Rules of Civil Procedure, Seattle is the preferred location for depositions. If a witness does not agree to appear in Seattle, the location of the deposition will be set in accordance with the Federal Rules of Civil Procedure, and the Scheduling Committee will make a good faith effort to conduct the deposition near a commercial airport.

If multiple witnesses' depositions will take place in the same city, the Scheduling Committee shall use its best efforts to schedule those depositions during the same week or weeks of a particular phase, and on consecutive days, in order to reduce the amount of travel required by the parties and their counsel.

## III. DEPOSITION LIMITATIONS

### A. Duration of Depositions

Absent good cause, extraordinary circumstances, or otherwise ordered by the Court, the examination of a witness is limited to a maximum of 1 day (defined as 7 hours of examination), except that Plaintiffs and Defendants may each designate up to 13 witnesses who

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 7

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

may be deposed for up to 2 days (defined as 14 hours of examination), or as otherwise agreed to by counsel (the "Extended Time Witnesses").  The party noticing a deposition will begin the examination but will leave a reasonable amount of time for other parties to ask questions of the witness, if desired.  If a witness has a documented medical condition that affects his or her ability to testify for 7 consecutive hours, the parties agree to work in good faith to accommodate an alternative schedule for that witness.

**B.    Number of Depositions**

The presumptive limitation on the number of depositions that either side may take does not apply in this case, and thus Plaintiffs and Defendants need not seek leave of Court under Federal Rule of Civil Procedure 30(a)(2) to take in excess of 10 depositions, respectively. However, to promote efficiency and avoid unlimited depositions, the parties also agree that there will be no more than 13 depositions of current or former Deloitte employees.  If the parties later require additional depositions from Deloitte, and if the parties cannot agree on the additional number of depositions, the party seeking relief may present the issue to the Court for expedited consideration pursuant to the procedures in Local Rule 37.  With respect to the number of depositions of current or former employees of the underwriter defendants, Plaintiffs' counsel and underwriter defendants' counsel are continuing to meet and confer on that question.

**C.    Holidays**

No depositions may be scheduled on the days of or the day before an in-person Court hearing in any of these coordinated actions, or any national or religious holidays.  For purposes of this Deposition Protocol, such holidays are New Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover (2 days), Good Friday, Easter Monday, Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, and Christmas Day.

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 8

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

## IV.   CONDUCT OF DEPOSITIONS

### A.   Objections

Counsel shall comply with Fed. R. Civ. P. 30(d)(1). Objections will be made by counsel by stating, "Objection," and the basis for the objection concisely and in a nonargumentative and nonsuggestive manner. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those as to form and privilege, are reserved until trial or other use of the deposition. Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form and foundation until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

In the event that a discovery dispute arises during a deposition that requires Court intervention, the parties may contact the Court in an attempt to resolve such dispute informally. If the Court is unavailable, the deposition will continue as to matters not in dispute and the party seeking relief may present the issue to the Court for expedited consideration pursuant to the procedures set forth in Local Rule 37.

### B.   Remote-Access Protocol

All counsel, both attending in person and by remote access, shall identify themselves and whom they represent for the record at the outset of each deposition. If counsel participating remotely believes that an objection not already made must be made on the record, such counsel shall identify themselves and state the objection. Counsel participating in depositions by remote access shall have the same opportunity to examine the witnesses as counsel attending in person.

## V.   EXHIBITS

All exhibits shall be marked sequentially. Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers. The index of exhibits annexed to each deposition

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 9

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

transcript shall contain, for each exhibit marked or referred to in the deposition, the document production (Bates) number, the exhibit number, and a brief description of the exhibit.

The deposition reporter shall be responsible for ensuring that the original of all deposition transcripts, including exhibits, are placed in a document depository.

## VI. COURT REPORTERS

The parties shall confer in good faith to select one court-reporting firm that will record, and where requested, videotape depositions taken under this Protocol. The court-reporting firm shall record all conference calls with the Court that occur during any deposition as part of that day's deposition transcript. Where counsel provides notice of their intent to attend deposition telephonically, teleconference capability will be provided for that deposition.

The court reporter will deposit the original transcript in a document depository. If for any reason the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

Any deposition may be videotaped by camera from a fixed position and distance. The video shall display both the questioning attorney and the deponent.

## VII. CONFIDENTIALITY PROVISIONS

Counsel shall have 30 calendar days from receipt of the deposition transcript to designate any portion thereof as confidential pursuant to the confidentiality order entered in this case. Such designations shall indicate the specific portion of the transcript by page and line number that counsel seeks to have designated as confidential. Until 30 calendar days from receipt of the deposition transcript has elapsed, a deposition transcript shall be presumed confidential and is subject to the Stipulated Protective Order [Dkt. 132 in 08-md-1919-MJP].

## VIII. AMENDMENTS

This Deposition Protocol Order may be modified by the agreement of counsel for the parties below or by order of the Court for good cause shown.

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 10

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

## IX.     REPORTS TO THE COURT

Once depositions begin in October 2010, the Scheduling Committee will report to the Court during the regularly scheduled status conferences as to the progress of the deposition process.

