UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION,

No. 2:08-md-1919 MJP
Lead Case No. C08-387 MJP

This Document Relates to: ALL ACTIONS

**ORDER APPROVING
PLAN OF ALLOCATION OF NET SETTLEMENT FUNDS**

This matter came on for hearing on November 4, 2011 (the "Settlement Hearing") on Lead Plaintiff's motion to determine whether the proposed plan of allocation of the Net Settlement Funds ("Plan of Allocation") created by the Settlements achieved in the above-captioned consolidated securities class action (the "Action") should be approved.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Seattle Times* and the national edition of *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation.

IT IS HEREBY ORDERED, that:

1. This Order approving the Plan of Allocation incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Individual Officer and Director Defendants and with Washington Mutual, Inc. dated June 30, 2011 (ECF No. 874-1), the Stipulation and Agreement of Settlement with the Underwriter Defendants dated June 30, 2011 (ECF No. 875-2), and the

1  Stipulation and Agreement of Settlement with Defendant Deloitte & Touche LLP dated June 30, 2011 (ECF No. 874-3) (collectively, the "Stipulations") and all terms used herein shall, with respect to the respective Stipulations, have the same meanings as set forth in the applicable Stipulation or in the Notice.

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Plaintiff's motion for approval of the proposed Plan of Allocation was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for approval of the proposed Plan of Allocation met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1, 78u-4), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. More than 1.1 million copies of the Notice, which included the Plan of Allocation, were mailed to potential Class Members and there are no objections to the proposed plan.

5. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants as set forth in the Plan of Allocation mailed to Class Members provides a fair and equitable basis upon which to allocate the proceeds of the Net Settlement Funds among Class Members with due consideration having been given to administrative convenience and necessity.

6. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and equitable to the Class.  Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiff.

7. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 4th day of November, 2011.

                                              Marsha J. Pechman
                                              United States District Judge