UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION,<br><br>This Document Relates to: ALL ACTIONS | No. 2:08-md-1919 MJP<br>Lead Case No. C08-387 MJP |

**ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT OF CLASS CLAIM
FILED IN THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC.**

WHEREAS, Plaintiff Brockton Contributory Retirement System ("Brockton" or "Claimant"), on behalf of itself and as a certified class representative in the above-captioned action (the "Action"), and James W. Giddens (the "SIPA Trusteee"), as trustee for the liquidation of Lehman Brothers Inc. ("Lehman") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), have entered into a Stipulation and Order Regarding Proofs of Claim of Brockton Contributory Retirement System, et al. (No. 5765, as Amended by No. 6802, and 5762) and Limited Related Stay Relief dated March 20, 2015 (the "Stipulation"), that provides for, among other things, the resolution of the Class Claim in Lehman's SIPA liquidation proceeding, *In re Lehman Bros. Inc.*, Case No. 08-01420 (SCC) SIPA (Bankr. S.D.N.Y.) (the "SIPA Proceeding") on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, on April 7, 2015, the United States Bankruptcy Court for the Southern District of New York approved the Stipulation, which provides, among other things, that the Stipulation shall not become effective unless and until this Court enters an order approving the settlement of the Class

ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT OF CLASS CLAIM
FILED IN THE SIPA LIQUIDATION OF
LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP

Claim on the terms and conditions set forth in the Stipulation (*see* Stipulation ¶ 2) and that to permit this Court to entertain the approval motion, upon Bankruptcy Court Approval, "the automatic stay pursuant to section 362(a) of the Bankruptcy Code and the LBI Liquidation Order shall be modified solely to the extent necessary to permit Claimant to seek and obtain District Court Approval of the settlement of the Class Claim . . .." (Stipulation ¶ 5);

WHEREAS, in its Order on Class Certification dated October 12, 2010 (ECF No. 759), this Court certified the Action to proceed as a class action;

WHEREAS, Brockton has made a motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and providing for notice to the Class as more fully described herein; and

WHEREAS, the Court has read and considered the Stipulation, the Notice of Proposed Settlement of Class Claim Filed in the SIPA Liquidation of Lehman Brothers Inc. (the "Notice") (Exhibit 1 hereto), the Summary Notice of Proposed Settlement of Class Claim Filed in the SIPA Liquidation of Lehman Brothers Inc. (the "Summary Notice") (Exhibit 2 hereto), the proposed Judgment Approving Settlement of Class Claim Filed in the SIPA Liquidation of Lehman Brothers Inc. ("Judgment") (Exhibit 3 hereto), the memorandum of law in support of preliminary approval of the Settlement, and all other papers and arguments made in connection therewith.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation and, if not defined in the Stipulation or herein, in the Stipulation and Agreement of Settlement with the Underwriter Defendants dated June 30, 2011 (ECF No. 874-2).

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                    2

2. The Court concludes that, in light of the extensive notice program undertaken in connection with the earlier settlements, the ample opportunity provided to Class Members to request exclusion from the Class at that time, and the fact that there would be no potential benefit to any Class Member who opts out (as the deadline for filing claims in the Lehman SIPA Proceeding has passed), the Court will exercise its discretion under Rule 23(e)(4) and will not provide Class Members with a second opportunity to exclude themselves from the Class in connection with this Settlement.

3. The Court preliminarily approves the Settlement, as reflected in the Stipulation, as fair, reasonable and adequate, subject to further consideration at the Settlement Hearing to be conducted as described below.

**Notice**

4. The Court approves the continued retention of Garden City Group LLC (formerly known as The Garden City Group, Inc.) ("GCG" or the "Administrator") to supervise and administer the provision of notice of the Settlement and the distribution of the net proceeds of the Settlement to eligible Authorized Claimants as ordered by the Court.

5. Lead Counsel, through the Administrator, shall disseminate notice of the Settlement, including notice of the Settlement Hearing, as follows:

(a) not later than 14 days after entry of this order, the Notice, substantially in the form attached hereto as Exhibit 1, shall be published on www.WashingtonMutualSecuritiesLitigationSettlement.com and on Lead Counsel's website, www.blbglaw.com, and the Summary Notice, substantially in the form attached hereto as Exhibit 2, to be published over the *PR Newswire* and shall be mailed directly to all Class

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                3

Members who or which (a) previously received a distribution from the settlement with the Underwriter Defendants (the "Underwriter Settlement") and cashed their distribution check or (b) are claimants with a Claim-in-Process or Disputed Claim that would be eligible for payment from the Underwriter Settlement if their claims are approved;

(b)   as provided in the Summary Notice, the Administrator shall mail or email a printed copy of the Notice to any Class Member who or which requests a copy prior to the Settlement Hearing; and

(c)   not later than 7 days prior to the Settlement Hearing, Lead Counsel shall serve on counsel for the SIPA Trustee and file with the Court proof, by affidavit or declaration, of such publication and dissemination of the Notice and the Summary Notice.

