UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE WASHINGTON MUTUAL, INC. SECURITIES LITIGATION,<br><br>This Document Relates to: ALL ACTIONS | No. 2:08-md-1919 MJP<br>Lead Case No. C08-387 MJP |

### JUDGMENT APPROVING SETTLEMENT OF CLASS CLAIM
### FILED IN THE SIPA LIQUIDATION OF LEHMAN BROTHERS INC.

WHEREAS, Plaintiff Brockton Contributory Retirement System ("Brockton" or "Claimant"), on behalf of itself and as a certified class representative in the above-captioned class action (the "Action"), and James W. Giddens (the "SIPA Trusteee"), as trustee for the liquidation of Lehman Brothers Inc. ("Lehman") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), have entered into a Stipulation and Order Regarding Proofs of Claim of Brockton Contributory Retirement System, *et al.* (No. 5765, as Amended by No. 6802, and 5762) and Limited Related Stay Relief dated March 20, 2015 (the "Stipulation"), that provides for, among other things, the resolution of the Class Claim in Lehman's SIPA liquidation proceeding, *In re Lehman Bros. Inc.*, Case No. 08-01420 (SCC) SIPA (Bankr. S.D.N.Y.) (the "SIPA Proceeding") on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, on April 7, 2015, the United States Bankruptcy Court for the Southern District of New York approved the Stipulation, which provides, among other things, that the Stipulation shall not become effective unless and until this Court enters an order approving the

JUDGMENT APPROVING SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP

settlement of the Class Claim on the terms and conditions set forth in the Stipulation (*see* Stipulation ¶ 2) and that to permit this Court to entertain the approval motion, upon Bankruptcy Court Approval, "the automatic stay pursuant to section 362(a) of the Bankruptcy Code and the LBI Liquidation Order shall be modified solely to the extent necessary to permit Claimant to seek and obtain District Court Approval of the settlement of the Class Claim . . .." (Stipulation ¶ 5);

WHEREAS, in its Order on Class Certification dated October 12, 2010 (ECF No. 759), this Court certified the Action to proceed as a class action;

WHEREAS, by Order dated June 19, 2015 (ECF No. 929) (the "Preliminary Approval Order"), this Court (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Class; and (iii) scheduled a hearing regarding final approval of the Settlement and related matters;

WHEREAS, notice of the hearing substantially in the form approved by the Court was published on the case website, www.WashingtonMutualSecuritiesLitigationSettlement.com, as well as on Lead Counsel's website and the Summary Notice was mailed in accordance with the Preliminary Approval Order and was published over the *PR Newswire*, pursuant to the specifications of the Court;

WHEREAS, the Court conducted a hearing on February 5, 2016 to consider, among other things, whether the terms and conditions of the Settlement are fair, reasonable and adequate and should be approved; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments

1  received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over Brockton and the SIPA Trustee (together, the "Settling Parties") and each of the Class Members.

2. This Judgment incorporates by reference the definitions in the Stipulation and the Stipulation and Agreement of Settlement with the Underwriter Defendants dated June 30, 2011 (ECF No. 874-2) (the "Underwriter Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation or the Underwriter Stipulation.

3. This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 29, 2015; and (b) the Notice of Proposed Settlement of Class Claim Filed in the SIPA Liquidation of Lehman Brothers Inc. (the "Notice") and the Summary Notice of Proposed Settlement of Class Claim Filed in the SIPA Liquidation of Lehman Brothers Inc. (the "Summary Notice"), both of which were filed with the Court on December 31, 2015.

4. The Court finds that the publication and dissemination of the Notice and the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonable, under the circumstances, to apprise Class Members of the effect of the proposed Settlement, Class Members' right to object to the proposed Settlement, and their right to appear at the Settlement Hearing; (c) constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (d)

JUDGMENT APPROVING SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                3

1  satisfied the requirements of Rule 23(e)(1) of the Federal Rules of Civil Procedure, the United

2  States Constitution (including the Due Process Clause), and all other applicable law and rules.

3   5. The Court finds that Brockton is a legal holder of the Class Claim on behalf of the

4  Class.

5   6. Pursuant to, and in accordance with, Rule 23(e) of the Federal Rules of Civil

6  Procedure, this Court hereby fully and finally approves the Settlement as set forth in the

7  Stipulation as fair, reasonable and adequate.

8   7. On the Effective Date, Brockton, on behalf of itself and as a certified class

9  representative on behalf of the Class, will have an allowed, general unsecured creditor claim

10  against the Lehman general estate in the SIPA Proceeding in the amount of $16,500,000.00 (the

11  "Allowed Class Claim") in respect of the Class Claim and this Allowed Class Claim shall

12  constitute the full and final settlement of any and all claims that Brockton asserted against the

13  Lehman estate under or in connection with the matters, transactions, and accounts that are the

14  subject of the Class Claim.  Brockton, on behalf of itself and as a certified class representative on

15  behalf of the Class, will receive proportionately the same in payments or distributions (including

16  with respect to the timing and type of payments or distributions) in respect of the Allowed Class

17  Claim as is generally received by holders of other allowed, general unsecured claims against the

18  Lehman estate.  Promptly after receiving notice of this Court's approval of the Settlement, the

19  SIPA Trustee shall cause the Lehman general creditor claims register to be updated to reflect the

20  Allowed Class Claim.

21   8. Except for the obligations under the Stipulation, on the Effective Date, Brockton,

22  on behalf of itself, its successors and assigns, and on behalf of any other party, person, or entity

claiming by, through or under it (the "Claimant Releasing Parties"), forever waives and releases (i) the Class Claim and Claim No. 5762 in the SIPA Proceeding (the "Claims"), and (ii) any and all claims, liabilities, causes of action, demands, and damages (of whatever kind or nature and whether known or unknown or asserted or unasserted) that the Claimant Releasing Parties may prior to the Effective Date have ever had, may at the Effective Date have, or at any time after the Effective Date can, could, shall, or may have against Lehman, its estate, the SIPA Trustee, and the SIPA Trustee's agents or attorneys, related to or arising out of any of the matters, transactions, and accounts that are the subject of the Claims.

9. If any Class Members have timely filed their own proofs of claim in Lehman's SIPA Proceeding, the Settlement does not bar, release or otherwise affect such claims.

10. The Court finds that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the Settlement.

11. The funds received as a result of the Allowed Class Claim in the SIPA Proceeding pursuant to the Settlement (less any attorneys' fees and litigation expenses approved by the Court, any Taxes that may be due on the recovered amounts, and the reasonable expenses of the Claims Administrator in providing notice of the Settlement and disseminating the Settlement funds) shall be allocated among Authorized Claimants who or which, pursuant to prior Order of the Court, have a continuing interest in the recovery from the Underwriter Defendants (*i.e.*, those Authorized Claimants who or which received or receive a distribution from the Underwriter Settlement and who or which are eligible for future distributions from the settlement funds

JUDGMENT APPROVING SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                5

obtained in the Action), based on their Securities Act Losses as calculated under the Plan of Allocation previously approved by the Court.

12. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) Class Members for all matters relating to the Action.

13. A separate order shall be entered regarding Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation to effectuate the Settlement that are not materially inconsistent with this Judgment. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. If the Effective Date does not occur, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

16. There is no just reason to delay entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

JUDGMENT APPROVING SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                    6

1  SO ORDERED this 5th day of February, 2016.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

#896597

JUDGMENT APPROVING SETTLEMENT OF
CLASS CLAIM FILED IN THE SIPA
LIQUIDATION OF LEHMAN BROTHERS INC.

Master No: 2:08-md-1919 MJP                7