DATED this            day of August, 2010.

| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | **BYRNES & KELLER LLP** |
| By: *s/* Timothy A. DeLange<br>    Chad Johnson (*pro hac vice*)<br>    Hannah Ross (*pro hac vice*)<br>    1285 Avenue of the Americas, 38th Floor<br>    New York, New York 10019<br>    Tel.: (212) 554-1400<br>    Fax: (212) 554-1444<br>    Email: chad@blbglaw.com<br>           hannah@blbglaw.com<br>        -and-<br>    Timothy A. DeLange (*pro hac vice*)<br>    Jon F. Worm (*pro hac vice*)<br>    12481 High Bluff Drive, Suite 300<br>    San Diego, CA 92130<br>    Tel:    (858) 793-0070<br>    Fax:    (858) 793-0323<br>    timothyd@blbglaw.com<br>    jonw@blbglaw.com | By: *s/* Bradley S. Keller<br>    Bradley S. Keller, WSBA# 10665<br>    Jofrey M. McWilliam, WSBA# 28441<br>    1000 Second Avenue, Suite 3800<br>    Seattle, Washington 98104<br>    Tel.: (206) 622-2000<br>    Fax: (206) 622-2522<br>    Email: bkeller@byrneskeller.com<br>           jmcwilliam@byrneskeller.com |
| *Counsel for Ontario Teachers' Pension Plan Board and Lead Counsel for the Class* | *Liaison Counsel for the Class* |

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 11

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

**COTCHETT, PITRE & McCARTHY**

By: *s/ Mark C. Molumphy*
    Mark C. Molumphy
    Jordanna Thigpen
    Matthew K. Edling
    840 Malcolm Road, Suite 200
    Burlingame, California 94010
    Tel: (650) 697-6000
    Fax: (650) 697-0577
    E-mail:  mmolumphy@cpmlegal.com
               jthigpen@cpmlegal.com
               medling@cpmlegal.com

*Counsel for Plaintiff Lou Solton, Monterey County Treasurer, on behalf of the Monterey County Investment Pool, and for Plaintiff City of San Buenaventura*

**MONTEREY COUNTY COUNSEL**
Charles J. McKee

**LAVORATO, CHILTON, HOUSE & LAVORATO**
Sam A. Lavorato, Sr.
Christopher Lavorato
*Counsel for Plaintiff Lou Solton, Monterey County Treasurer, on behalf of the Monterey County Investment Pool*

**CITY ATTORNEY, CITY OF SAN BUENAVENTURA**
Ariel Pierre Calonne
*Counsel for Plaintiff City of San Buenaventura*

**DIETRICH SIBEN THORPE LLP**

By: *s/ David A. Thorpe*
    David A. Thorpe
    Edward P. Dietrich
    Matthew P. Siben
    2173 Salk Avenue, Suite 250
    Carlsbad, CA 92008
    Tel.: (760) 579-7368
    Fax: (760) 579-7369
    E-mail:  edward@dstlegal.com
               matthew@dstlegal.com
               david@dstlegal.com

*Counsel for Plaintiffs Flaherty & Crumrine Preferred Income Fund Incorporated, Flaherty & Crumrine Preferred Income Opportunity Fund Incorporated, Flaherty & Crumrine/Claymore Preferred Securities Income Fund Incorporated, Flaherty & Crumrine/Claymore Total Return Fund Incorporated, and Flaherty & Crumrine Investment Grade Fixed Income Fund*

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 12

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax:  (206) 757-7700

| | |
|---|---|
| **SIMPSON THACHER & BARTLETT LLP** | **DAVIS WRIGHT TREMAINE LLP** |
| Barry R. Ostrager (*pro hac vice*)<br>Mary Kay Vyskocil (*pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br>Tel.: (212) 455-2700<br>Fax: (212) 455-2502<br>Email: bostrager@stblaw.com<br>         mvyskocil@stblaw.com | By: *s/* Steven P. Caplow<br>Stephen M. Rummage, WSBA #11168<br>Steven P. Caplow, WSBA #19843<br>1201 Third Avenue, Suite 2200<br>Seattle, Washington 98101-3045<br>Tel.: (206) 757-8108<br>Fax: (206) 757-7136<br>Email: steverummage@dwt.com<br>         stevencaplow@dwt.com |
| - and - | |
| Deborah L. Stein (*pro hac vice*)<br>K. Lucy Atwood (*pro hac vice*)<br>Jonathan M. Weiss (*pro hac vice*)<br>1999 Avenue of the Stars, 29th Floor<br>Los Angeles, California 90067<br>Tel.: (310) 407-7500<br>Fax: (310) 407-7502<br>Email: dstein@stblaw.com<br>         katwood@stblaw.com<br>         jweiss@stblaw.com | *Counsel for Defendants Thomas W. Casey, Ronald J. Cathcart, Stephen J. Rotella, David C. Schneider, and John F. Woods* |