6.   The Court approves, as to form and content, the Notice and the Summary Notice and finds that the procedures established for the publication and dissemination of the Notice and the Summary Notice substantially in the manner and form set forth in paragraph 5 of this Order meet the requirements of Rules 23(e)(1) and 23(h)(1) of the Federal Rules of Civil Procedure, and due process, and constitute notice that is reasonable, under the circumstances, to apprise Class Members of the effect of the proposed Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; Class Members' right to object to the proposed Settlement and/or Lead Counsel's motion for fees and expenses; and their right to appear at the Settlement Hearing.

7.   The costs of providing notice and other related claims administration expenses shall be paid without further order of the Court from the net settlement funds applicable to the Securities

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                4

Act Losses or, if the proposed Settlement receives final Court approval, the funds received as a result of the Allowed Class Claim in the SIPA Proceeding.

**Hearing, Right to Be Heard**

8. The Court will hold a hearing (the "Settlement Hearing") on **January 15, 2016 at 9:00 a.m.** at the United States Courthouse, 700 Stewart Street, Courtroom 14206, Seattle, WA 98101, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and should be approved; (b) to determine whether Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses should be approved; (c) to determine whether a Judgment substantially in the form attached hereto as Exhibit 3 should be entered; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

9. The Court may reschedule the Settlement Hearing or modify the proposed Settlement on such terms as the parties may agree without further notice to the Class.

10. Brockton and Lead Counsel shall file papers in support of the Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses no later than 35 days prior to the Settlement Hearing; reply papers may be filed no later than 7 days prior to the Settlement Hearing.

11. Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and counsel for the SIPA Trustee, at the addresses set forth in paragraph 12 below, such that it is received no later than 21 days prior to

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                    5

1   the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not

2   enter an appearance will be represented by Lead Counsel.

3         12.    Any Class Member may file a written objection to the proposed Settlement and/or

4   Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and

5   appear and show cause, if he, she or it has any cause, why the proposed Settlement and/or Lead

6   Counsel's motion for fees and expenses should not be approved; *provided, however*, that no Class

7   Member shall be heard or entitled to contest the approval of the proposed Settlement and/or the

8   motion for attorneys' fees and reimbursement of expenses unless that person or entity has filed a

9   written objection with the Court and served copies of such objection on Lead Counsel and counsel

10  for the SIPA Trustee at the addresses set forth below such that it is received no later than 21 days

11  prior to the Settlement Hearing:

| **Lead Counsel** | **Counsel for the SIPA Trustee** |
|---|---|
| Hannah G. Ross, Esq.<br>BERNSTEIN LITOWITZ<br>   BERGER & GROSSMANN LLP<br>1285 Avenue of the Americas,<br>   38th Floor<br>New York, NY 10019 | Robert B. Funkhouser, Esq.<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY 10004 |

17        13.    Any objections, filings and other submissions by an objecting Class Member must

18  (a) state the name, address and telephone number of the person or entity objecting and must be

19  signed by the objector and (b) contain a statement of his, her or its objection, as well as the specific

20  reasons for each objection, including the legal and evidentiary support the Class Member wishes to

21  bring to the Court's attention.  In addition, if a person or entity who has not received a distribution

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP           6

payment in the Action submits an objection, he, she or it must include documents sufficient to show membership in the Class.

14.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlement or the requested attorneys' fees and expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement.

**Other Provisions**

15.     Any funds received as a result of the Allowed Class Claim in the SIPA Proceeding shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

17.     If the Stipulation is terminated, the Settlement is not approved or the Effective Date does not occur, this Order shall become null and void and be without prejudice to the rights of Brockton, the Class Members, and the SIPA Trustee, all of whom shall be restored to their respective positions in the Action and the SIPA Proceeding as set forth in the Stipulation.

SO ORDERED this 19th day of June, 2015.

Marsha J. Pechman
Chief United States District Judge

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                              7