**PERKINS COIE LLP**

By: */s/* Ronald L. Berenstain
   Ronald L. Berenstain, WSBA #7573
   David F. Taylor, WSBA #25689
   S. Kate Vaughan, WSBA #35970
   1201 Third Avenue, Suite 4800
   Seattle, Washington 98101-3099
   Tel.: (206) 359-8477
   Fax: (206) 359-9477
   Email: rberenstain@perkinscoie.com
         dftaylor@perkinscoie.com
         kvaughan@perkinscoie.com

*Counsel for Defendants Anne V. Farrell, Stephen E. Frank, Thomas C. Leppert, Charles M. Lillis, Phillip D. Matthews, Regina T. Montoya, Michael K. Murphy, Margaret Osmer-McQuade, Mary E. Pugh, William G. Reed, Orin C. Smith, James H. Stever, and Willis B. Wood, Jr.*

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 13

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel: (206) 622-3150
Fax: (206) 757-7700

**WILSON SONSINI GOODRICH & ROSATI, PC**

By: *s/ Barry M. Kaplan*
Barry M. Kaplan, WSBA #8661
Douglas W. Greene, WSBA #22844
Claire L. Davis, WSBA #39812
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104-7036
Tel.: (206) 883-2500
Fax: (206) 883-2699
Email: bkaplan@wsgr.com
   dgreene@wsgr.com
   cldavis@wsgr.com

   *-and-*

Daniel W. Turbow (*pro hac vice*)
Jeffrey P. Palmer (*pro hac vice*)
650 Page Mill Road
Palo Alto, Washington 94304-1050
Tel.: (650) 493-9300
Fax: (650) 493-6811
Email: dturbow@wsgr.com
   jpalmer@wsgr.com

*Counsel for Defendant Kerry K. Killinger*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: *s/ Daniel J. Dunne*
George E. Greer
Daniel J. Dunne
Paul F. Rugani
701 Fifth Avenue, Suite 5700
Seattle, Washington 98104-7097
Tel.: (206) 839-4300
Fax: (206) 839-4301
Email: ggreer@orrick.com
   ddunne@orrick.com
   prugani@orrick.com

*Counsel for Defendant Melissa J. Ballenger*

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 14

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700

**LATHAM & WATKINS LLP**

By: *s/ Peter A. Wald*
  Peter A. Wald (*pro hac vice*)
  Matthew D. Harrison (*pro hac vice*)
  505 Montgomery St., Suite 2000
  San Francisco, CA 94111-2562
  Tel.: (415) 391-0600
  Fax: (415) 395-8095
  Email: peterwald@lw.com
       matt.harrison@lw.com

  -and-

  James J. Farrell (*pro hac vice*)
  Wendy Harper (*pro hac vice*)
  355 South Grand Avenue
  Los Angeles, California 90071
  Tel.: (213) 485-1234
  Fax: (213) 891-8763
  Email: james.farrell@lw.com
       wendy.harper@lw.com

*Counsel for Defendant Deloitte & Touche LLP*

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 15

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700


1 | **GIBSON, DUNN & CRUTCHER LLP**

2 | By: *s/* Jonathan Dickey
Jonathan Dickey (*pro hac vice*)
3 | 200 Park Avenue
New York, New York 10166
4 | Tel.: (212) 351-4000
Fax: (212) 351-4035
5 | Email: jdickey@gibsondunn.com

6 |         -and-

7 | Dean J. Kitchens (*pro hac vice*)
333 South Grand Avenue
8 | Los Angeles, CA 90071-3197
Tel.: (213) 229-7000
9 | Fax: (213) 229-7520
Email: dkitchens@gibsondunn.com

10 |
11 |         -and-

Sally Berens (*pro hac vice*)
12 | 1881 Page Mill Road
Palo Alto, CA 94304-1211
13 | Tel.: (650) 849-5300
Fax: (650) 849-5333
14 | Email: sberens@gibsondunn.corn

15 | *Counsel for Defendants Goldman Sachs & Co., Deutsche Bank Securities LLC, UBS Securities LLC, Banc of America Securities LLC, JP Morgan*
16 | *Securities LLC, Barclays Capital, Inc., Keefe, Bruyette & Woods, Inc., Cabrera Capital Markets LLC, The Williams Capital Group, L.P.,*
17 | *Citigroup Global Markets, Inc., Greenwich Markets, Inc., BNY Capital Markets, Inc., Samuel A. Ramirez & Company, Inc., Credit Suisse*
18 | *Securities (USA) LLP, Morgan Stanley & Co., Inc.*

19 |
20 | **ORDER**

        IT IS SO ORDERED.

21 |
22 | DATED this 19th day of August, 2010

23 |
24 | *[signature]*
    Marsha J. Pechman
25 |     United States District Judge

26 |
27 |

Order Establishing Deposition Protocol
Case No. 2:08-md-1919-MJP
Lead Case No. C08-0387 – Page 16

BYRNES & KELLER LLP
1000 Second Avenue, Suite 3800
Seattle, Washington 98104
Tel: (206) 622-2000
Fax: (206) 622-2522

DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
Tel.: (206) 622-3150
Fax: (206) 757-7700